**BEFORE THE**
**UNITED STATES JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE MOVEIT FILE TRANSFER SOFTWARE DATA SECURITY BREACH LITIGATION** | **MDL DOCKET NO.** |

**PLAINTIFF BRUCE BAILEY'S MOTION FOR TRANSFER AND CENTRALIZATION OF RELATED ACTIONS TO THE DISTRICT OF MINNESOTA PURSUANT TO 28 U.S.C. § 1407 FOR CONSOLIDATED PRETRIAL PROCEEDINGS**

Pursuant to 28 U.S.C. §1407 and Rule 6.2(e) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Plaintiffs Bruce Bailey, the named plaintiff in *Bailey v. Progress Software Corporation and Pension Benefit Information, LLC.* (Case No. 0:23-cv-2028, D. Minn., filed July 5, 2023) (the "*Bailey* Action") respectfully moves the Judicial Panel on Multi-District Litigation ("JPML") for an Order transferring and centralizing all Related Actions to the United States District Court for the District of Minnesota.

Transfer and centralization is appropriate because the Related Actions all involve Defendants Progress Software Corporation "(PSC") and/or Pension Benefit Information, LLC d/b/a PBI Research Services. ("PBI", collectively, with Defendant Ipswitch, Inc., "Defendants"). All Related Actions similarly allege that Defendants, who developed, market, or use for relevant purposes the MOVEit file transfer application, bear responsibility for a security breach of the data of more than 15 million persons whose information was stolen as part of a security breach by the Russian ransomware group CL0P between late May and early June 2023 (the "Data Breach"). To date, ten class action complaints have been filed alleging violations of common law and state consumer protection law resulting from the Data Breach (the "Related Actions").

1.      The Related Actions have been filed in a number of varying jurisdictions. Specifically:

    a.  In the Eastern District of Louisiana:

       *Berry v. Progress Software Corporation* (Case No. 2:23-cv-2089, E.D. La., filed June 15, 2023)

       *McAdam v. Progress Software Corporation* (Case No. 2:23-cv-2295, E.D. La., filed June 30, 2023)

    b.  In the District of Massachusetts:

       *Diggs et al. v. Progress Software Corporation* (Case No. 1:23-cv-11370, (D. Mass., filed October June 20, 2023)

       *Pipes v. Ipswitch, Inc., et al.* (Case No. 1:23-cv-11394, D. Mass., filed June 21, 2023)

       *Guillory-Caillier et al. v. Progress Software Corporation* (Case No. 1:23-cv-11417, D. Mass., filed June 23, 2023)

       *Tenner v. Progress Software Corporation* (Case No. 1:23-cv-11412, D. Mass., filed June 23, 2023)

       *Anastasio v. Progress Software Corporation et al.* (Case No. 1:23-cv-11442, D. Mass., filed June 28, 2023)

    c.  In the District of Minnesota:

       *Bailey v. Progress Software Corporation et al.* (Case No. 0:23-cv-2028, D. Minn., filed July 5, 2023)

    d.  In the Central District of California:

       *Ortega et al. v. Progress Software Corporation et al.*, Case. No. 2:23-cv-5301 (C.D. Cal., filed July 3, 2023)

    e.  In the Northern District of California:

       *Berry et al. v. Pension Benefit Information, LLC* (Case No. 4:23-cv-3297 (N.D. Cal., filed June 30, 2023)

2.      The Related Actions involve one or more common questions of fact, including:

a.  whether Defendants violated state common laws by failing to properly secure the sensitive personal information ("SPI") of the various Plaintiffs and the putative Classes

b.  whether Defendants breached their contracts with various entities who entrusted Defendants with Plaintiffs' and members of the putative Classes as third-party beneficiaries of those contracts by failing to secure the SPI of Plaintiffs and the putative Classes;

c.  whether the proposed putative Classes should be certified under the Federal Rules of Civil Procedure;

d.  whether the conduct of Defendants caused injury to Plaintiffs and members of the putative Classes; and

e.  the measure and amount of damages sustained by Plaintiffs and other members of the putative Classes.

3.      Centralization of the Related Actions will prevent conflicting pretrial rulings, and conserve judicial resources on identical pre-trial issues including those on the pleadings, merits discovery, expert discovery, and trial preparation issues. In particular, the pleading and discovery conducted in each of the Related Actions will likely be very similar, and will likely involve many of the same or similar documents and witnesses.  There have been no discovery or initial disclosures made to date, and, as of this writing, counsel for Defendants have not appeared, and no Answer date has yet occurred, so no prejudice will result from the transfer and consolidation of all ten cases.

4.      The United States District Court for the District of Minnesota is the most appropriate forum for centralization of the Related Actions, including but not limited to the following reasons:

a.  the District of Minnesota is the home forum for Defendant PBI;

b.  the District of Minnesota is the most centrally-located forum for all the Related Actions;

   c. a significant portion of the alleged conduct occurred in the District of Minnesota;

   d. the District of Minnesota is an easy venue for all Parties to reach and judges in this District have familiarity with both MDL actions and with the types of cases at issue; and

   e. The principles of judicial efficiency support centralization of the Related Actions in the District of Minnesota.

WHEREFORE, Movant respectfully requests that the Panel centralizes the actions set forth in the Scheduled of Related Actions filed herewith, as well as any tag-along actions or other cases such as may be subsequently filed asserting related or similar claims in the United States District Court for the District of Minnesota.

Respectfully submitted,

Dated July 6, 2023

/s/ Carl V. Malmstrom
Carl V. Malmstrom
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC**
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Tel: (312) 984-0000
Fax: (212) 686-0114
malmstrom@whafh.com

*Attorney for Plaintiff Bruce Bailey*