**BEFORE THE
UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE MOVEIT FILE TRANSFER SOFTWARE DATA SECURITY BREACH LITIGATION** | **MDL DOCKET NO.** |

**PLAINTIFF BRUCE BAILEY'S MEMORANDUM IN SUPPORT OF
MOTION FOR CENTRALIZATION AND TRANSFER OF
RELATED ACTIONS TO THE DISTRICT OF MINNESOTA PURSUANT TO
<u>28 U.S.C. § 1407 FOR CONSOLIDATED PRETRIAL PROCEEDINGS</u>**

Plaintiff Bruce Bailey ("Plaintiff"), by and through his undersigned counsel, respectfully submits this Memorandum in Support of Transfer and Centralization the District of Minnesota Pursuant to 28 U.S.C. § 1407. The undersigned plaintiff respectfully moves that all Related Actions be transferred to a common jurisdiction, and that the common jurisdiction be the District of Minnesota, where U.S. District Judge Katherine Menendez has the first-filed action in the District of Minnesota.

As detailed below, compelling logistical reasons justify transfer to the District of Minnesota. With cases filed on three coasts, the District of Minnesota is easily the most centrally-located of the forum districts. Further, Defendant Pension Benefit Information, LLC ("PBI") is headquartered in Minneapolis, the heart of the District of Minnesota, meaning that key witnesses and documents are likely to be found there. The District of Minnesota is one of the least-congested districts in the United States. Lastly, it is a major air hub and international business destination, so travel to and from the District of Minnesota, when needed, is easily accomplished.

## I. INTRODUCTION AND BACKGROUND

There are currently ten actions pending in five federal judicial district courts (hereinafter, the "Related Actions") throughout the nation against Defendants PBI, Progress Software Corporation ("PSC"), and /or Ipswitch, Inc. ("Ipswitch"). All of the cases assert similar claims arising from a common nucleus of operative facts, that a recent hack and exfiltration of sensitive personal information from the MOVEit file transfer application, owned by PSC, developed by Ipswitch (a wholly-owned subsidiary of PSC), and controlled, for the purposes of these actions by PBI, by the Russian ransomware group CL0P led to a breach of data of the SPI of more than 17.5 million people (and counting).

.

## II. ARGUMENT

### A. Transfer of the Actions for Consolidation and Coordination Is Appropriate Under 28 U.S.C. § 1407.

The Panel should transfer and consolidate these cases in a single district because: (1) the Related Actions involve numerous common questions of fact and law; and (2) consolidation will be for the convenience of the parties and witnesses, and will promote the just and efficient conduct of this litigation. See 28 U.S.C. §1407. The purpose of the multidistrict litigation process is to "eliminate duplicative discovery, prevent inconsistent pretrial rulings on class certification and other issues, and conserve the resources of the parties, their counsel, and the judiciary." *See In re Folgers Coffee Mktg. & Sales Practices Litig.,* MDL No. 2984, 2021 U.S. Dist. LEXIS 63657, at *2 (J.P.M.L. Apr. 1, 2021) (consolidating five putative class actions alleging defendant engaged in deceptive advertising and marketing practices with respect to labeling of coffee products).

This Panel has transferred and centralized a host of cases involving data security breaches. *See In re T-Mobile 2022 Customer Data Security Breach Litig.*, 2023 WL 3829244 (J.P.M.L. 2023) (consolidating eleven actions across eight districts involving a data security breach of T-Mobile); *In re KeyBank Customer Data Security Breach Litig.* 2023 WL 1811824 (J.P.M.L. 2023) (consolidating ten actions across at least three districts involving a data security breach of Key Bank); *In re Samsung Customer Data Security Breach Litigation*; 2023 WL 1811247 (J.P.M.L. 2023) (consolidating nine actions across four districts involving a data security breack of Samsung).

Here, each of the actions arise from defendants' security practices as they involve the MOVEit file transfer application. Each complaint alleges that Defendants' practices either violate common law or state data privacy laws. Thus, these cases will benefit from coordinated or consolidated pretrial proceedings through a multidistrict litigation.

### B. The District of Minnesota Is The Most Appropriate Transferee Forum.

The selection of an appropriate transferee forum depends greatly on the specific facts and circumstances of the litigation being considered for consolidation. The decision involves a "balancing test based on the nuances of a particular litigation" that considers several factors. *See* Robert A. Cahn, *A Look at the Judicial Panel on Multidistrict Litigation*, 72 F.R.D. 211, 214 (1977).

Here, the District of Minnesota is the most appropriate venue because: (1) Minnesota is the headquarters of Defendant PBI, whose documents and witnesses will be critical to the litigation; (2) it is a convenient forum located centrally between all cases filed to date, and because of the ease of direct travel for the parties' counsel; (3) it has the resources and the subject matter experience that this litigation will require.

### 1. The Key Factor for Transfer Should be the Presence of Defendant PBI

In proposed MDLs centered on data security breaches, the Panel has often ruled that the single most important factor in deciding where to send the MDL is the presence of key documents and witnesses. For example, in *Samsung*, this Panel held that "Defendant has its headquarters in New Jersey, where common witnesses and other evidence likely will be found." *In re Samsung Customer Data Security Breach Litigation*; 2023 WL 1811247 at *2. See also, *In re Blackbaud, Inc., Customer Data Security Breach Litigation*, 509 F.Supp.3d 1362, 1364 (J.P.M.L. 2020) ("Blackbaud has its headquarters in South Carolina. Thus, common witnesses and other evidence likely will be located in this district.")

4

## 2. The District of Minnesota is Centrally Located for all Related Actions.

The Related Actions are pending in California, Lousiana, Massachusetts, and Minnesota. Minnesota is easily the most centrally located of all these locations, and Minneapolis possesses both an international airline hub, but is also an international business headquarters, making travel to and from the Twin Cities easy and convenient. Further, the District of Minnesota has extensive MDL experience, with five pending MDLs.

Additionally, the District of Minnesota has one of the least-congested dockets in the country. It has an average civil filing-to-disposition time of 6.2 months, which is well ahead of Massachusetts (10.8), the Northern California (7.5), and Eastern Louisiana (a stunning 68.9 months).[1] Further, Minnesota, has by far the smallest number of cases over three years old, at a mere 3.3 percent.[2]

## 3. CONCLUSION

For the reasons set forth herein, the undersigned respectfully request that this Panel transfer the Related Actions listed in the attached Schedule of Actions, as well as all subsequently filed related actions, to the District of Minnesota for coordinated and consolidated pretrial proceedings.

Dated: July 6, 2023                              Respectfully submitted,

*/s/Carl V. Malmstrom*
Carl V. Malmstrom
**WOLF HALDENSTEIN ADLER**
 **FREEMAN & HERZ LLC**
111 W. Jackson Blvd., Suite 1700
Chicago, IL 60604
Tel: (312) 984-0000
Fax: (212) 686-0114
malmstrom@whafh.com

---

[1] https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distcomparison0331.2023.pdf, last accessed July 6, 2023.
[2] *Id.*