## BEFORE THE
## UNITED STATES JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

IN RE: MOVEIT FILE TRANSFER
SOFTWARE DATA SECURITY        *        MDL NO. 3083
BREACH LITIGATION             *
                              *
                              *

### INTERESTED PARTY PLAINTIFF ANNIE MCADAM'S RESPONSE
### AND MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER RELATED CASES
### FOR CENTRALIZED PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C § 1407

**COMES NOW**, Plaintiff, **ANNIE M. McADAM** (hereinafter "Plaintiff"), by and through undersigned counsel, and respectfully submits this Interested Party Response in support of Movant Bruce Bailey's Motion for Centralization pursuant to 28 U.S.C. §1401. Plaintiff's case is pending in the United States District Court for the Eastern District of Louisiana before the Honorable United States District Judge Susie Morgan.[1]

For the reasons set forth herein, Plaintiff joins in only the arguments of the Movant for centralized litigation pursuant to 28 U.S.C. § 1407. The Actions assert the same or similar claims based on common factual allegations and will involve common legal theories. Centralized or coordinated pretrial treatment under § 1407 will assist the parties and the courts in avoiding duplicative rulings on common issues of both fact and law in dispute, promote just and efficient resolution of the litigation, and serve the convenience of the parties, the witnesses, counsel, and the court. Plaintiff supports transfer and centralization of all actions claiming injury, economic loss, equitable and injunctive relief regarding the adverse consequences caused by the data breach of the MOVEit applications.

---

[1] *McAdam v. Progress Software Corporation*, 23-cv-2295-SM-DPC (ED, LA).

Centralization is appropriate where common questions of fact and law are shared among all cases sought to be centralized, as they are here. However, Plaintiff disagrees with Movant as to the appropriate venue for the litigation.

Although Plaintiff joins in the centralization arguments of Movant it does not agree with or support Movant's arguments for centralization in the District Court of Minnesota. Rather, Plaintiff respectfully submits that the most appropriate venue for this litigation is the United States District Court for the Eastern District of Louisiana, before the Honorable Susie Morgan. In support, Plaintiff respectfully submits that 1) the Eastern District of Louisiana is a convenient and accessible venue; 2) the two cases pending in the Eastern District of Louisiana have been assigned to Judge Susie Morgan; 3) Judge Morgan is an exceptional and experienced jurist, having taken the bench in 2012 she has presided over many complex matters; 4) Louisiana has a significant interest in this litigation as one of the most publicized breaches affects the Louisiana Office of Motor Vehicles, where names, social security numbers, addresses and birth dates of almost all Louisiana residents were compromised in the data breach.[2]

Plaintiff respectfully requests that the Panel consolidate and transfer all federal actions regarding the MOVEit File Transfer Software Data Security Breach to the United States District Court for the Eastern District of Louisiana or in the alternative to the United States District Court for Massachusetts.

## I. INTRODUCTION and BACKGROUND

There are currently twelve (12) actions (hereinafter the "Related Actions") pending in five federal judicial district courts in four states--Louisiana, Massachusetts, California, and Minnesota, naming as defendants Progress Software Corporation ("PSC") and/or Ipswitch, Inc. ("Ipswitch")

---

[2] https://www.nola.com/news/6-million-records-exposed-in-global-louisiana-omv-breach/article_75a998c8-0c56-11ee-888a-cfc4ab2d3d31.html (last viewed July 10, 2023).

and/or Pension Benefit Information, LLC ("PBI") (also hereinafter collectively as "Defendants"). These actions assert similar claims arising from a common set of facts and circumstances concerning a recent data breach affecting tens of millions of individuals which exposed and otherwise compromised personal information including social security numbers from MOVEit file transfer applications owned by PSC, developed by Ipswitch (a wholly owned subsidiary of PSC), and PBI, because of a hack by CLOP a well-known Russian ransomware gang.

More specifically, on or about May 31, 2023, Defendant PSC posted a notice on its website stating it had discovered an SQL injection vulnerability related to its MOVEit Transfer and MOVEit Cloud file transfer services resulting from a breach in its network and systems that a well-known Russian cybergang, Clop may have been exploiting as far back as 2021.[3] In PSC's website notice, it states that the vulnerability in the MOVEit Transfer and Cloud web application resulting from the data breach "could lead to escalated privileges and potential unauthorized access to the environment.

## II. ARGUMENT

### A. Transfer and Centralization Pursuant to 28 U.S.C §1407 (a) is Appropriate.

Under Title 28, Section 1407, the Panel considers the following three factors when determining whether to authorize transfer and consolidation of multidistrict actions: (1) one or more common questions of fact are pending in different districts; (2) a transfer would serve the convenience of parties and witnesses; and (3) a transfer would promote the just and efficient conduct of the actions. 28 U.S.C. § 1407(a). *see also In re: Neomedic Pelvic Repair Sys. Products Liab. Litig.*, 999 F. Supp. 2d 1371, 1372 (J.P.M.L. 2014) (finding that centralization is appropriate

---

[3] See https://community.progress.com/s/article/MOVEit-Transfer-Critical-Vulnerability-31May2023 (last visited on June 26, 2023). *See also* Sean Lyngaas, Exclusive: US Government Agencies Hit in Global Cyberattack, CNN (June 15, 2023), https://www.cnn.com/2023/06/15/politics/us-government-hit-cybeattack/index.html.

where it "will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel, and the judiciary"); *In re: Lipitor (Atorvastatin Calcium) Mktg., Sales Practices & Prods. Liab. Litig. (No. II)*, 997 F. Supp. 2d 1354, 1357 (J.P.M.L. 2014) (same).

The Related Actions before the JPML present common questions as they all stem from the same core nucleus of facts, to-wit, millions of individuals whose personal information was being transferred and/or stored and transferred using the MOVEit software applications was compromised by the data breach described above. Due to the almost identical core facts and injuries, the Related Actions, as well as those that certainly may follow, raise (or will raise) common questions of law and fact invoking the same legal arguments, and substantially similar damages.

Each of the Related Actions proposes a statewide or national class action alleging common questions including, but not limited to such topics as 1) the adequacy of Defendants' response to the data breach; 2) Defendants security procedures and practices; 3) Defendants compliance with laws, regulations, and industry standards; and 4) Defendants' legal duties regarding notice to those affected by the data breach. The defenses available in each of the current and future actions are similar if not identical regardless of where the claims are geographically filed. The Related Actions involve cases which fit the commonality concerns as set forth in the Manual for Complex Litigation. As these cases concern a key group of related Defendants, the same product, Moveit software application, the same injuries and damages which implicate the same or similar claims and defenses.

The transfer and consolidation of the Related Actions will promote efficiency and convenience for the parties and witnesses and promote judicial economy. National coordination of

discovery and other pre-trial efforts will prevent duplicative and potentially conflicting pre-trial rulings, reduce the costs of litigation, and allow cases to proceed more efficiently to trial. Moreover, consolidation will "eliminate duplicative discovery; prevent inconsistent pretrial rulings on *Daubert* issues and other pretrial matters; and conserve the resources of the parties, their counsel and the judiciary." *See, e.g., In re Eliquis (Apixaban) Prods. Liab. Litig.*, 282 F.Supp.3d 1354, 1356 (J.P.M.L. 2017); *see also In re MLR, LLC, Patent Litig.*, 269 F.Supp.2d 1380, 1381 (J.P.M.L. 2003) (noting that consolidation before a "single transferee judge" allows for consideration of "all parties' legitimate discovery needs while ensuring that common parties and witnesses are not subjected to discovery demands which duplicate activity that has already occurred or is occurring in other actions.").

> B. **The Eastern District of Louisiana, or In the Alternative the District of Massachusetts, are the Most Appropriate Transferee Venues.**

Once the JPML decides centralization is appropriate, it must decide which forum is the most suitable for centralization. Plaintiff respectfully requests that the Panel transfer all Related Actions to the United States District Court for the Eastern District of Louisiana for centralized pretrial proceedings before the Honorable Judge Susie Morgan.

Louisiana has a special interest in the prosecution of this litigation. One of the most widely publicized entities affected by the data breach was the Louisiana Office of Motor Vehicles, where names, social security numbers, addresses and birth dates of almost all Louisiana residents were compromised in the data breach. In fact, Plaintiff McAdam is a resident of Jefferson Parish, Louisiana, the Plaintiff in Related Action *Berry v. Progress Software Corporation*, 2:23-cv-2089, also filed in the Eastern District of Louisiana, is a resident of Orleans Parish, Louisiana, the three Plaintiffs in Related Action *Diggs, et al. v. Progress Software*, 1:23-cv-11370 and the two Plaintiffs in Related Action *Guillory-Caillier, et al. v. Progress Software Corporation*, 1:23-cv-11417, as

well as the Plaintiff in Related Action *Pipes v. Ipswitch, Inc., et al.*, 1:23-cv-11394, and the Plaintiff in Related Action *Tenner v. Progress Software Corporation*, 1:23-cv-11412 are all Louisiana residents. By far the majority of Related Actions directly concern Louisiana residents, including those residing within the Eastern District of Louisiana.

The MDL Panel has concluded on several occasions that the United States District Court for the Eastern District of Louisiana is an appropriate forum for hearing complex litigation because of its expertise in handling these matters. As such, the judges in the Eastern District of Louisiana are familiar with successfully managing multidistrict litigations. See *In Re: Taxotere (Docetaxel) Eye Injury Product Liability Litigation*, MDL 3023; *In Re: Taxotere (Docetaxel) Product Liability Litigation*, MDL 2740; *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*, MDL 2592; *In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico*, on April 20, 2010, MDL 2179; *In re: Pool Products Distribution Market Antitrust Litigation*, MDL 2328; *In Re: Chinese Manufactured Drywall Products Liability Litigation*, MDL 2047; *In Re: Vioxx Marketing, Sales Practices and Products Liability Litigation*, MDL 1657; *In Re: Life Insurance Company of Georgia Industrial Life Insurance Litigation*, MDL 1390; and *In Re: DirecTech Southwest Inc., Fair Labor Standards Act (FLSA) Litigation*, MDL 1984.

As the Panel has recognized, judges in the Eastern District of Louisiana have many assets at their disposal, which include magistrate judges and a clerk's office accustomed to handling large MDLs. *In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 731 F. Supp. 2d 1352, 1356 (J.P.M.L 2010). This of course includes Judge Morgan. Moreover, the Eastern District of Louisiana has shown on many occasions that it is able to handle its docket efficiently.

The United States District Court for the Eastern District of Louisiana is a particularly convenient forum for litigation after consolidation of these Related Actions. New Orleans is easily accessible by plane and is served by the new Louis Armstrong New Orleans International Airport which opened in November 2019. It presently services sixteen (16) airlines including, Air Canada, Alaska Airlines, Allegiant Air, American Airlines, Breeze Airways, British Airways, Delta Air Lines, Frontier Airlines, JetBlue, Silver Airways, Southwest Airlines, Spirit Airlines, Sun Country Airlines, United Airlines and Vacation Express[4], with fifty (50) non-stop destinations[5]. The courthouse is approximately fifteen (15) miles from the airport. Additionally, this Panel has found New Orleans to be centrally located for purposes of MDL litigation. See *In Re: Propulsid Liab. Litig., No. 1355, 2000 WL 35621417*, at *2 (J.P.M.L. Aug. 7, 2000).

In the alternative, Plaintiff respectfully requests centralization of the Related Actions in the United States District Court for the District of Massachusetts before the Honorable Nathaniel M. Gorton where most cases are filed. Defendant PSC is located in this District, thus many of the witnesses and documents may also be located in this District. Judge Gorton is an experienced MDL jurist familiar to the Panel.

I. **CONCLUSION**

For the reasons emphasized above, the Interested Party Plaintiff respectfully submits that consolidation of all Related Actions for pretrial proceedings and transfer of the same to the Eastern District of Louisiana is appropriate. Moreover, the Honorable Susie Morgan is well-suited and qualified to preside over this MDL. Thus, Plaintiff respectfully request that this Panel transfer the pending Related Actions, and all subsequently filed tag along cases to the Eastern District of Louisiana for consolidated or coordinated pretrial proceedings.

---

[4] https://flymsy.com/airlines/
[5] https://flymsy.com/nonstop-flights/

Alternatively, Plaintiff supports consolidation of Related Actions in the United States District Court for the District of Massachusetts before the Honorable Nathaniel M. Groton.

DATE: July 11, 2023

      /s/ James R. Dugan, II

**JAMES R. DUGAN, II** (LSBA 24785)
**DAVID S. SCALIA** (LSBA 21369)
**TERRIANNE BENEDETTO***
**GLENN E. MINTZER** (24170)
THE DUGAN LAW FIRM, APLC
365 Canal Street
One Canal Place, Suite 1000
New Orleans, Louisiana 70130
Telephone: (504) 648-0180
Facsimile: (504) 648-0181
jdugan@dugan-lawfirm.com
dscalia@dugan-lawfirm.com
tbenedetto@dugan-lawfirm.com
gmintzer@dugan-lawfirm.com

*(Licensed in PA, NJ, and NY only

*Attorneys for Plaintiff*