# BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION<br><br>This document relates to:<br><br>Yourglich v. Pension Benefit Information LLC, et al., S.D. California, 3:23-02034 | MDL No. 3083 |

## NOTICE OF MOTION AND MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-23)

Pursuant to 28 U.S.C. § 1407, Plaintiff Brad Yourglich ("Plaintiff") hereby moves the Judicial Panel on Multidistrict Litigation ("JPML") to vacate Conditional Transfer Order (CTO-23) with respect to the following case: *Yourglich v. Pension Benefit Information LLC, et al.*, S.D. California, 3:23-02034.

Date: December 29, 2023

Respectfully submitted,

By: /s/Cory M. Teed

Cory M. Teed, Esq.
Golden & Cardona-Loya, LLP
3130 Bonita Road, Suite 200B
Chula Vista, CA 91910
Telephone: (619) 476-0030
cory@goldencardona.com

Attorneys for Plaintiff Brad Yourglich

# BRIEF IN SUPPORT OF MOTION TO VACATE CONDITIONAL TRANSFER ORDER (CTO-23)

## I. INTRODUCTION

Plaintiff Brad Yourglich ("Plaintiff") pursuant to Rule 7.1(f) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, submits this Brief in support of his Motion to Vacate Conditional Transfer Order (CTO-23) as it relates to the matter of *Yourglich v. Pension Benefit Information LLC, et al.*, S.D. California, 3:23-02034 ("*Yourglich* Action").

## II. STATEMENT OF FACTS

The personal information data of Plaintiff was exposed as a result of a data breach involving Defendant Pension Benefit Information, LLC ("Defendant"); the personal information included names, date of births, addresses, and social security numbers (the "Data Breach"). Defendant did not timely notify Plaintiff that his personal identifying information was part of this breach. Defendant alleges it became aware of the Data breach on or about May 31, 2023. On or about July 21, 2023, Defendant sent Plaintiff correspondence regarding the Data Breach and notifying him that his personal identifying information was involved in the Data Breach, including but not limited to, his name, date of birth, address, and social security number.

Plaintiff suffered emotional distress as a result of Defendant's exposure of his personal information and faces the prospect of identity thieves wrongfully using his personal information in the future. As a result of Defendant's negligence, Plaintiff's personal identifying information is exposed to criminals for the remainder of Plaintiff's life. This information can be used to open accounts, take out loans, and/or obtain other goods and services in Plaintiff's name. It can also be used to access Plaintiff's email accounts, online accounts, financial accounts, and other sensitive data. Plaintiff must now and indefinitely closely monitor his financial and other accounts against fraud.

### III. PROCEDURAL HISTORY

On October 2, 2023, Plaintiff filed this case against Defendant in the Superior Court of California, County of San Diego, entitled, *Brad Yourglich v. Pension Benefit Information, LLC, et al.*, Case No. 37-2023-00042578-CL-NP-CTL as a limited civil case. For a limited civil case in California Courts the amount in controversy does not exceed $25,000. Cal. Code Civ. Proc. §85. Limited civil cases provide more streamlined procedures, limit discovery, allow testimony by declaration, and are designed to be cost efficient and time-saving. Plaintiff deliberately chose to file within the limited civil jurisdiction to keep costs manageable.

Plaintiff's Complaint alleged only state causes of action for violations of the California Customer Records Act, Cal. Civil Code §1798.80, *et seq*. ("CRA"); California Consumer Privacy Act, Cal. Civil Code §1798.100 *et seq*. ("CPA"); and negligence.

Defendant removed the case on November 3, 2023 to the United States District Court, Southern District of California, Case No. 3:23-cv-02034. On December 7, 2023, Defendant filed a Notice of Potential Tag-Along Actions. JPML Dkt. No. 559. On December 13, 2023, the JPML issued a Conditional Transfer Order (CTO-23). The JPML now will consider whether consolidation of this case is appropriate.

### IV. ARGUMENT

"A transfer under Section 1407 is, in essence, a change of venue for pretrial purposes." *In re FMC Corp. Patent Litig.*, 422 F. Supp. 1163, 1165 (J.P.M.L. 1976). To ascertain whether transfer is appropriate, the Panel asks first "whether the litigation involves 'one or more common question of fact.'" *In re Air Crash Disaster at Greater Cincinnati Airport on November 20, 1967*, 298 F. Supp. 353, 354 (J.P.M.L. 1968) (quoting 28 U.S.C. § 1407(a)). If there exists one or more common questions of fact, then the Panel "may" transfer the action, see 28 U.S.C. § 1407(a),

but before exercising that discretion, "the Panel must make an affirmative determination that the transfer 'will be for the convenience of parties and witnesses and will promote the just and efficient conduct' of that action." *In re Library Editions of Children's Books*, 299 F. Supp. 1139, 1142-43(J.P.M.L. 1969) (quoting 28 U.S.C. § 1407(a)).

A conditional transfer order "is simply an administrative act of the Clerk which can be and will be vacated upon the showing of good cause by any party." *In re Grain Shipments*, 319 F. Supp. 533, 534 (J.P.M.L. 1970). "Centralization also must promote the just and efficient conduct of the actions." *In re Hartford COVID-19 Bus. Interruption Prot. Ins. Litig.*, 493 F. Supp. 3d 1358, 1360 (J.P.M.L. 2020). Transfer of the *Yourglich* Action to the MDL does not meet this standard.

A. <u>Plaintiff's Action Has Been Commenced in the Proper Court and No Common Discovery Exists as Plaintiff's Injuries Are Unique to Him as an Individual.</u>

Plaintiff selected San Diego County, California as the proper venue as it is the county of his residence, and the location where the violations were discovered. Plaintiff's Complaint further only alleged California state causes of action for violations of the California Customer Records Act, Cal. Civil Code §1798.80, *et seq*. ("CRA"); California Consumer Privacy Act, Cal. Civil Code §1798.100 *et seq.* ("CPA"); and negligence.  The injuries and damage to Plaintiff and his personal identifying information occurred in San Diego County, California.  All violations applicable in Plaintiff's Complaint were discovered by Plaintiff in San Diego County, California.  Plaintiff's claims are for injury to person and the injury occurred while Plaintiff resided in San Diego County, California.  As such, San Diego County, California is proper venue.

When "there is little potential for common discovery across litigation," the JPML generally denies centralizing those cases. *In re COVID-19 Bus. Interruption Prot. Ins. Litig.*, 482 F. Supp. 3d 1360, 1362 (J.P.M.L. 2020). *See, e.g., In re Certain*

*Underwriters at Lloyd's, London, COVID-19 Bus. Interruption Prot. Ins. Litig.*, 492 F. Supp. 3d 1355 (J.P.M.L. 2020) (denying to transfer an additional case to the MDL court because centralization would complicate pretrial management); *In re Eli Lilly & Co. (Cephalexin Monohydrate) Pat. Litig.*, 446 F. Supp. at 244 ("Although we recognize the existence of common questions of fact … movants have not met their burden of convincing us that those common factual questions are sufficient complex or that the accompanying discovery will be so time consuming as to justify transfer under Section 1407."); *In re Qwest Commc'ns Int'l, Inc., Sec. & "Erisa" Litig.*, 395 F. Supp. 2d at 1361 (noting "alternatives to transfer exist that can minimize whatever possibilities there might be of duplicative discovery"); *see also In re Ameriquest Mortg. Co. Mortg. Lending Practices Litig.*, 542 F. Supp. 2d 1357, 1358 (J.P.M.L. 2008) (vacating conditional transfer order where action required "unique discovery and other pretrial proceedings").

The injuries and damage to Plaintiff and his personal identifying information are unique to him.  As such, Plaintiff's damages do not call for common discovery across litigation.  Although there are some common questions of fact as to the data breach, the issues are not complex and the accompanying discovery will not be so time consuming to justify a transfer under Section 1407.

2. The Transfer Is Not Convenient for All Parties and Witnesses.

Transfer to the District of Massachusetts is not convenient for Plaintiff, Plaintiff's witnesses, or Plaintiff's counsel.  Plaintiff's action was properly filed in San Diego County, California where he resides.  Plaintiff, Plaintiff's witnesses, and Plaintiff's counsel will be burdened by having to appear at potential hearings and trials where they do not reside.  This burden includes travel of an individual Plaintiff, in addition to any witnesses, who need to appear at any hearings or trial. Plaintiff also has no connection to Massachusetts, and it would be inconvenient for him to be a party to an action here as his Complaint only alleges California causes of action. California Courts are best suited to oversee a case with only California

causes of action. Plaintiff should not be disadvantaged by the JPML in order to provide a more convenient location for Defendant and its counsel. Finally, Plaintiff filed this as a limited civil jurisdiction case in order to expedite his case. He did not claim more than $25,000 in damages. Transferring his case to a multi-district panel in Massachusetts will significantly delay justice and undermine Plaintiff's choice in selecting an expedited procedure initially.

## V. CONCLUSION

For all of the foregoing reasons, Plaintiff Brad Yourglich respectfully requests that the JPML vacate the Conditional Transfer Order designated as CTO-23 as it relates to the matter of *Yourglich v. Pension Benefit Information LLC, et al.*, S.D. California, 3:23-02034.

Date: December 29, 2023            Respectfully submitted,

                                   By: /s/Cory M. Teed

                                   Cory M. Teed, Esq.
                                   Golden & Cardona-Loya, LLP
                                   3130 Bonita Road, Suite 200B
                                   Chula Vista, CA 91910
                                   Telephone: (619) 476-0030
                                   cory@goldencardona.com

                                   Attorneys for Plaintiff Brad Yourglich