**BEFORE THE**
**UNITED STATES JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

IN RE:  **MOVEIT CUSTOMER DATA** )
       **SECURITY BREACH** )       **MDL NO. 3083**
       **LITIGATION** )

**JOINT RESPONSE OF INTERESTED PARTIES,**
**VINCENT MITCHELL, SHAWNTESSA GUILLORY-CAILLIER, AND**
**SUSAN DEUTSCH, TO MOTION TO TRANSFER RELATED CASES FOR**
**CENTRALIZED PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407**

Interested Parties, VINCENT MITCHELL and SHAWNTESSA GUILLORY-CAILLIER,

Plaintiffs in *Vincent Mitchell and Shawntessa Guillory-Caillier v. Progress Software Corporation*,

pending in the United States District Court for the District of Massachusetts (Case No. 1:23-cv-

11417-FDS, D. Mass., filed June 23, 2023) (the "*Mitchell* Action"), and SUSAN DEUTSCH,

Plaintiff in *Susan Deutsch v. Progress Software Corporation* (Case No. 1:23-cv-11547-RGS, D.

Mass., filed July 11, 2023) ("*Deutsch* Action"), jointly, and by their respective counsel

(collectively, "*Miller & Deutsch* Plaintiffs"), respond to the Motion of Bruce Bailey, the named

plaintiff in *Bailey v. Progress Software Corporation and Pension Benefit Information, LLC* (Case

No. 0:23-cv-2028, D. Minn.) before the Judicial Panel on Multi-District Litigation ("JPML") to

centralize all Related Actions and transfer them to the United States District Court for the District

of Minnesota (MDL No, 3083, Dkt. No. ("DN") 1), respectfully stating as follows.

The *Mitchell & Deutsch* Plaintiffs support centralization of the presently eighteen (18)

Related Actions under 28 U.S.C. § 1407, as uniformly involving the data breach to Defendant,

PROGRESS SOFTWARE CORPORATION'S ("PSC") MOVEit cloud software, but respond that

the Court should transfer all to the **U.S. District Court for the District of Massachusetts, where**

**eight (8) of these Related Actions[1] are pending and where the core defendant, PSC, is located.**

---

[1] A Schedule of Actions is attached as **Exhibit A**

1

Centralization in and transfer to that District is the most convenient venue for the parties and the witnesses, and best promotes the just and efficient conduct of this case.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

The *Mitchell & Deutsch* Actions, and the Related Actions, all commonly arise from the May 28, 2023 data breach to PSC's MOVEit cloud software file transfer services, resulting in the unauthorized disclosure of the private, personal information (hereinafter, "PII") of *millions* of victims across the county ("Data Breach"). PSC is a Massachusetts software company offering products and services to government and corporate entities including the MOVEit cloud software, which sourced information from numerous third-parties, which was then stored on its systems, including from the Louisiana Office of Motor Vehicles (e.g., *Mitchell Action*, Complaint ¶¶ 1-8), and the California Public Employees' Retirement System ("CalPERS") or its third-party vendor, PBI Research Services/Berwyn Group ("PBI") (*Deutsch* Action, Compl. ¶¶ 1-8, 28), and others. On May 28, 2023, PSC was notified of a system vulnerability in its MOVEit cloud, and on May 31, 2023, posted a notice on its website confirming a recently discovered "SQL injection vulnerability" related to its MOVEit Transfer and MOVEit Cloud file transfer services resulting from a breach in its network and systems, on information and belief committed by the Clop ransomware cybercriminal gang (*see Mitchell* Action Compl. ¶¶ 7, 32, 34). Plaintiffs allege that Data Breach involved the unauthorized disclosure of the personal information of millions of individuals, plaintiffs and the proposed class members, e.g., their names, Social Security numbers, dates of birth, addresses, demographic information, driver's license numbers, vehicle registration numbers, and financial information (*Mitchell* Action, Compl. ¶ 2), and/or name, date of birth, Social Security Number, and the names of current and former employers, spouses, and children (*Deutsch* Action, Compl. ¶¶ 2, 35). These actions are unique in data breach cases in that the

affected consumers here had no relationship with PSC, and never consented to PSC collecting and storing their information. *Id*. ¶¶ 4. The *Mitchell & Deutsch* Action Plaintiffs, as with the vast majority of the Related Actions, allege that the Data Breach was caused by PSC's failures to implement adequately protect plaintiffs' and the class members' personal information data security measures (*Mitchell* Action, Compl. ¶¶ 13, 28, 69-79; *Deutsch* Action, Compl. ¶¶ 13, 28, 69-79). As a result of the Data Breach PSC permitted to occur, the *Mitchell & Deutsch* Plaintiffs, and the proposed Class Members—all individuals residing in the United States whose PII was compromised in the PSC Data Breach and MOVEit vulnerability—have suffered, or are at an increased risk of suffering, widespread injury and damages, including loss of the opportunity to control how their PII is used; diminution in value of their PII; compromise and continuing publication of their PII; out-of-pocket costs associated with the prevention, detection, recovery, and remediation from identity theft or fraud; lost opportunity costs and lost wages associated with the time and effort expended addressing and attempting to mitigate the actual and future consequences of the Data Breach; delay in receipt of tax refund monies; unauthorized use of stolen PII; and the continued risk to their PII, which remains in PSC's possession and is subject to further breaches so long as Defendant fails to undertake the appropriate measures to protect the PII (*Mitchell* Action, Compl. ¶¶ 60, 80; *Deutsch* Action, *Id*.).

On June 23, 2023, Plaintiffs Vincent Mitchell and Shawntessa Guillory-Caillier, on behalf of themselves, and the proposed Class Members, filed suit in the *Mitchell* Action against PSC in Massachusetts District Court, asserting causes of action for negligence, negligence *per se* for violations of the FTC Act, 15 U.S.C. § 45, breach of contract, unjust enrichment, invasion of privacy, and breach of fiduciary duty.[2] Thereafter, on July 11, 2023, Plaintiff Susan Deutsch filed

---

[2] The *Mitchell* Action Complaint, *Deutsch* Action Complaint, and the Related Action Complaint(s) are collectively attached as **Exhibit B**.

suit against PSC, in another putative class action, likewise asserting causes of action sounding in negligence, negligence *per se* for violations of the FTC Act, 15 U.S.C. § 45, breach of contract, unjust enrichment, invasion of privacy, and breach of fiduciary duty.

At this stage, as of July 26, 2023, eighteen (18) actions have been filed in connection with PSC's Data Breach, 3 of which also include PBI as a defendant with PSC, and 3 of which name PBI alone.[3] These Related Actions are set forth on the attached **Schedule of Actions**. Out of these, **eight (8) actions** are pending in the District of Massachusetts, the location of the core defendant, PSC: the instant *Mitchell* and *Deutsch Actions,* as well as *Diggs et al. v. Progress Software Corporation,* (Case No. 1:23-cv-11370, D. Mass., filed June 20, 2023); *Pipes v. Ipswitch, Inc., et al.* (Case No. 1:23-cv-11394, D. Mass., filed June 21, 2023); *Tenner v. Progress Software Corporation* (Case No. 1:23-cv-11412, D. Mass., filed June 23, 2023); *Anastasio v. Progress Software Corporation et al.* (Case No. 1:23-cv-11442, D. Mass., filed June 28, 2023); *Smith v.*

---

[3] *Vincent Mitchell and Shawntessa Guillory-Caillier v. Progress Software Corporation* (Case No. 1:23-cv-11417-FDS, D. Mass., filed June 23, 2023) (the "*Mitchell* Action"); *Susan Deutsch v. Progress Software Corporation* (Case No. 1:23-cv-11547-RGS, D. Mass., filed July 11, 2023) (the "*Deutsch* Action"); *Diggs et al. v. Progress Software Corporation,* (Case No. 1:23-cv-11370, D. Mass., filed June 20, 2023); *Pipes v. Ipswitch, Inc., et al.* (Case No. 1:23-cv-11394, D. Mass., filed June 21, 2023); *Tenner v. Progress Software Corporation* (Case No. 1:23-cv-11412, D. Mass., filed June 23, 2023); *Anastasio v. Progress Software Corporation et al.* (Case No. 1:23-cv-11442, D. Mass., filed June 28, 2023); *Smith v. Progress Software Corporation* (Case No. 1:23-cv-11580, D. Mass, filed July 14, 2023); *Reese et al. v. Ipswitch, Inc. et al.,* (Case No. 1:23-cv-11610, D. Mass., filed July 17, 2023); *Truesdale v. Progress Software Corporation et al.,* Case No. 1:23-cv-1913, D. Md; *Pulignani v. Progress Software Corporation et al.,* Case No. 1:23-cv-1912, D. Md.; *Berry v. Progress Software Corporation* (Case No. 2:23-cv-2089, E.D. La., filed June 15, 2023); *McAdam v. Progress Software Corporation* (Case No. 2:23-cv-2295, E.D. La., filed June 30, 2023); *Ellis et al. v. Pension Benefit Information, LLC et al*., Case No. 0:23-cv-2139 (D. Minn.); *Bailey v. Progress Software Corporation et al.* (Case No. 0:23-cv-2028, D. Minn., filed July 5, 2023); *Ortega et al. v. Progress Software Corporation et al.*, Case. No. 2:23-cv-5301 (C.D. Cal., filed July 3, 2023); *Cheng v. Pension Benefit Information, LLC, et al.,* Case No. 2:23-cv-05481 (C.D. Cal., filed July 7, 2023); *Berry et al. v. Pension Benefit Information, LLC* (Case No. 3:23-cv-3297 (N.D. Cal., filed June 30, 2023); *Acevedo v. Illinois Dept. of Innovation and Technology et al.* (Case No. 3:23-cv-3225, C.D. Ill., filed July 15, 2023).

*Progress Software Corporation* (Case No. 1:23-cv-11580, D. Mass, filed July 14, 2023).; and

*Reese et al. v. Ipswitch, Inc. et al.,* (Case No. 1:23-cv-11610, D. Mass., filed July 17, 2023).

## II. ARGUMENT OF LAW

### A. Transfer and Centralization Pursuant to 28 U.S.C. §1407 is Appropriate.

Under 28 U.S.C. § 1407(a), the JPML should transfer federal civil actions for pretrial coordination or consolidation where: (1) the cases involve "common questions of fact" (2) the transfer is convenient for the Case parties and witnesses; and (3) the transfer "promote[s] the just and efficient conduct of the cases." 28 U.S.C. § 1407(a). Generally, 28 U.S.C. § 1407 serves "to eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation costs, and save the time and effort of the parties, the attorneys, the witnesses, and the courts." Manual for Complex Litigation (Fourth) § 20.131 (2004) (citing *In re Plumbing Fixture Cases*, 298 F. Supp. 484 (J.P.M.L. 1968)); *see also* David F. Herr, Multidistrict Litigation Manual § 5:16 (2010).

All of the factors set forth in § 1407 are satisfied in the instant case, and centralization is appropriate. Here, the Related Actions all involve common questions of fact, and should be centralized in one district under 28 U.S.C. § 1407. In this respect, the *Mitchell* and *Deutsch* Action Plaintiffs agree with movant Bruce Bailey [MDL No. 3083, DN 1] and interested party Annie McAdam [DN 3] insofar as centralization is appropriate. The Related Actions share common issues of fact regarding the circumstances surrounding PSC's MOVEit data breach. Coordinating or consolidating the Related Actions in one district will serve the collective convenience of all parties and witnesses and the interest of judicial efficiency by eliminating the prospect of duplicative discovery at a stage when all the Related Actions are in their infancy. ***However***, the District of Massachusetts will best serve at transferee venue for all litigation surrounding this MOVEit Data Breach, given that PSC's headquarters is located in the district and PSC is the core,

common defendant in these cases.

### 1.  *The Related Actions Involve Common Questions of Fact*

Federal civil actions are eligible for transfer pursuant to 28 U.S.C. § 1407 if they involve

"common questions of fact" subject to discovery. *See* 28 U.S.C. § 1407(a); *In re Kugel Mesh*

*Hernia Patch Products Liability Litigation*, 493 F. Supp. 2d 1371, 1372-73 (J.P.M.L. 2007).

Reviewing the complaints in the Related Actions reveals that they concern PSC's MOVEit Data

Breach, and alleges that PSC failed to take adequate measures to protect the PII stored in its

systems through the MOVEit software system, resulting in the Data Breach. *See*: *Mitchell* Action,

Compl. ¶¶ 13, 28, 69-79; *Deutsch* Action, Compl. ¶¶ 13, 28, 69-79; *Diggs et al. v. Progress*

*Software Corporation,* e.g., Compl. ¶¶ 1, 9, 11, 31-41; *Pipes v. Ipswitch, Inc., et al.,* e.g., Compl.

¶¶ 7, 8, 47, 50-54;  *Tenner v. Progress Software Corporation,* e.g., Compl. ¶¶ 1, 6-7, 14, 62-91;

*Anastasio v. Progress Software Corporation et al.*, e.g., Compl. ¶¶ 80-109; *Smith v. Progress*

*Software Corporation,* e.g., Compl. ¶¶ 1, 16, 42-43, 57;   *Reese et al. v. Ipswitch, Inc. et al.,* e.g.,

Compl. ¶¶ 10-11, 66-76; *Truesdale v. Progress Software Corporation et al.,* e.g., Compl. ¶¶ 1, 17,

21, 82-111; *Pulignani v. Progress Software Corporation et al.,* e.g., Compl. ¶¶ 1, 13, 17, 21, 83-

112; *Berry v. Progress Software Corporation,* e.g., Compl. ¶¶ 9, 13; *McAdam v. Progress Software*

*Corporation,* e.g., Compl. ¶¶ 2, 11-13, 33-34; *Bailey v. Progress Software Corporation et al.,* e.g.

Compl. ¶¶ 10, 12, 42, 47, 86; *Ortega et al. v. Progress Software Corporation et al.*, e.g. Compl.

¶¶ 1, 51, 58-71;  *Acevedo v. Illinois Dept. of Innovation and Technology et al.,* e.g. Compl. ¶¶ 1-

2, 22-23, 51, 63. Only three (3) cases do not concern PSC: *Ellis et al. v. Pension Benefit*

*Information, LLC, et al*.; *Cheng v. Pension Benefit Information, LLC, et al.*; and *Berry, et al. v.*

*Pension Benefit Information, LLC* (3:23-cv-3297)*,* although they nevertheless concern the instant

MOVEit Data Breach, and PBI. *See*: *Ellis* Compl. ¶¶ 1, 28-34; *Cheng* Compl. ¶¶ 1, 10-11, 22;

*Berry* Compl. ¶¶ 4-5, 14-16. In addition, these common allegations generate numerous common questions of fact that warrant "centralized management of pretrial proceedings," *U.S. ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.,* 238 F. Supp. 2d 270, 273 (D.D.C. 2002), including but not limited to the following:

- Whether PSC had a duty to use reasonable care in safeguarding Plaintiffs' and the Class's PII;

- Whether PSC failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Data Breach;

- Whether PSC was negligent in maintaining, protecting, and securing PII;

- Whether PSC breached contract promises to safeguard Plaintiffs' and the Class's PII;

- Whether PSC took reasonable measures to determine the extent of the Data Breach after discovering it;

- Whether PSC's Breach Notice was reasonable;

- Whether the Data Breach caused Plaintiffs' and the Class's injuries;

- What the proper damages measure is; and

- Whether Plaintiffs and the Class are entitled to damages, treble damages, or injunctive relief.

*See*, e.g., *Mitchell* Action Compl. ¶ 83.

Eighteen (18) cases filed in seven (7) districts throughout the United States, as well as future cases, share numerous common questions of fact that are subject to the same discovery. As such, discovery and motions concerning PSC's inadequate data security measures, how the data

breach occurred, and the investigation into the breach will be substantially the same in all the Related Actions. Likewise, the Related Actions share substantially similar causes of action, including but not limited to negligence, negligence per se, breach of contract, unjust enrichment and invasion of privacy. The Related Actions currently consist of 18 putative class actions in 7 different federal judicial districts, at least 16 of which include a putative nationwide class of persons whose PII was compromised. As the facts stated above give rise to all of these Related Actions, they are substantially likely to involve duplication of discovery, including common witnesses such as PSC's employees, common production of documents concerning data security measures and the nature of the PII unauthorizedly disclosed, and common efforts to ascertain the facts and circumstances surrounding the Data Breach. Accordingly, "centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary." *In re Am. Med. Collection Agency, Inc., Customer Data Sec. Breach Litig.*, 410 F. Supp. 3d 1350, 1354 (U.S. Jud. Pan. Mult. Lit. 2019).

Data breach class actions such as the instant cases have been centralized and transferred for pretrial proceedings by the JPML. *See,* e.g.: *In re T-Mobile Customer Data Sec. Breach Litig.,* 576 F. Supp. 3d 1373 (U.S. Jud. Pan. Mult. Lit. 2021) (finding centralization and transfer was appropriate for putative class actions concerning alleged data security breach of cellular phone provider's systems); *In re Am. Med. Collection Agency, Inc., Customer Data Sec. Breach Litig.,* 410 F. Supp. 3d 1350 (U.S. Jud. Pan. Mult. Lit. 2019) (finding centralization was appropriate in data breach to collection agency, involving compromised patient data); *In re Ashley Madison Customer Data Sec. Breach Litig.,* 148 F. Supp. 3d 1378 (U.S. Jud. Pan. Mult. Lit. 2015); *In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.,* 363 F. Supp. 3d 1372 (U.S. Jud. Pan. Mult.

Lit. 2019); *In re Uber Techs., Inc., Data Sec. Breach Litig.,* 304 F. Supp. 3d 1351 (U.S. Jud. Pan. Mult. Lit. 2018); *In re: Schnuck Markets, Inc., Customer Data Sec. Breach Litig.,* 978 F. Supp. 2d 1379, 1380 (U.S. Jud. Pan. Mult. Lit. 2013). The JPML should do the same here given the common questions of fact incumbent in these Related Actions.

### B. The Related Actions Should be Centralized and Transferred to the District of Massachusetts

The Court should centralize and transfer all Related Actions in the District of Massachusetts, where PSC maintains its principal place of business, which has the strongest connection to this litigation, where the plurality (and nearly the majority) of the Related Actions are pending, and where the litigation will be handled most efficiently. Transfer is appropriate when it enhances the convenience of the litigation as a whole. *See, e.g., In re Asbestos Prod. Liab. Litig. (No. VI),* 771 F. Supp. 415, 420 (J.P.M.L. 1991) citing *In re Multidistrict Private Civil Treble Damage Litigation Involving Library Editions of Children's Books*, 297 F.Supp. 385, 386 (J.P.M.L.1968) ("The Panel, however, must weigh the interests of all the plaintiffs and all the defendants, and must consider multiple litigation as a whole in the light of the purposes of the law."). In determining an appropriate transferee forum, the JPML balances factors including the number of the underlying cases pending before the district, the experience of the judiciary with the issues, the location of documents and witnesses, the centrality of the location, and common parties *See, e.g., In re Regents of University of California*, 964 F.2d 1128, 1136 (Fed. Cir. 1992); Annotated Manual of Complex Litigation (Fourth) (2010).

Here, eight (8) out of the eighteen (18) Related Actions are already pending in the Massachusetts District. No other district has such a plurality—indeed, there is a 4-way tie between

Maryland District Court[4], the Eastern District of Louisiana[5], the Minnesota District[6], and the California Central District[7], *each* of which only have two (2) of the Related Actions pending within. The California Northern District[8], and the Illinois Central District Court[9] each have only one (1) of the Related Actions pending there. This makes sense considering PSC is headquartered in Burlington within the Massachusetts District.

Further, the Massachusetts District judiciary has experience with data breach cases such as these. There are four (4) Related Actions pending before the Honorable Nathaniel M. Gorton: *Diggs et al. v. Progress Software Corporation; Pipes v. Ipswitch, Inc., et al.; Tenner v. Progress Software Corporation;* and *Anastasio v. Progress Software Corporation et al.* Judge Gorton has experience in data breach litigation. *See*, e.g., *Axis Ins. Co. v. Barracuda Networks, Inc.,* No. CV 20-11997-NMG, 2023 WL 2838380, at *1 (D. Mass. Apr. 7, 2023). As Interested Party McAdam has responded, Judge Gorton is experienced in MDLs. *See*, e.g., *In re Celexa & Lexapro Mktg. & Sales Pracs. Litig.,* 291 F.R.D. 13, 15 (D. Mass. 2013). The *Mitchell* Action and *Smith v. Progress Software Corporation* are pending before the Honorable F. Dennis Saylor, IV, Chief Judge, who is familiar with complex class action litigation, *see*, e.g., *Wang Yan v. ReWalk Robotics Ltd.*, 391

---

[4] Maryland District Court: *Truesdale v. Progress Software Corporation et al.,* Case No. 1:23-cv-1913, D. Md; *Pulignani v. Progress Software Corporation et al.,* Case No. 1:23-cv-1912, D. Md.
[5] Louisiana Eastern District Court: *Berry v. Progress Software Corporation* (Case No. 2:23-cv-2089, E.D. La., filed June 15, 2023); *McAdam v. Progress Software Corporation* (Case No. 2:23-cv-2295, E.D. La., filed June 30, 2023).
[6] Minnesota District Court: *Ellis et al. v. Pension Benefit Information*, LLC et al., Case No. 0:23-cv-2139 (D. Minn.); *Bailey v. Progress Software Corporation et al.* (Case No. 0:23-cv-2028, D. Minn., filed July 5, 2023).
[7] California Central District Court: *Ortega et al. v. Progress Software Corporation et al.,* Case. No. 2:23-cv-5301 (C.D. Cal., filed July 3, 2023); *Cheng v. Pension Benefit Information, LLC, et al.*, Case No. 2:23-cv-05481 (C.D. Cal., filed July 7, 2023).
[8] California Northern District Court: *Berry et al. v. Pension Benefit Information, LLC* (Case No. 4:23-cv-3297 (N.D. Cal., filed June 30, 2023);
[9] Illinois Central District Court: *Acevedo v. Illinois Dept. of Innovation and Technology et al.* (Case No. 3:23-cv-3225, C.D. Ill., filed July 15, 2023).

F. Supp. 3d 150, 152 (D. Mass. 2019), aff'd on other grounds *sub nom. Yan v. ReWalk Robotics Ltd.,* 973 F.3d 22 (1st Cir. 2020) (Class action for violations of Sections 11 and 15 of the Securities Act of 1933 and Sections 10(b) and 20(a) of the Exchange Act of 1934); and MDLs. *See*, e.g*., In re Zofran (Ondansetron) Prod. Liab. Litig.,* 541 F. Supp. 3d 164 (D. Mass. 2021), aff'd, 57 F.4th 327 (1st Cir. 2023). The *Deutsch* Action is assigned to the Honorable Richard G. Stearns, who is likewise familiar with MDLs, *see*, e.g., *In re Lupron Mktg. & Sales Pracs. Litig.,* 228 F.R.D. 75 (D. Mass. 2005), and data breach class action litigation. See, e.g., *Amrhein v. eClinical Works, LLC*, No. CV 18-11658-RGS, 2019 WL 1385124 (D. Mass. Mar. 27, 2019), aff'd, 954 F.3d 328 (1st Cir. 2020) (denying motion to dismiss for lack of standing in putative class action for failure to protect healthcare records). Finally, *Reese et al. v. Ipswitch, Inc. et al.,* is now pending before the Honorable Indira Talwani, who too is no stranger to MDLs. *See In re Stryker Lfit V40 Femoral Head Prod. Liab. Litig.,* No. 1:17-MD-2768-IT (D. Mass.).

Next, and significantly, PSC is headquartered in Burlington, Massachusetts. *See*, e.g., *Mitchell* Action Compl. ¶ 20. As such, the documents and witnesses relevant to the Related Actions plaintiffs' claims are located in Massachusetts, as well. The discovery needed in this case—including the taking of necessary depositions—will most assuredly take place in the District of Massachusetts. This, transferring the centralized Related Cases to the district will promote the convenience of the parties and the witnesses alike. This convenient forum will certainly streamline discovery and conserve the parties' resources. See *In re Am. Med. Collection Agency, Inc., Customer Data Sec. Breach Litig.,* 410 F. Supp. 3d 1350, (U.S. Jud. Pan. Mult. Lit. 2019).

Moreover, as stated above, fifteen (15) out of the eighteen (18) pending actions concern Defendant, PSC, again, located in the District of Massachusetts. The location of this common party weighs heavily in favor of transfer to the District.

Lastly, the Massachusetts District is undoubtedly easily accessible to the litigants via the General Edward Lawrence Logan International Airport, in Boston, an international airport, which is only roughly eighteen (18) miles away from Burlington, Massachusetts, PSC's headquarters.

The foregoing considerations all promote the most convenient venue for the parties and the witnesses, and will best promote the just and efficient conduct of this case.

### III. CONCLUSION

Considering the above, Interested Parties, VINCENT MITCHELL and SHAWNTESSA GUILLORY-CAILLIER, Plaintiffs in *Vincent Mitchell and Shawntessa Guillory-Caillier v. Progress Software Corporation* (Case No. 1:23-cv-11417-FDS, D. Mass.) and SUSAN DEUTSCH, Plaintiff in *Susan Deutsch v. Progress Software Corporation* (Case No. 1:23-cv-11547-RGS, D. Mass.) jointly respond that the Related Actions should be centralized for pretrial proceedings pursuant to 28 U.S.C. § 1407 and transferred to the District of Massachusetts.

Dated: July 26, 2023                         Respectfully submitted,

                                             */s/ Lynn A. Toops*
                                             Lynn A. Toops*
                                             Mary Kate Dugan*
                                             COHEN & MALAD, LLP
                                             One Indiana Square, Suite 1400
                                             Indianapolis, Indiana 46204
                                             (317) 636-6481
                                             ltoops@cohenandmalad.com
                                             mdugan@cohenandmalad.com

                                             Michael S. Appel (BBO# 543898)
                                             KETTERER, BROWNE & ASSOCIATES, LLC
                                             336 S. Main Street
                                             Bel Air, Maryland 21014
                                             (617) 359-4981
                                             michael@KBAattorneys.com

                                             ***Attorneys for Plaintiff Susan Deutsch***
                                             ***and the Proposed Class***

Christina Xenides
SIRI & GLIMSTAD LLP
1005 Congress Avenue, Suite 925-C36
Austin, Texas 78701
(512) 265-5622
cxenides@sirillp.com

Samuel J. Strauss
Raina Borrelli
TURKE & STRAUSS LLP
613 Williamson Street, Suite 201
Madison, Wisconsin 53703
Telephone: (608) 237-1775
Facsimile: (608) 509-4423
sam@turkestrauss.com
raina@turkestrauss.com

J. Gerard Stranch, IV (TN BPR 23045)
STRANCH, JENNINGS & GARVEY, PLLC
223 Rosa L. Parks Avenue, Suite 200
Nashville, Tennessee 37203
(615) 254-8801
gstranch@stranchlaw.com

***Attorneys for Plaintiffs Vincent Mitchell and
Shawntessa Guillory-Caillier, and Proposed
Class***

13