**BEFORE THE**
**UNITED STATES JUDICIAL PANEL ON**
**MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION | **MDL DOCKET NO. 3083** |

## PLAINTIFFS JOINT RESPONSE IN SUPPORT OF TRANSFER OF RELATED ACTIONS TO THE DISTRICT OF MINNESOTA

Plaintiffs Melainee Collins, Karen Smith, Lisa Garrison, Renaldo Ellis, Michael Standefer, Elisa Feregrino, Glen Williams, and Melissa Seymour ("Plaintiffs"), through their respective undersigned counsel, respectfully submit this Joint Response in Support of Transfer of Related Actions to the District of Minnesota pursuant to 28 U.S.C. § 1407. Plaintiffs are the putative representatives of the classes alleged in *Collins v. Pension Benefit Information, LLC*, No. 23-cv-2045; *Smith v. Pension Benefit Information, LLC*, No. 23-cv-2055; *Garrison v. Pension Benefit Information, LLC*, No. 23-cv-2071; *Ellis v. Pensions Benefit Information, LLC*, No. 23-cv-2139; *Feregrino v. Pension Benefit Information, LLC*, No. 23-cv-2176; and *Williams v. Pension Benefit Information, LLC*, No. 23-cv-2238, currently pending in the District of Minnesota before the Honorable District Judge Katherine Menendez.

Plaintiffs filed their complaints in the United States District Court for the District of Minnesota against Pension Benefit Information, LLC ("PBI"), among others, alleging that PBI negligently failed to implement and maintain reasonable cybersecurity procedures which lead to a data breach of its systems. As a result, Plaintiffs allege that their personal

information was stolen by cybercriminals and that they have and will continue to suffer numerous injuries. Plaintiffs seek injunctive relief and damages on behalf of themselves and all others similarly situated.

Plaintiffs agree that centralization is appropriate. Given the broad and wide-reaching harms caused by the conduct alleged, many district courts throughout the United States provide an appropriate choice for the Panel's consideration for transfer. However, the relevant factors demonstrate that Minnesota would be most appropriate in these circumstances.

## ARGUMENT

### I.     Plaintiffs agree that consolidation and transfer of all related actions is appropriate.

Plaintiffs agree that the Panel should consolidate and transfer the subject actions pursuant 28 U.S.C. § 1407(a), which authorizes the transfer of civil actions pending in various federal district courts "involving one or more common questions of fact" to a single federal district court for coordinated or consolidated pretrial proceedings when the Panel determines that such transfer serves "the convenience of the parties and witnesses and will promote the just and efficient conduct of such actions." The related actions before the Panel share common issues of fact and law and will likely require the same witnesses and evidence. Accordingly, consolidation and transfer would serve the convenience of the parties and witnesses and promote efficient resolution of these actions.

## II.     The District of Minnesota is the appropriate MDL transferee district.

When a particular harm causes complaints to arise in geographically dispersed areas, and has in fact resulted in a "wide array already of suggested transferee districts, it is clear that any one of one of a large number of districts would qualify as an appropriate transferee forum." *In re Baycol Prods. Liab. Litig.*, 180 F. Supp. 2d 1378, 1380 (J.P.M.L. 2001). In similar circumstances, where no particular state could be determined to be the "epicenter" of injury, this Panel has looked to the District of Minnesota as the appropriate transferee district based on the fact that it:

1. Is a major metropolitan court;

2. Is centrally located;

3. Is not overtaxed with other multidistrict dockets; and

4. Possesses the necessary resources, facilities, and technology to sure-handedly devote the substantial time and effort to pretrial matters that this complex docket is likely to require.

*Id.*; *see In re: Fluoroquinolone Prod. Liab. Litig.*, 122 F. Supp. 3d 1378, 1381 (J.P.M.L. 2015) (concluding that Minnesota is the appropriate transferee district in part because it "provides a geographically central and convenient forum for this nationwide litigation"). As demonstrated by this Panel's decision in *In re Baycol*, when the injuries do not cluster around an injury "epicenter," the focus is placed on determining which district is most capable of accommodating all the litigants as a whole, has its door open, and can manage this case efficiently. Minnesota is, uniquely, that district.

3

**a. The District of Minnesota is the most likely to serve the convenience of the largest number of parties and witnesses.**

Bearing in mind that centralization almost always poses an inconvenience to some participants, the Panel should consider the convenience of the parties to the litigation as a whole. *See* 28 U.S.C. § 1407(a) (the Panel may transfer related actions upon "its determination that transfers . . . will be for the convenience of the parties and witnesses"). Because Pension Benefit Information, LLC, is based in Minnesota, it will be more convenient for it to produce documents and witnesses in the District of Minnesota. Additionally, several million users of Defendants' services across the United States have been impacted by the data breach alleged, so a centrally located district like the District of Minnesota is most appropriate. *In re Stryker Rejuvenate, ABG II Hip Implant Prods. Liab. Litig.*, 949 F. Supp. 2d 1378, 1380 (J.P.M.L. 2013) (finding the District of Minnesota appropriate for complex multidistrict litigation because it provides a "geographically central forum"). But being centrally located and the Defendant's principal place of business is not Minnesota's only asset as a transferee district.

**b. The District of Minnesota has expertise in the common issues raised by Plaintiffs' pleadings.**

The District of Minnesota is well-versed in handling multidistrict litigation and, specifically, handling complex cases involving data breaches. The district of Minnesota has brought about efficient, successful resolution in several such multidistrict litigations including *In re Target Corp. Customer Data Sec. Breach Litig.*, 14-MD-2522 (PAM/JJK) and *In re SuperValu, Inc.*, 14-MD-2586 (ADM/TNL). The District of Minnesota currently has the capacity to handle an MDL of this magnitude and its extensive knowledge,

4

background, and experience MDLs and data breach cases will undoubtedly ensure that this litigation will proceed in a timely and efficient manner.

Should this Panel transfer the cases to the District of Minnesota, Plaintiffs respectfully request that they be assigned to the Honorable District Judge Katherine Menendez, who currently presides over these and other related actions in that district. Judge Menendez has over seven years of experience as both a United States District Judge and a United States Magistrate Judge. She recently presided as a District Judge over several complex data breach actions, including *Hall v. Centerspace, LP*, 22-cv-2028 (KMM/DJF) and *Lutz v. Electromed, Inc.*, 21-cv-2198 (KMM/DTS). She was also the Magistrate Judge presiding over *In Re: CenturyLink Sales Practices and Securities Litigation*, 17-md-02795 (MJD/KMM). Judge Menendez's comprehensive experience makes her a superior choice to oversee this MDL. Furthermore, Judge Menendez does not currently preside over an MDL, further demonstrating that she is prepared to handle this litigation. *See In re Bayer Corp. Combination Aspirin Prods. Mktg. & Sales Practices Litig.*, 609 F. Supp. 2d 1379, 1380 (J.P.M.L. 2009) (determining fact that district judge "is not currently assigned to another such [MDL] docket" made transfer desirable).

### c.  The District of Minnesota is very efficient and has a favorable caseload.

The Panel should consider the caseload burden on the potential transferee courts in determining the appropriate forum for centralization. *In re Baycol Prods. Liab. Litig.*, 180 F. Supp. 2d at 1380. The District of Minnesota has a proven track record in handling its case load expeditiously: the District places *seventh in the nation* in the time it takes to

5

dispose of its total number of cases.[1] Furthermore while the District has a national reputation as an experience handler of MDLs, as of July 17, 2023, the District of Minnesota has only five consolidations (excluding effectively closed cases). The Panel has recognized that a more open MDL docket supports centralization in a particular district. *See, e.g.*, *In re Listerine Total Care Mouthwash Mktg. & Sales Practices Litig.*, 764 F. Supp. 2d 1354, 1355 (J.P.M.L. 2011). This Panel has also specifically recognized Minnesota as such a District. *See In re Stryker*, 949 F. Supp. 2d at 1380 (finding that the District of Minnesota "enjoys favorable docket conditions"); *In re St. Jude Med., Inc., Silzone Heart Valves Prod. Liab. Litig.*, MDL No. 1396, 2001 WL 36292052, at *2 (J.P.M.L. 2001) (recognizing that the District of Minnesota "enjoys general caseload conditions" and resources allowing it to handle complex litigation).

### d. The District of Minnesota provides a central location for the convenience of all transferred cases.

Minnesota is also geographically central to this litigation. *See In re Stryker*, 949 F. Supp. 2d at 1380 (finding that the District of Minnesota "offers a relatively accessible and geographically central forum"). The Minneapolis-St. Paul International Airport—a central destination for the largest airlines—provides direct flights to multiple locations across the country throughout the day, as well as international flights. Minneapolis-St. St. Paul has ample, reasonably priced hotel accommodations within easy walking distance of the federal courthouses.

---

[1] U.S. District Courts—Median Time Intervals from Filing to Disposition of Civil Cases, Table C-5, https://www.uscourts.gov/sites/default/files/data_tables/jb_c5_0930.2022.pdf.

## CONCLUSION

Based on the foregoing, Plaintiffs respectfully request that this Panel consolidate all related data breach actions pursuant to 28 U.S.C. § 1407 and transfer them to the District of Minnesota.

Respectfully submitted,

Dated: July 27, 2023                         **GUSTAFSON GLUEK PLLC**

*/s/David A. Goodwin*
Daniel E. Gustafson (#202241)
David A. Goodwin (#386715)
Canadian Pacific Plaza
120 South Sixth Street, Suite 2600
Minneapolis, Minnesota 55402
Telephone: 612-333-8844
Fax: 612-339-6622
dgustafson@gustafsongluek.com
dgoodwin@gustafsongluek.com

*Counsel for Plaintiffs Renaldo Ellis and Michael Standefer*

*/s/ Bryan L. Bleichner*
Bryan L. Bleichner (MN BAR #0326689)
Philip J. Krzeski (MN BAR #0403291)
**CHESTNUT CAMBRONNE PA**
100 Washington Avenue South, Suite 1700
Minneapolis, MN 55401
Telephone: (612) 339-7300
Facsimile: (612) 336-2940
bbleichner@chestnutcambronne.com
pkrzeski@chestnutcambronne.com

JASON M. WUCETICH (222113)
DIMITRIOS V. KOROVILAS (247230)
**WUCETICH & KOROVILAS LLP**
222 N. Pacific Coast Hwy, Suite 2000

7

El Segundo, CA 90245
Telephone: (310) 335-2001
Facsimile: (310) 364-5201
jason@wukolaw.com
dimitri@wukolaw.com

M. ANDERSON BERRY (262879)
GREGORY HAROUTUNIAN (330263)
BRANDON P. JACK (325584)
CLAYEO C. ARNOLD
**A PROFESSIONAL CORPORATION**
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 239-4778
Facsimile: (916) 924-1829
aberry@justice4you.com
gharoutunian@justice4you.com
bjack@justice4you.com

*Counsel for Plaintiff Melainee Collins*

Nathan D. Prosser (MN #0329745)
Anne T. Regan (MN #0333852)
Lindsey L. Larson (MN #0401257)
**HELLMUTH & JOHNSON, PLLC**
8050 West 78th Street
Edina, MN 55439
(952) 941-4005
nprosser@hjlawfirm.com
aregan@hjlawfirm.com
llabellelarson@hjlawfirm.com

Terence R. Coates
Dylan J. Gould
**MARKOVITS, STOCK & DEMARCO, LLC**
119 E. Court, Suite 530
Cincinnati, OH 45202
(513) 651-3700
tcoates@msdlegal.com
dgould@msdlegal.com

8

Gary M. Klinger
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN LLC**
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Tel: (866) 252-0878
gklinger@milberg.com

*Counsel for Plaintiff Lisa Garrison*

Marc H. Edelson
**EDELSON LECHTZIN LLP**
411 S. State Street, Suite N300
Newtown, PA 18940
(215) 867-2399
medelson@edelson-law.com

*Counsel for Plaintiffs Renaldo Ellis and
Michael Standefer*

Melissa S. Weiner
Ryan T. Gott
**PEARSON WARSHAW, LLP**
328 Barry Ave. S., Suite 200
Wayzata, MN 55391
Telephone: (612) 389-0600
Facsimile: (612) 389-0610
mweiner@pwfirm.com
rgott@pwfirm.com

Jeff Ostrow
Kristen Lake Cardoso
Steven Sukert
**KOPELOWITZ OSTROW
FERGUSON WEISELBERG GILBERT**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Telephone: 954-525-4100
ostrow@kolawyers.com
cardoso@kolawyers.com
sukert@kolawyers.corn

9

Andrew J. Shamis
**SHAMIS & GENTILE, P.A.**
14 NE 1st Avenue, Suite 400
Miami, FL 33132
Telephone: 305-479-2299
ashamis@shamisgentile.com

*Counsel for Plaintiffs Elisa Feregrino and Melissa Seymour*

Karen Hanson Riebel
Kate M. Baxter-Kauf
**LOCKRIDGE GRINDAL NAUEN, PLLP**
100 Washington Avenue South, Suite 2200
Minneapolis, MN 55401
Telephone: 612-339-6900
khriebel@locklaw.com
kmbaxter-kauf@locklaw.com

*Counsel for Plaintiff Glen Williams*

4896-1992-9715, v. 1