**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION | MDL No. 3083 |

**RESPONSE OF PLAINTIFF CHRISTOPHER PIPES
IN PARTIAL SUPPORT OF MOTION FOR TRANSFER OF
RELATED ACTIONS PURSUANT TO 28 U.S.C. § 1407**

## I.    INTRODUCTION

Pursuant to 28 U.S.C. § 1407 and the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Plaintiff Christopher Pipes, by and through undersigned counsel, submits this response in partial support of Plaintiff Bruce Bailey's motion to transfer and centralize related actions for consolidation and coordination of pretrial proceedings ("Motion" or "Mot."), and any subsequent "tag along" cases involving similar claims. Currently, 33 actions from nine different judicial districts have been related into this MDL (the "Related Actions"). *See* Original Schedule of Actions, ECF No. 2; Notices of Related Actions, ECF Nos. 8, 19, 27, 29, 53, 62, 70, 71, 79, 90.

Plaintiff Pipes concurs that transfer and centralization under Section 1407 is appropriate. However, as discussed below, transfer to and centralization in the United States District Court for the District of Massachusetts before the Honorable Nathaniel M. Gorton is more appropriate than the District of Minnesota. The District of Massachusetts is the most suitable location for coordinated and centralized proceedings for at least four reasons: 1) the defendants who have the most information pertaining to the Data Breach, Progress Software Corporation and Ipswitch, Inc., and likely much of the relevant evidence are located in Massachusetts; 2) the District of Massachusetts is optimal in terms of convenience and accessibility; 3) the largest number of cases are pending in the District of Massachusetts (11 of the 33 Related Actions); and 4) Massachusetts is the site of occurrence of the common facts underlying the data breach that is the subject of this

litigation. It is telling that even two defendants that have their headquarters in the District of Minnesota (Pension Benefit Information, LLC and The Berwyn Group, Inc.) support transfer to the District of Massachusetts. *See* ECF No. 86. Accordingly, Plaintiff Pipes concurs with Plaintiff Bailey's Motion for transfer and centralization, but requests that proceedings be centralized in the District of Massachusetts.

## II.     **BACKGROUND**

This litigation involves a data breach impacting primary defendants Progress Software Corporation and Ipswitch, Inc.'s (when together, "Progress") MOVEit platform. The breach was announced on or about May 31, 2023 (the "Data Breach"). Ipswitch, Inc. is an information technology software development company located in Burlington, Massachusetts that sells its software and related products and services directly and through resellers and distributors in the United States. Ipswitch, Inc. developed and, through Progress Software Corporation, sells its software and solutions to thousands of organizations around the world. Following its acquisition in May 2019, Ipswitch, Inc. is now part of Progress Software Corporation, which is a public domestic software corporation also based in Burlington, Massachusetts.

All Related Actions, irrespective of whether they name the Progress defendants, arise out of the Data Breach. The Data Breach resulted from exploited vulnerabilities in Progress's file transfer software solution called MOVEit. According to reports, the notorious Clop ransomware gang was responsible for the attack on the MOVEit platform. As a result of the successful attack, other entities across the United States and beyond—namely Progress's MOVEit software solution customers (referred to hereafter as "Impacted Progress Clients")—suffered breaches. Contemporaneously with and after announcing the Data Breach, Progress began to notify Impacted Progress Clients that were impacted by the Data Breach.

The Related Actions have been filed in the weeks and months that followed the May 2023 breach announcement. Each of the Related Actions is a putative class action filed by "end user" individuals who are or were customers, clients, patients, or otherwise associated or affiliated with—and provided sensitive PII, PHI, and other personal information to—Impacted Progress Clients. This information, which was transferred to and came into the possession of Progress, was then exposed to criminals during the Data Breach.

Based on the same nucleus of facts, each Related Action alleges a common failure by Progress and Impacted Progress Clients to protect sensitive personal information, resulting in the Data Breach. Each Related Action alleges similar damages and similar causes of action relating to the allegedly unauthorized divulgence of sensitive information. The Related Actions also allege similar or overlapping classes. Some of the Related Actions are brought against Progress alone, while others name Impacted Progress Clients as defendants, and some name both Progress and Impacted Progress Clients. All Related Actions are in their relative infancy.

## III.    ARGUMENT

### A.    The Related Actions and any Tag-Along Actions Are Appropriate for Transfer and Centralization Under 28 U.S.C. § 1407(a)

Transfer and centralization are permitted if civil actions pending in different districts "involv[e] one or more common questions of fact" and this Panel determines that transfer will further "the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). "The objective of transfer is to eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation cost, and save the time and effort of the parties, the attorneys, the witnesses, and the courts." MANUAL FOR COMPLEX LITIGATION ("MCL"), § 20.131 (4th ed. 2004). Transfer and centralization for pretrial proceedings would achieve those objectives in the instant litigation and are appropriate here.

Centralization is appropriate because the Related Actions involve common, numerous, and complex questions of fact; it will further the convenience of the parties and witnesses involved; and it will promote just, efficient, and consistent pretrial adjudication of the Related Actions. Centralization is also supported by the compelling need to establish uniform and consistent standards in conducting pretrial discovery and motion practice and to avoid potentially inconsistent rulings, inefficiencies, and waste of the parties' and judiciary's resources that would result if the Related Actions were to proceed in numerous district courts.

The Panel has previously recognized that centralization is proper where, as here, there are multiple defendants entwined in a large multi-defendant data breach. *See, e.g.*, *In re Blackbaud, Inc., Customer Data Sec. Breach Litig.,* 509 F. Supp. 3d 1362, 1363 (J.P.M.L. 2020) (centralization ordered where related actions "present[ed] common factual questions concerning an alleged . . . breach of Blackbaud's systems . . . that allegedly compromised the personal information of millions of consumers doing business with entities served by Blackbaud's cloud software and services."); *see also In re Am. Med. Collection Agency, Inc., Customer Data Sec. Breach Litig.*, 410 F. Supp. 3d 1350, 1353 (J.P.M.L. 2019) (ordering transfer and centralization, recognizing that "a single, multi-defendant MDL" "is necessary to ensure the just and efficient conduct of this litigation."). Plaintiff Pipes supports the Motion in this regard and the Panel should rule consistently with its previous decisions to centralize proceedings in similar data breach matters.

**B.    The District of Massachusetts is the Most Appropriate and Optimal Transferee Forum and Judge Gorton is an Appropriate Transferee Judge**

Once the Panel decides that centralization is appropriate, it then turns to the question of which forum is most suitable for centralization. Plaintiff Bailey requests that the Related Actions be transferred to and centralized in the District of Minnesota. As discussed below, Plaintiff Pipes submits that the District of Massachusetts is the optimal forum for centralization of the Related

Actions and that Judge Gorton would be an excellent transferee judge.

In choosing an appropriate transferee forum, the Panel considers: (1) where the largest number of cases is pending; (2) where discovery has occurred; (3) where cases have progressed furthest; (4) the site of the occurrence of the common facts; (5) where the cost and inconvenience will be minimized; and (6) the experience, skill, and caseloads of available judges. MCL, § 20.132 (4th ed. 2004).

Here, the first factor favors the District of Massachusetts, given that the plurality (11) of the 33 currently pending Related Actions are filed in that court. *See* Original Schedule of Actions, ECF No. 2; Notices of Related Actions, ECF Nos. 8, 19, 27, 29, 53, 62, 70, 71, 79, 90.

The second and third factors, where discovery has occurred and where cases have progressed the furthest, are inapplicable under the present circumstances because all Related Actions are in their infancy.

The fourth factor favors Massachusetts. The common thread that runs through all Related Actions—whether Progress is named as a defendant or not—is that Progress's MOVEit software and file transfer solutions are the focal point and at the heart of the Data Breach. Progress Software Corp. is named as a defendant in 23 of the 33 Related Actions. The Progress defendants are thus at the center of the factual allegations in all Related Actions. The Progress defendants' headquarters are in Massachusetts, and it is likely that the affected databases and the majority of relevant documents, witnesses, and other evidence are also located in Massachusetts.

The fifth factor also favors Massachusetts. The largest number (11) of the Related Actions are pending in the District of Massachusetts and the plurality of cases are located in that court. That the District of Massachusetts and Judge Gorton are in Boston also makes this forum convenient and readily accessible. Boston is a major metropolitan area that is served by Boston

Logan International Airport and vast resources and accommodations. Furthermore, the Progress defendants and their employees will likely have the most discoverable information relating to the Data Breach, as the breach occurred to their network systems. Also supporting this factor is the fact that Defendants Pension Benefit Information, LLC and The Berwyn Group, Inc., who are headquartered in the District of Minnesota, also support transfer to the District of Massachusetts instead. *See* ECF No. 86. Keeping the litigation nearest to the defendants with the most discoverable information and close to the most relevant witnesses will also promote efficiency.

The sixth factor, the experience, skill, and caseloads of available judges, also favors the District of Massachusetts, primarily because Judge Gorton already presides over many of the Related Actions. That said, of the nine potential transferee forums, Massachusetts has five pending MDLs, so it does not lack in MDL experience, but it does not face significant MDL congestion, like the Northern District of California's 17 pending MDLs.[1] Additionally, the District of Massachusetts is one of the least congested of the nine districts where Related Actions are pending,[2] further supporting Massachusetts as the best forum for centralized proceedings.

Judge Gorton is also the optimal transferee judge. Judge Gorton has significant experience with MDL proceedings and is currently presiding over the MDL proceeding in *In re: Fresenius GranuFlo/NaturaLyte Dialysate Products Liability Litigation*, MDL-2428. Judge Gorton is an experienced, capable, and well-respected jurist, and is well-suited to preside over this litigation. Judge Gorton and the District of Massachusetts have the capacity to take on this MDL based upon

---

[1] *See MDL Statistics Report – Distribution of Pending MDL Dockets by District*, UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION (July 17, 2023), https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-July-17-2023.pdf.

[2] *See generally Federal Judicial Caseload Statistics*, UNITED STATES COURTS, https://www.uscourts.gov/statistics-reports/analysis-reports/federal-judicial-caseload-statistics (last visited August 1, 2023).

a review of Judge Gorton's current MDL caseload and the Court's caseload. All factors considered, Judge Gorton and the District of Massachusetts are the optimal transferee judge and court for centralization of the Related Actions.

## III.   **CONCLUSION**

For these and all the foregoing reasons, Plaintiff Pipes respectfully submits that Plaintiff Bailey's Motion should be granted as to the request for transfer and centralization, but that the Related Actions should instead be transferred to and consolidated in the District of Massachusetts before the Honorable Nathanial M. Gorton for consolidated or coordinated pretrial proceedings pursuant to 28 U.S.C. § 1407.

Respectfully submitted,

Dated:  August 1, 2023

*/s/ Ben Barnow*
Ben Barnow
*b.barnow@barnowlaw.com*
Anthony L. Parkhill
*aparkhill@barnowlaw.com*
**BARNOW AND ASSOCIATES, P.C.**
205 West Randolph Street, Suite 1630
Chicago, IL 60606
Tel: (312) 621-2000
Fax: (312) 641-5504

Tina Wolfson
*twolfson@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
2600 West Olive Avenue, Suite 500
Burbank, California 91505
Tel: (310) 474-9111
Fax: (310) 474-8585

Andrew W. Ferich
*aferich@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
201 King of Prussia Road, Suite 650
Radnor, Pennsylvania 19087
Tel: (310) 474-9111

Fax: (310) 474-8585

David Pastor
*dpastor@pastorlawoffice.com*
**PASTOR LAW OFFICE PC**
63 Atlantic Avenue, 3rd Floor
Boston, MA 02110
Tel: (617) 742-9700
Fax: (617) 742-9701

*Counsel for Plaintiff Christopher Pipes*