**BEFORE THE**
**UNITED STATES JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

IN RE: MOVEit CUSTOMER DATA )
     SECURITY BREACH )          **MDL NO. 3083**
     LITIGATION )

**RESPONSE OF INTERESTED PARTIES, JUAN ORTEGA, DAVID MERKLE,**
**AND NANCY MERKLE, TO MOTION TO TRANSFER RELATED CSAES FOR**
**CENTRALIZED PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407**

Interested Parties, JUAN ORTEGA, DAVID MERKLE, and NANCY MERKLE

Plaintiffs in Juan Ortega, David Merkle, and Nancy Merkle v. Progress Software Corporation

and Pension Benefit Information, LLC, pending in the United States District Court for the

Central District of California (Case No. 5:23-cv-01329-SSS-KK, C.D. Cal., filed July 3, 2023)

(the "Ortega Action"), by their respective counsel, respond to the Motion of Bruce Bailey, the

named plaintiff in Bailey v. Progress Software Corporation and Pension Benefit Information,

LLC (Case No. 0:23-cv-2028, D. Minn.) before the Judicial Panel on Multi-District Litigation

("JPML") to centralize all Related Actions and transfer them to the United States District Court

for the District of Minnesota (MDL No, 3083, Dkt. No. ("DN") 1), respectfully stating as

follows.

**I.      ARGUMENT**

    **A. Transfer and Centralization Pursuant to 28 U.S.C. §1407 is Appropriate.**

Pursuant to 28 U.S.C. § 1407(a), the JPML should transfer actions for pretrial

coordination or consolidation when: (1) the cases involve "common questions of fact" (2)

the transfer is convenient for parties and witnesses; and (3) the transfer "promote[s] the just

and efficient conduct of the cases." 28 U.S.C. § 1407(a). Generally, 28 U.S.C. § 1407 serves

"to eliminate duplication in discovery, avoid conflicting rulings and schedules, reduce litigation

costs, and save the time and effort of the parties, the attorneys, the witnesses, and the courts."

Manual for Complex Litigation (Fourth) § 20.131 (2004) (citing *In re Plumbing Fixture Cases*, 298 F. Supp. 484 (J.P.M.L. 1968)); *see also* David F. Herr, Multidistrict Litigation Manual § 5:16 (2010).

The § 1407 factors fall in favor of centralization here.  Thus, the Ortega Plaintiffs agree with movant Bruce Bailey [MDL No. 3083, DN 1]. The Related Actions indisputably share common issues of fact regarding the circumstances surrounding PSC's MOVEit data breach. Coordinating or consolidating the Related Actions in one district will serve the collective convenience of all parties and witnesses and the interest of judicial efficiency by eliminating the prospect of duplicative discovery at a stage when all the Related Actions are in their infancy. Which district the centralized action should be heard in is the greater debate amongst all plaintiffs in the related actions, for obvious reasons of their own convenience and experience within their home district.  The Ortega plaintiffs support a transfer and agree with the analysis of movant Bailey that the District of Minnesota is an appropriate venue given its central location for all Plaintiffs, the location of the defendant Pension Benefit Information, LLC, and the state of its calendar in comparison to more impacted districts in which litigation of the instant matter will take an exceedingly longer period of time.

Dated: August 4, 2023                    Respectfully submitted,

*/s/ Ramin R. Younessi*
**LAW OFFICE OF RAMIN R YOUNESSI**
**A PROFESSIONAL LAW CORP.**
Ramin R. Younessi, Esq.
Heather N. Phillips, Esq.
3435 Wilshire Boulevard, Suite 2200
Los Angeles, CA 90010
Tel: (213) 480-6200
E: ryounessi@younessilaw.com
    hphillips@younessilaw.com