BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: MOVEit Customer Data Security Breach Litigation | MDL No. 3083 <br><br> Individual Case Caption: <br><br> *Jose Acevedo Jr. v. Illinois Department of Innovation and Technology, et al.* <br><br> No. 23-cv-3225 <br><br> (Illinois, Central District) |

## ILLINOIS DEPARTMENT OF INNOVATION AND TECHNOLOGY'S RESPONSE IN OPPOSITION TO MOTION FOR TRANSFER AND CENTRALIZATION

### INTRODUCTION

Plaintiff Brue Bailey has moved this Panel pursuant to 28 U.S.C. § 1407 for an order transferring and centralizing in the District of Minnesota all actions relating to the MOVEit file transfer data security breach litigation. Dkt. No. 1. The Illinois Department of Innovation and Technology (the "Department"), a defendant in the *Acevedo* action pending in the Central District of Illinois, No. 23-cv-3225, opposes such a transfer. *Acevedo* should remain in Illinois. As explained below, *Acevedo* differs from the other suits subject to the transfer motion. The Department did not develop the MOVEit application. And as a state agency, the Department possesses unique legal defenses and immunities, which are not available to the corporate defendants who are responsible for the application. The Department has already filed a potentially dispositive motion to dismiss in Illinois; the motion raises an Eleventh Amendment "immunity from suit" and should be decided as soon as possible. If the plaintiff survives dismissal, which is unlikely, the Department will raise additional legal and factual defenses not available to the corporate defendants. Transfer is inappropriate.

1

## ARGUMENT

The *Acevedo* case is different from the other data breach actions and should remain in the Central District of Illinois. To date, nearly all of the data breach actions subject to the present transfer motion are brought *only* against the corporate entities that developed, own, or control the MOVEit file transfer application: Progress Software Corporation; Pension Benefit Information, LLC; and Ipswitch, Inc. See Dkt. No. 77-1 (summarizing cases). *Acevedo* is unique in that it also names the Department, an Illinois state agency, as a defendant. None of the other data breach actions filed to date include any governmental entity as a defendant. *Id.* And the Department is not a defendant in any of the other actions. *Id.*

As to *Acevedo*, the criteria for transfer are not satisfied. Under 28 U.S.C. § 1407(a), civil actions pending in different districts that involve "one or more common questions of fact" may be transferred for coordinated or consolidated pretrial proceedings if the Panel determines that the transfer (1) "will be for the convenience of the parties and witnesses" and (2) "will promote the just and efficient conduct of such actions." *Id.*; *see also In re Travelers Covid-19 Bus. Interruption Prot. Ins. Litig.*, 429 F. Supp. 3d 1341, 1343 (J.P.M.L. 2020) (noting that common factual questions are "not the sole prerequisite" for centralization). Here, even if there may be at least one common question of fact, the remaining requirements for transfer are not met.

*First*, transferring *Acevedo* to the District of Minnesota, or any other federal district, would significantly inconvenience the Department, an Illinois state agency that has no nexus to districts outside the State. The Department's witnesses, counsel, and documents are all located in Illinois. Requiring counsel or other representatives of the Department to travel to Minnesota for this litigation would unduly burden the State.

*Second*, transferring *Acevedo* would not promote the "just and efficient" conduct of the case, but rather would likely delay the resolution of important and dispositive defenses that the Department holds as a state agency.  The Department has already filed a motion to dismiss in the Central District of Illinois establishing that the claims against it are all barred by the Eleventh Amendment.  As shown in this pending motion, attached as Exhibit A, the Department should be dismissed because the Eleventh Amendment prohibits suits in federal court against an unconsenting State or state agency regardless of the relief sought.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-101 (1984) ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.").

The Department's motion to dismiss is straightforward and should be resolved expeditiously in the Central District of Illinois.  But it could languish if the case is transferred and combined with more than a dozen other putative class actions in Minnesota.  And any delay in resolving the motion could prejudice the Department, because the Eleventh Amendment provides not only an immunity from liability, but an "immunity from suit."  *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy,* 506 U.S. 139, 146 (1993).  When asserted, an Eleventh Amendment defense protects the State and state officials from the burdens of discovery and trial.  *Id.* at 143-44; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) (holding that, where defendant raises immunity, plaintiff is not entitled to discovery, "cabined or otherwise," to preserve immunity defense).  Litigation against the Department should not go forward while its motion to dismiss is pending.  *Id.; see also Bouchard v. Florida Dept. of Envtl. Prot.,* 91 F.3d 1445 (11th Cir. 1996) (district court abused its discretion in ordering state department to mediate without first addressing Eleventh Amendment immunity issue).

"[T]he stated policy of the Panel is to consider whether motions are pending in deciding whether and when to transfer a case." *Glasstech, Inc. v. Ab Kyro Oy*, 769 F.2d 1574, 1577 n.1 (Fed. Cir. 1985), citing *In re Plumbing Fixture Cases*, 298 F. Supp. 484, 496 (J.P.M.L. 1968) (noting that based on "principles of comity," the Panel times its actions and construes its orders to permit transferor courts to "reach timely decisions on particular issues without abrupt, disconcerting, untimely, or inappropriate orders of transfer by the Panel"). While the existence of a pending motion to dismiss does not necessarily preclude the Panel from transferring a case, a transfer would not be appropriate here, where the Department (again, the only governmental defendant in any of the cases subject to the present transfer motion) has already asserted, in the Central District of Illinois, an Eleventh Amendment "immunity from suit" defense that must be resolved as early as possible.

Further, if the *Acevedo* action proceeds past the Department's Eleventh Amendment defense (which it should not), the Department may assert other immunity defenses unique to state entities. And if the case somehow survives dismissal, it will involve fact issues unique to the Department and not present in the other data breach cases. In the other cases, the fact issues have nothing to do with the Department (which, again, is not a defendant in any data breach case other than *Acevedo*), and discovery will center on the actions and responsibilities of the corporate entities that sell the MOVEit file transfer application. *Acevedo*, in contrast, alleges that the Department, which did *not* develop the application, should be held liable. In short, this case is an outlier that raises unique legal and factual issues.

For all of these reasons, *Acevedo* should not be transferred. The Panel has often recognized that cases presenting unique defenses and fact issues, like this one, may not be appropriate for transfer. *See, e.g.*, *In re Travelers Covid-19 Bus. Interruption Prot. Ins. Litig.*, 429 F. Supp. 3d at

1343 (denying centralization and noting that allowing the transferor courts to decide questions presented in pending motions to dismiss would "result in quicker and more efficient resolution of this litigation"); *In re Genetic Techs. Ltd. 179 Patent Litig.*, 883 F. Supp. 2d 1337, 1338 (J.P.M.L. 2012) (denying centralization where certain defendants had "idiosyncratic potentially dispositive defenses" that would implicate "significant unique facts"); *In re Exxon Corp. Hawkins Field Recoupment Litig.*, 1988 U.S. Dist. Lexis 17012, at *2-3 (J.P.M.L. Dec. 1, 1988) (excluding action that involved "unique threshold questions" and a pending "potentially dispositive motion" from Section 1407 proceedings); *In re Agent Orange Products Liability Litig.*, 1980 U.S. Dist. Lexis 9945, at *7-8 (J.P.M.L. Jan. 29, 1980) (declining to transfer two actions in part because they involved "unique questions of fact" and there were pending motions that "could eliminate the actions from federal court"); *In re Multidistrict Patent Litig. Involving the Kaehni Patent*, 311 F. Supp. 1342, 1344 (J.P.M.L. 1970) (staying transfer of case pending resolution of motion to dismiss filed in transferor court).

Plaintiff Bailey's motion to transfer does not account for the differences between *Acevedo* and the other cases. If anything, the motion confirms that *Acevedo* should not be transferred. According to Bailey, the lead common issue is whether Defendants violated state common laws by "failing to properly secure" the sensitive personal information of plaintiffs and the putative classes. Dkt. No. 1 at 3. But the factual issues differ depending on whether the defendant is the corporation that developed MOVEit or (as in this case) a state agency that purchased the application. There is a legal difference too: unlike private defendants, the Department, a state agency, is not subject to suit in federal court for alleged violations of state law. *See Pennhurst State Sch. & Hosp.*, 65 U.S. at 100-101, 106.

Similarly, in support of his motion to transfer, Bailey identifies the "measure and amount of damages" as a common issue (Dkt. No. 1 at 3), but unlike private defendants, the Department is not subject to damages liability in federal court. *See id.* In sum, *Acevedo* raises issues that are not present in the other cases, and it should not be transferred, especially when a potentially dispositive motion to dismiss raising an Eleventh Amendment "immunity from suit" defense is pending in the Central District of Illinois.

## CONCLUSION

Centralization under Section 1407 "should be the last solution after considered review of all other options." *In re GEICO Customer Data Sec. Breach Litig.*, 568 F. Supp. 3d 1406, 1407 (J.P.M.L. 2021) (denying motion to centralize five data breach putative class actions). For the reasons above, this Panel should decline to transfer *Acevedo*, and instead let the case proceed in the Central District of Illinois.


Dated: August 4, 2023

KWAME RAOUL
Attorney General of Illinois

Respectfully submitted,

*/s/ Michael T. Dierkes*
Michael T. Dierkes
Office of the Illinois Attorney General
100 West Randolph Street, 13th Floor
Chicago, Illinois  60601
(312) 814-3672

*Counsel for Defendant Illinois Department of Innovation and Technology*