**BEFORE THE JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

IN RE: MOVEit CUSTOMER DATA          )          MDL Docket No. 3083
SECURITY BREACH LITIGATION            )
_____)

**INTERESTED PARTY PLAINTIFFS TENNER, ANASTASIO, DOE, SIFLINGER, AND
KIYABU'S RESPONSE AND MEMORANDUM IN SUPPORT OF MOTION FOR
TRANSFER AND CONSOLIDATION OF RELATED ACTIONS FOR CENTRALIZED
<u>PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407</u>**

## I.          INTRODUCTION

Plaintiffs and Interested Parties Subrena Tenner, Robert Anastasio, Doe, Siflinger, and

Kiyabu are named Plaintiffs in the following actions pending in federal district courts (henceforth,

"Plaintiffs"):

- *Tenner v. Progress Software Corporation*, D. Mass. Case No. 1:23-cv-11412-NMG
  (assigned to the Honorable Nathaniel M. Gorton);

- *Anastasio v. Progress Software Corporation; Pension Benefit Information, LLC d/b/a PBI
  Research Services; and Genworth Financial, Inc.*, D. Mass. Case No. 1:23-cv-11442-NMG
  (assigned to the Honorable Nathaniel M. Gorton);

- *Siflinger and Kiyabu v. Progress Software Corporation; Pension Benefit Information, LLC
  d/b/a PBI Research Services*, D. Mass. Case No. 1:23-cv-11782; and

- *Doe v. Progress Software Corporation; The Johns Hopkins University; and The Johns
  Hopkins Health System Corporation*, D. Md. Case No. 1:23-cv-01933 (assigned to the
  Honorable Julie Rebecca Rubin).

Plaintiffs support, in part, Movant Bruce Bailey's Motion for Centralization pursuant to 28

U.S.C. §1407 (the "Motion").  All Related Actions involve one or more common questions of fact

1

and will involve common legal theories.  At the core of each case are allegations of a vulnerability in Defendant Progress Software Corporation's ("Progress") MOVEit File Transfer Software application that allowed an unauthorized third party to access Plaintiffs' and putative Class Members' sensitive and confidential personally identifiable information ("PII").  The massive security breach has adversely impacted millions of consumers and patients nationwide.  Various Defendants in the Actions, including Pension Benefit Information ("PBI"), Genworth Financial, Inc. ("Genworth"), and The Johns Hopkins University and The Johns Hopkins Health System Corporation (collectively "Hopkins"), utilized Progress's MOVEit software.

Consolidation and transfer are thus appropriate under 28 U.S.C. §1407.  Although Plaintiffs join in Movant's centralization arguments, Plaintiffs disagree that consolidation in the District Court of Minnesota is appropriate.  The only district that is the most appropriate venue for this litigation is the District of Massachusetts, which is the epicenter of the case for at least the following reasons:

- More Actions (thirteen) are pending in the District of Massachusetts than in any other single district;

- Defendant Progress has its principal place of business located at 15 Wayside Road, Burlington, Massachusetts, within the District of Massachusetts;

- Defendant Progress is named as a defendant in most Actions;

- Defendant Progress created and maintains the MOVEit software in the District of Massachusetts;

- The District of Massachusetts is where Progress licensed its MOVEit software for use by various other defendants;

011175-11/2316990 V1

- Discovery in all the Related Actions will necessarily focus on a core set of documents, witnesses, and other evidence in the District of Massachusetts pertaining to Progress's MOVEit software;

- The District of Massachusetts, therefore, has a significant interest in the litigation;

- The District of Massachusetts has experienced jurists who have presided over many complex cases and MDLs; and

- The District of Massachusetts is a convenient and accessible venue.

Plaintiffs respectfully request that the Panel consolidate and transfer all federal actions regarding the MOVEit File Transfer software data breach to the United States District Court for the District of Massachusetts, which is supported by the majority of parties filing briefing with this Court.

## II.     BACKGROUND

There are currently 43 actions (the "Related Actions" or "Actions")  pending in eleven federal district courts in nine states relating to the MOVEit data breach: California, Illinois, Louisiana, Maryland, Massachusetts, Minnesota, Nebraska, New Jersey, and Virginia.  Thirteen of the cases are in the District of Massachusetts; eleven in the District of Minnesota; five in the District of Maryland; three in the Northern District of California; two in the Eastern District of Louisiana; two in the Central District of California; two in the District of Virginia; two in the District of Nebraska; one in the Northern District of Illinois; one in the Central District of Illinois; and one in the District of New Jersey.  *See* Exhibit A.[1]  Progress is a defendant in 27 of these

---

[1] Although Plaintiffs know of no other related cases pending in federal courts other than those listed in Exhibit A as of the date of this filing, it is possible that additional cases have been filed. As additional organizations announce data breaches relating to their use of Defendant Progress's MOVEit software, additional cases are likely to be filed.

Actions.  All the cases were filed in the last four weeks, and no motion practice or discovery have occurred in any Action.

Central to each case is a massive data breach of Defendant Progress's MOVEit File Transfer software, precipitated by a Russian ransomware group.  The breach has impacted more than 17.5 million consumers and patients in the United States, whose PII was stolen from organizations—including Defendants PBI, Genworth, and Hopkins—that used the MOVEit software.  The Actions have overlapping legal claims commonly sounding in negligence, breach of contract, invasion of privacy, and unjust enrichment.

## III.    ARGUMENT

### A.    Transferring the Related Actions for coordinated pretrial proceedings is proper.

28 U.S.C. § 1407 authorizes this Panel to transfer and consolidate two or more civil cases for coordinated pretrial proceedings upon the determination that (i) they "involv[e] one or more common questions of fact," (ii) transfer will further "the convenience of parties and witnesses," and (iii) transfer "will promote the just and efficient conduct of such actions."  28 U.S.C. § 1407(a).  The principal goals of 28 U.S.C. § 1407 are to avoid duplicative discovery, prevent inconsistent or repetitive rulings, promote efficient management of litigation, and conserve the resources of the parties, counsel, and the courts.  *See* MANUAL ON COMPLEX LITIGATION § 22.33 at 367 (4th ed. 2004).  These goals are best served by transferring the Related Actions for coordinated pretrial proceedings, and Section 1407's requirements for transfer are satisfied.

1.      **The Related Actions involve common questions of fact and law.**

The Related Actions are all based on a breach of Defendant Progress's MOVEit software and involve the same or substantially similar questions of law and fact.  Common questions of fact and law at issue in the Related actions include, but are not limited to, the following:

a.  whether Defendants violated state tort, contract, and equitable-based principles by failing to properly secure Plaintiffs' and putative Class Members' PII;

b.  whether Plaintiffs are entitled to declaratory relief;

c.  whether the proposed putative Classes should be certified; and

d.  whether Defendants' conduct caused injury to Plaintiffs and the putative Classes and, if so, in what amount.

While the statute does not require "complete identity or even [a] majority" of common questions of fact to justify transfer, *in re Zyprexa Prods. Liab. Litig.*, 314 F. Supp. 2d 1380, 1381 (J.P.M.L. 2004), even a cursory review of the pleadings reveals that the factual issues to be determined in each of the actions are quite common, making transfer to a single forum highly appropriate.  *See, e.g., In re Neurontin Mktg. & Sales Practices Litig.*, 342 F. Supp. 2d 1350, 1351 (J.P.M.L. 2004) (finding existence of common issues to warrant transfer where "[a]ll actions are purported class actions involving allegations that common defendants have engaged in the illegal promotion and sale of the drug Nuerontin"); *In re Ephedra Prods. Liab. Litig.,* 314 F. Supp. 2d 1373, 1375 (J.P.M.L. 2004) ("Common factual questions arise because these actions focus on alleged side effects of ephedra-containing products, and whether defendants knew of these side effects and either concealed, misrepresented or failed to warn of them.").  Indeed, the Panel has recently consolidated cases involving data breaches.  *See In re T-Mobile 2022 Customer Data Sec. Breach Litig.*, 2023 U.S. Dist. LEXIS 97670 (J.P.M.L. June 2, 2023); *In re KeyBank Customer Data Sec. Breach Litig.*, 2023 U.S. Dist. LEXIS 20900 (J.P.M.L. Feb. 1, 2023); *In re Samsung*

011175-11/2316990 V1

*Customer Data Sec. Breach Litig.*, 2023 U.S. Dist. LEXIS 20899 (J.P.M.L. Feb. 1, 2023); *In re Am. Med. Collection Agency, Inc. Customer Data Sec. Breach Litig.*, 410 F. Supp. 3d 1350, 1353 (J.P.M.L. 2019) (ordering transfer and centralization, recognizing that a "single, multi-defendant MDL" is "necessary to ensure the just and efficient conduct of this litigation.").

In addition, all Actions rely upon similar legal theories of recovery, each turning on the failure of all Defendants to prevent the data breach. Nonetheless, as the Panel has previously stated, "the presence of additional or differing legal theories is not significant when the actions still arise from a common factual core . . . ." *See In re Oxycontin Antitrust Litig.*, 542 F. Supp. 2d 1359, 1360 (J.P.M.L. 2008); *In re: Schnuck Mkts., Inc., Customer Data Sec. Breach Litig.*, 978 F. Supp. 2d 1379, 1380 (J.P.M.L. 2013) (ordering transfer under Section 1407, finding "common questions of fact and aggregation in some matter will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation"). Because numerous common issues of fact exist among these Actions, the pending actions clearly satisfy the first element of the transfer analysis under Section 1407.

### 2. Consolidating the Related Actions will further the convenience of the parties and the witnesses.

Consolidation of the Related Actions likewise satisfies the second requirement of Section 1407 because it will serve the convenience of the parties and witnesses. Discovery in all Related Actions will necessarily focus on documents, witnesses and other evidence pertaining to Massachusetts Defendant Progress's testing, development, sale, and maintenance of the MOVEit software and Progress's knowledge about the ease with which hackers could compromise the software and steal PII. These subjects are likely to be complex and technical and will require substantial discovery. Because these actions arise from a common core of factual allegations, there is a strong likelihood of duplicative discovery demands and redundant depositions.

6

Consolidation will promote the convenience of the parties and efficiency in the pretrial proceedings by eliminating duplicative discovery and the potential for inconsistent rulings, including determinations on class certification. *See, e.g.*, *In re Uber Techs., Inc., Data Sec. Breach Litig.*, 304 F. Supp. 3d 1351, 1353 (J.P.M.L. 2018) ("Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary."); *In re Pilot Flying J Fuel Rebate Contract Litig.,* 11 F. Supp. 3d 1351, 1352 (J.P.M.L. 2014) ("Centralization will avoid repetitive depositions of [the defendant's] officers and employees and duplicative document discovery regarding the alleged scheme."); *In re Uranium Indus. Antitrust Litig.*, 458 F. Supp. 1223, 1230 (J.P.M.L. 1978) ("[Plaintiffs] will have to depose many of the same witnesses, examine many of the same documents, and make many similar pretrial motions in order to prove their . . . allegations. The benefits of having a single judge supervise this pretrial activity are obvious."). Coordination will also enable a single District Judge to establish a single pretrial schedule, thereby minimizing inconvenience to witnesses and expense to parties.

3.     **Transfer and consolidation will promote just and efficient conduct of the Related Actions.**

For these same reasons, transfer and coordination would also promote the just and efficient adjudication of the Related Actions. The Related Actions all raise common questions of fact and law. Plaintiffs in each action will seek to depose many of the same individuals and request production of similar documents. Failure to consolidate these actions would, therefore, result in unnecessary and duplicative discovery; witnesses would have to appear for multiple depositions; and Defendants would have to negotiate and produce multiple sets of overlapping documents. Consolidation and coordination of the actions avoids this needless waste of resources and confers benefits upon both Plaintiffs and Defendants. *See, e.g, Neurontin*, 342 F. Supp. 2d at 1351;

011175-11/2316990 V1

*Ephedra,* 314 F. Supp. 2d at 1375 (supporting consolidation to avoid the possibility of inconsistent rulings (including inconsistent determinations on class certification) and duplicative discovery, as well as needless taxation on the judicial system); *In re European Rail Pass Antitrust Litig.*, 2001 U.S. Dist. LEXIS 1417, at *3 (J.P.M.L. Feb. 7, 2001) (transferring related actions to single district to "eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary").

**B.      The Related Actions should be transferred to the District of Massachusetts for coordinated or consolidated pretrial proceedings.**

In selecting a transferee district, the Panel considers "where the largest number of cases is pending, where discovery has occurred, where cases have progressed furthest, the site of the occurrence of the common facts, where the cost and inconvenience will be minimized, and the experience, skill, and caseloads of available judges." MANUAL ON COMPLEX LITIGATION § 20.131 (4th ed. 2004).[2]  The balance of these factors weighs in favor of transferring the related cases to the District of Massachusetts—the epicenter of the facts giving rise to all Plaintiffs' claims and where the largest number of cases are pending.

**1.      The District of Massachusetts has the most pending Actions and is likely to be the location with the most evidence and the largest number of witnesses.**

Of the 43 Related Actions, thirteen are pending in the District of Massachusetts, so this factor heavily favors consolidation in that court.  *In re Covidien Hernia Mesh Prods. Liab. Litig.*, 607 F. Supp. 3d 1356, 1358 (J.P.M.L. 2022) (District of Massachusetts is the appropriate transferee district because most cases were pending in the district, where defendant was headquartered).

---

[2] The case progression and discovery occurrence factors favor no district because the cases were all filed in the last month and, therefore, have not progressed.

The District of Massachusetts is also favored because it is the site of the occurrence of common facts.  Although Plaintiffs and putative Class Members are spread throughout the nation, Defendant Progress—the primary and most common defendant in the Related Actions—has its headquarters in the District of Massachusetts where most of the discovery will necessarily focus. The Panel has frequently highlighted the importance of factors such as the defendant's location, the locations of relevant documents, and the centrality of the location for the convenience of the parties and the location of witnesses.  *See id.*; *In re Fresenius Granuflo/Naturalyte Dialysate Prods. Liab. Litig.*, 935 F. Supp. 2d 1362, 1363 (J.P.M.L. 2013) (defendant Fresenius located in Massachusetts where "relevant witnesses and documentary evidence common to all the actions are likely to be found"); *ZF-TRW Airbag Control Units Prods. Liab. Litig.*, 410 F. Supp. 3d 1357, 1360 (J.P.M.L. 2019) (defendants both headquartered in Northern District of California, and relevant documents and witnesses likely will be found there); *In re Kaplan Higher Educ. Corp.*, 626 F. Supp. 2d 1323, 1324 (J.P.M.L. 2009) ("We are persuaded that the Southern District of Florida is an appropriate transferee forum[,] where witnesses and documents may be found, inasmuch as Kaplan maintains a headquarters and a place of business there."); *In re Chocolate Confectionary Antitrust Litig.*, 542 F. Supp. 2d 1376, 1377 (J.P.M.L. 2008) (similar). Consolidating the litigation in Massachusetts and nearest to the defendant with the most discoverable information and most relevant witnesses will promote efficiency.

Notably, of the eight briefs submitted in support of consolidation to date, four of them support transfer to the District of Massachusetts, and we understand that Progress will advocate for Massachusetts, as well.  Indeed, defendants PBI and The Berwyn Group, which are headquartered in Minnesota and are defendants in many actions, also favor transfer to the District

of Massachusetts and not Minnesota because Defendant Progress "is likely to be the target of discovery in all actions, and is already a party in most." Dkt. No. 86 at 7.

### 2.    The District of Massachusetts has a favorable caseload and experienced jurists and is a convenient location.

The District of Massachusetts is a major metropolitan court, its judges are well-equipped to manage complex class actions and MDLs, and the district "has the necessary judicial resources and expertise to efficiently manage this litigation." *In re Fresenius Granuflo/Naturalyte Dialysate Prods. Liab. Litig.*, 935 F. Supp. 2d at 1363. The District of Massachusetts is not overtaxed with other MDL dockets, as it has five MDL dockets pending compared to six for the District of Minnesota and seventeen for the Northern District of California as of July 17, 2023. *See* [https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-July-17-2023.pdf](https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-July-17-2023.pdf). And the District of Massachusetts has a manageable caseload on a relative basis. Of the 583,543 cases pending in federal district courts nationwide as of March 31, 2023, only 3,291—or approximately ½ percent—are pending in the District of Massachusetts. *See* [https://www.uscourts.gov/statistics/table/c-1/federal-judicial-caseload-statistics/2023/03/31](https://www.uscourts.gov/statistics/table/c-1/federal-judicial-caseload-statistics/2023/03/31). Twenty-seven districts have more pending cases. *Id.* Indeed, of most of the districts hosting the Related Actions, the District of Massachusetts has the fewest cases. *Id.* (Central District of California, 10,270 cases; Northern District of California, 12,746 cases; Northern District of Illinois, 9,946 cases; Eastern District of Louisiana, 16,423 cases; District of Maryland, 4,047 cases; District of Minnesota, 7,524 cases; District of New Jersey, 62,015 cases).

Further, Boston is a major international airline hub that is reachable by direct flights from most major U.S. cities, making travel to and from Boston convenient. The federal courthouse is conveniently located approximately 15-20 minutes' drive from the airport, and there are ample hotel accommodations within easy walking distance of the courthouse.

011175-11/2316990 V1

IV.    CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Panel transfer the Related Actions and any subsequently filed cases raising similar claims to the District of Massachusetts for coordinated pretrial proceedings.

Dated:  August 4, 2023.                    Respectfully submitted,

LEVIN SEDRAN & BERMAN LLP

*/s/ Charles Schaffer*
Charles Schaffer
510 Walnut Street, Suite 500
Philadelphia, PA  19106
Telephone: (215) 592-1500
Facsimile: (215) 592-4663
cschaffer@lfsblaw.com

Kristen A. Johnson
HAGENS BERMAN SOBOL SHAPIRO LLP
1 Faneuil Hall Square, 5th Floor
Boston, Massachusetts 02109
Telephone: (617) 482-3700
Facsimile: (617) 482-3003
kristen@hbsslaw.com

Steve W. Berman
Sean R. Matt
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, Washington 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
steve@hbsslaw.com
sean@hbsslaw.com

Jeffrey S. Goldenberg
Todd Naylor
GOLDENBERG SCHNEIDER, LPA
4445 Lake Forest Drive, Suite 490
Cincinnati, Ohio 45249
Tel: (513) 345-8291

Fax: (513) 345-8294
jgoldenberg@gs-legal.com
tnaylor@gs-legal.com

Joseph M. Lyon
THE LYON FIRM, LLC
2754 Erie Avenue
Cincinnati, OH 45208
Telephone: (513) 381-2333
Facsimile: (513) 766-9011
jlyon@thelyonfirm.com

*Attorneys for Plaintiffs Tenner, Anastasio, Doe, Siflinger, and Kiyabu*