# BEFORE THE UNITED STATES
# JUDICIAL PANEL ON MULTI-DISTRICT LITIGATION

| | |
|---|---|
| In re:<br><br>**MOVEit CUSTOMER DATA SECURITY BREACH LITIGATION** | MDL Docket No. 3083 |

### INTERESTED PARTY DEFENDANT UNION BANK AND TRUST COMPANY'S RESPONSE AND MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER RELATED CASES AND FOR CENTRALIZED PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407

In May 2023, the well-known Russian cybergang CL0P exploited a vulnerability of the MOVEit file transfer software, owned by Massachusetts-based Progress Software Corporation ("Progress Software"), impacting hundreds of MOVEit customers, including government agencies, financial institutions, law firms, insurance providers, healthcare firms, and education service providers. Defendant Union Bank and Trust Company ("UBT") was one of the MOVEit customers victimized by this global cybercrime.

Dozens of class action lawsuits have been filed since Progress Software and its customers have begun issuing notifications of this data security incident. All of these actions will focus on the zero-day vulnerability of the MOVEit file transfer software, which was unknown to UBT, and how the Russian cybercriminals were able to exploit it.

UBT, in accordance with Rule 6.2 of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, submits the following Interested Party Response to Plaintiff Bruce Bailey's Motion for Transfer and Centralization of Related Actions, pursuant to 28 U.S.C. § 1407. Based on the common operative facts and anticipated legal issues among the dozens of actions that have already been tagged, UBT joins Bailey's arguments for centralized litigation

1

pursuant to section 1407. However, UBT contends that the most appropriate location for centralized litigation is Progress Software's home district of the District of Massachusetts.

I.   BACKGROUND

UBT is a family-owned financial institution based in Lincoln, Nebraska, that provides personal and business banking services. UBT used Progress's MOVEit file transfer software to transfer files. On May 31, 2023, UBT was notified by Progress Software of a zero-day vulnerability within the MOVEit software.

According to the Federal Bureau of Investigation and the Cybersecurity and Infrastructure Security Agency, Russian hackers associated with CL0P gained access to information that was on servers using the MOVEit file transfer software (the "MOVEit Incident").[1]  As a user of that software, UBT immediately took the MOVEit application offline and initiated an investigation into the nature and scope of the event with the assistance of third-party forensic specialists. The investigation determined the vulnerability identified by Progress Software was exploited and certain customer information being stored within UBT's MOVEit application was subject to unauthorized access on May 29, 2023. Thereafter, UBT notified its personal and business customers of the MOVEit Incident.

As a result of its use of Progress Software's MOVEit file transfer software and the MOVEit Incident, UBT has been named a defendant in two putative class actions tagged in this MDL. Progress Software is not a defendant in either of these actions, but UBT may name Progress Software as a third-party defendant pursuant to Federal Rule of Civil Procedure 14.

---

[1] https://www.cisa.gov/news-events/news/cisa-and-fbi-release-advisory-cl0p-ransomware-gang-exploiting-moveit-vulnerability

## II.  ARGUMENT

### A.  The Standards for Consolidation and Transfer Are Met

Section 1407(a) provides that when civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. In considering consolidation, "the Panel's statutory mandate is to weigh the interests of all the plaintiffs and all the defendants, and to consider multidistrict litigation as a whole in light of the purposes of the law." *In re Falstaff Brewing Corp. Antitrust Litig.*, 434 F. Supp. 1225, 1229 (J.P.M.L. 1977) (citing *In re Library Editions of Children's Books*, 297 F. Supp. 385, 386 (J.P.M.L.1968)).

Under Section 1407, transfer and consolidation or coordination of cases is permitted so long as they meet three requirements: (1) the cases "involv[e] one or more common questions of fact;"(2) transfer and consolidation or coordination will further "the convenience of parties and witnesses;"and (3) transfer and consolidation or coordination "will promote the just and efficient conduct of [the] actions." 28 U.S.C. § 1407(a). "Centralization is designed to "eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to class certification matters), and conserve the resources of the parties, their counsel and the judiciary." *In re Methyl Methacrylate (MMA) Antitrust Litig.*, 435 F. Supp. 2d 1345, 1347 (J.P.M.L. 2006); *In re SoClean, Inc., Mktg., Sales Pracs. & Prod. Liab. Litig.,* 585 F. Supp. 3d 1355, 1356 (J.P.M.L. 2022). Furthermore, transfer under section 1407 and centralization does not require a complete identity of common factual issues or parties as a prerequisite to transfer, and the presence of additional facts or differing legal theories is not significant where the actions still arise from a common factual core. *In re FTX Cryptocurrency Exch. Collapse Litig.*, No. MDL 3076, 2023 WL 3829242, at *2 (U.S. Jud. Pan. Mult. Lit. June 5, 2023) (citing *In re Auto Body Shop Antitrust Litig.*, 37 F. Supp. 3d 1388, 1390-91 & n.5 (J.P.M.L. 2014)).

Here, common questions of fact exist across the Related Actions, namely the nature and extent of the MOVEit Incident, which is the subject of and basis for each class action. Other common questions of fact concern the similar nature of Plaintiffs' claims—alleging wrongdoing by Progress Software and MOVEit's customers—related to data security practices and procedures, Progress Software's and others' investigation and response to the MOVEit Incident, and the notifications provided of the MOVEit Incident. Additional common questions of fact concerning plaintiffs and proposed class members include their purported injuries resulting from the MOVEit Incident and purported class-wide damages. In addition, defendants are likely to raise similar defenses.

Transfer and centralization will also serve the convenience of parties and witnesses, promote efficiency and judicial economy, and prevent duplicative discovery and inconsistent rulings, due to the significant overlap among the parties in each of the Related Actions. Centralization will avoid inconsistent rulings on plaintiffs' similar claims and defendants' similar defenses likely to be raised at the pleadings phase, or at class certification or summary judgment. Witnesses will not be forced to testify in dozens of separate cases. Centralization will significantly lower the cost of litigation for all parties, as well as the burden on the courts. All of the Related Actions were filed in late June or July 2023, and are in essentially the same procedural posture. No parties will be prejudiced by transfer and centralization.

**B.     The District of Massachusetts is the Most Appropriate Venue**

Should the Panel choose to centralize and consolidate the Related Actions before one court, UBT submits that the District of Massachusetts is the most appropriate venue. Progress Software is located in Massachusetts, and as the MOVEit Incident was the result of the exploitation by Russian hackers of a vulnerability within its MOVEit file transfer software application, it is likely

to be the target of discovery in all actions. By comparison, the other districts where the Related Actions have been filed are either where MOVEit users are located or where named plaintiffs reside. Those jurisdictions will not have the connection to each of the Related Actions that Massachusetts does.

### III. CONCLUSION

For the reasons stated herein, Union Bank and Trust supports centralization of the Related Actions in the U.S. District Court for the District of Massachusetts.

Dated: August 4, 2023                                   Respectfully submitted,

*/s/ James Monagle*
James Monagle
Mullen Coughlin LLC
309 Fellowship Road, Suite 200
Mt. Laurel, NJ 08054
(267) 930-1529
jmonagle@mullen.law

*Counsel for Defendant Union Bank and Trust Company*
