BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION | MDL DOCKET NO.: 3083 |

**PETER BEHRENS'S INTERESTED PARTY RESPONSE
IN PARTIAL OPPOSITION TO MOTION TO TRANSFER**

Interested Party, Plaintiff Peter Behrens ("Plaintiff Behrens"), the Plaintiff in *Behrens v. Genworth Financial, Inc.* pending in the U.S. District Court for the Eastern District of Virginia, No. 3:23-cv-515 ("*Behrens* Action"), respectfully submits this Interested Party Response in Opposition to the Motion for Centralization and Transfer of Related Actions to the District of Minnesota Pursuant to 28 U.S.C. § 1407 for Consolidated Pretrial Proceedings filed by Bruce Bailey in this MDL on July 6, 2023 ("Motion to Transfer"). Specifically, Behrens opposes the Motion to Transfer based on the "Notice of Related Actions" filed by Genworth Financial, Inc. ("Genworth"), which identified the *Behrens* Action as a case that Genworth contends should be transferred to this MDL 3083. Dkt. 165.

**I.       INTRODUCTION**

Behrens opposes Genworth's improper "Notice of Related Action" and its effort to include his case into the centralization effort before the Panel. The *Behrens* Action is not eligible for transfer and transfer is neither necessary nor appropriate. Behrens, a longtime Virginia resident, sued Genworth Financial, Inc. ("Genworth"), a Richmond, Virginia-based company, for failing to protect his personally identifiable information ("PII"), including his Social Security number, from well-known threats by hackers. Exhibit A, *Behrens* Action Complaint. Specifically, Behrens entrusted sensitive data to Genworth in order to purchase a long-term care insurance policy, and he alleges that, *inter alia*, Genworth failed to protect that data, which led to his information being

breached by hackers between May 29 and May 30, 2023 (the "Data Breach"). *See Behrens* Action Compl. ¶¶ 1-6. According to Genworth's statements concerning the Data Breach, Genworth entrusted Behrens's data to another company, Pension Benefit Information, LLC ("PBI")—with whom Behrens has no contractual relationship—and PBI used the MOVEit file transfer software owned by Progress Software Corporation (and Ipswitch, Inc.)[1] ("PSC"), which contained a vulnerability to hackers. *Id*.

While there are several entities involved in the ultimate exposure of Behrens's sensitive information (including PSC and PBI), the purpose of the *Behrens* Action is holding Genworth accountable for its failure to safeguard the information entrusted to it by Behrens and a class of 2.5 to 2.7 million similarly situated customers. Naturally, Genworth would much prefer that Behrens's case be transferred and centralized with over 40 other cases that are, as Genworth admits in its response, (Dkt. 135), focused on the liability of entities other than Genworth—entities that Genworth expressly blames for its obvious failure to protect 2.5 to 2.7 million Genworth customers' most sensitive information. To transfer Behrens's case would benefit only Genworth and unnecessarily obscure Behrens's path to hold Genworth accountable.

## II.    LEGAL STANDARD

Federal civil actions are eligible for transfer pursuant to 28 U.S.C. § 1407 if they involve "common questions of fact" subject to discovery. *See* 28 U.S.C. § 1407(a); *In re Kugel Mesh Hernia Patch Products Liability Litigation*, 493 F. Supp. 2d 1371, 1372-73 (J.P.M.L. 2007). A party moving to centralize cases into a muti-district litigation bears "a heavy burden" to establish that a transfer is justified under 28 U.S.C. § 1407. *In re 21st Century Prods., Inc. "Thrilsphere"*

---

[1] Some Related Cases have included Ipswitch, Inc. as a defendant, as PSC purchased Ipswitch, Inc., the developer of MOVEit, in 2019. *See, e.g.*, Dkt. 1-12, *Pipes* Complaint ¶¶ 16-18.

*Contract Litig.*, 448 F. Supp. 271, 273 (J.P.M.L. 1978). Where the evidentiary needs of some actions fundamentally differ from others, transfer and centralization will not promote efficiency. *See In re Comcast Corp. Emp. Wage & Hour Emp. Pracs. Litig.*, 190 F. Supp. 3d 1344, 1345 (J.P.M.L. 2016) ("[D]espite the factual commonality among the actions, we are not convinced that centralization is necessary to ensure the efficient conduct of these cases[.]").

**III.   ARGUMENT**

   **A. The *Behrens* Action Does Not Share Common Facts to Make It Elligible for Transfer.**

As several parties in support of transfer have framed it, "Reviewing the complaints in the Related Actions reveals that they concern PSC's MOVEit software vulnerability and allege that PSC failed to take adequate measures to protect the PII stored in its systems through the MOVEit software system, resulting in the Data Breach."[2] Alternatively, some of the complaints allege that PBI, a company to whom other companies entrusted their customers' data, failed to take adequate measures to protect the PII stored in its systems through the MOVEit software system, resulting in a data breach. But, in the *Behrens* Action, Peter Behrens makes no allegations that PSC or PBI failed to protect his data. Moreover, he names neither PSC nor PBI as a defendant. Rather, Behrens alleges only that Genworth—the company to whom he and putative class members entrusted their data—failed to protect his data. Genworth admits in its response that other actions against it as to which it filed earlier Notices of Related Actions (the *King* and *Hauser* Actions) "do not name PSC and PBI as defendants," but submits "those cases too hinge on the MOVEit vulnerability and implicate PSC's and PBI's roles." Dkt. 135 at 3. That the *Behrens*, *King*, and *Hauser* actions "implicate" the "roles" of two companies that those plaintiffs did not sue is not enough to permit

---

[2] Parties in favor of transfer refer to the independent breaches of thousands of companies and government agencies as a single "Data Breach" because it serves the narrative for centralization, but the "breach" they refer to was in fact numerous discrete data breaches.

3

transfer. *See In re Accellion, Inc., Customer Data Security Breach Litigation*, MDL 3002 (Aug. 1, 2021) (denying transfer and centralization of 26 data breach actions as "unnecessary for the convenience of the parties and witnesses or to further the just and efficient conduct of this litigation" because "any factual overlap among the actions as to Accellion's [file transfer] product, its vulnerability to attack, and its alleged support of this 'legacy' product may be eclipsed by factual issues specific to each client defendant"). Moreover, Genworth, unlike the PSC or PBI, is a consumer-facing company, which creates a legal and factual relationship that differs from PSC or PBI. *See also* Dkt. 130, Johns Hopkins Plaintiffs' Response in Opposition to Motion to Transfer, at 4 ("[T]he Hopkins Defendants, unlike the Progress Companies, are consumer-facing, establishing both a legal and factual relationship that differs from many of the other defendants.").

Among the questions that other parties in favor of transfer put forth as "common questions of fact" are: whether PSC had a duty to use reasonable care in safeguarding Plaintiffs' and the Class's PII; whether PSC failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Data Breach; whether PSC was negligent in maintaining, protecting, and securing PII; whether PSC breached contract promises to safeguard Plaintiffs' and the Class's PII; whether PSC took reasonable measures to determine the extent of the Data Breach after discovering it; and Whether PSC's Breach Notice was reasonable. *See, e.g.*, Dkt. 77, at 7. None of these questions are at issue in the *Behrens* Action, and thus, none of these questions are "common" to the Related Actions.

Importantly, Genworth is not even named as a defendant in the vast majority of the cases and tagalongs presented by the parties in favor of transfer—unique cases covering unique data breaches including Johns Hopkins patients, California pensioners, Nebraska bank customers, and Louisiana driver's license holders. Currently, six of the other "related" actions name Genworth as

a defendant, and those are the only other related actions to allege that *Genworth* failed to protect individuals' data. *See* Dkt. 59 (identifying *Anastasio v. Genworth Fin., Inc., et al.*, No. 23-cv-11442 (D. Mass. filed June 28, 2023, and amended to name Genworth July 13, 2023)); Dkt. 70 (identifying *King v. Genworth Fin. Inc.*, No. 23-cv-426 (E.D. Va. filed June 30, 2023)); Dkt. 110 (identifying *Hauser, v. Genworth Life Ins. Co.*,[3] No. 23-cv-486 (E.D. Va. filed Aug. 2, 2023)); Dkt. 159 (identifying *Smith v. Genworth Fin., Inc.*, 23-cv-510 (E.D. Va. filed Aug. 14, 2023)); Dkt. 165 (identifying *Hale, et al. v. Genworth Fin. Inc.*, No. 23-cv-517 (E.D. Va. Filed Aug. 15, 2023); Dkt. 182 (identifying *Burkett, Jr. v. Genworth Life & Annuity Ins. Co.*, No. 23-cv-528 (E.D. Va. filed Aug. 17, 2023)). Except for *Anastasio*, these six actions and the *Behrens* Action *exclusively* seek to hold Genworth liable and were filed in the Eastern District of Virginia, where local consolidation is the much more appropriate step due to the (truly) overlapping claims and theories of liability. The other "related" actions mostly allege only that PSC, PBI, and/or The Berwyn Group (an alleged business partner of PBI) failed to protect consumers' data. The *Behrens* Action should not be transferred because Behrens, a Genworth customer, is exclusively focused on the liability of Genworth—not PSC, not PBI, and not anyone outside the Genworth corporate group.

### B. Transfer of the *Behrens* Action is Unnecessary and Inappropriate.

Vital to the Panel's analysis is that should the *Behrens* Action be centralized and transferred, Behrens's theories of liability against Genworth will be abandoned in favor of a broad brushstroke pinning PSC and/or PBI as the only culpable parties. Understandably, but wholly without merit or constitutional concern, Genworth's sophisticated counsel fully endorsed this concept by filing a notice of related action in this MDL, which prompted Behrens's instant

---

[3] Genworth Life Insurance Company is a subsidiary of Genworth.

response. Indeed, in Genworth's filing in support of transfer, Dkt. 135, Genworth repeatedly attempts to shift blame to PSC and PBI. But Genworth's culpability cannot be obfuscated by an end-run around Behrens's right to prosecute his case on behalf of herself and the putative class. For these reasons, transfer of the *Behrens* Action is wholly inappropriate.

Of numerous Panel decisions in other data breach cases cited by the parties in support of transfer, in none of those cases surveyed by Behrens did the Panel transfer a case filed against a different defendant with a unique theory of liability. *See In re T-Mobile Customer Data Sec. Breach Litig.*, 576 F. Supp. 3d 1373 (J.P.M.L. 2021) (finding centralization and transfer was appropriate for putative class actions concerning alleged data security breach of cellular phone provider's systems); *In re Am. Med. Collection Agency, Inc., Customer Data Sec. Breach Litig.*, 410 F. Supp. 3d 1350 (J.P.M.L. 2019) (finding centralization was appropriate in data breach to collection agency, involving compromised patient data); *In re Ashley Madison Customer Data Sec. Breach Litig.*, 148 F. Supp. 3d 1378 (J.P.M.L. 2015); *In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*, 363 F. Supp. 3d 1372 (J.P.M.L. 2019); *In re Uber Techs., Inc., Data Sec. Breach Litig.*, 304 F. Supp. 3d 1351 (J.P.M.L. 2018); *In re: Schnuck Markets, Inc., Customer Data Sec. Breach Litig.*, 978 F. Supp. 2d 1379, 1380 (J.P.M.L. 2013). Rather, in data breach cases similar to the MOVEit cases, centralization has been denied where, "rather than a single data breach, there were numerous data breaches of each client defendant, occurring at different times and involving each client defendant's own servers." *In re Accellion, Inc., Customer Data Sec. Breach Litig.*, 543 F. Supp. 3d 1372, 1374 (J.P.M.L. 2021). The Panel should reach the same conclusion here.

Furthermore, no efficiencies would be gained for Behrens by mass centralization. One group of cases supporting transfer states: "Discovery in all Related Actions will necessarily focus on documents, witnesses and other evidence pertaining to Massachusetts Defendant Progress's

6

testing, development, sale, and maintenance of the MOVEit software and Progress's knowledge about the ease with which hackers could compromise the software and steal PII." This statement does not, in fact, apply to "all Related Actions" if the *Behrens* Action is included in a transfer. Rather, in the *Behrens* Action the nucleus of discovery will be focused on *Genworth's* knowledge, acts, and omissions for which it is *independently liable*, as alleged by Behrens. In reality, litigating the various claims against a growing list of unique defendants in one consolidated action will create significant inefficiencies as the court and the parties will habitually be asked to sort out which issues overlap, and which do not. *See In re Accellion, Inc.*, MDL 3002.

Finally, it is unfair and inappropriate for Behrens, the Virginia resident who initiated the *Behrens* Action, to be required to litigate against a Virginia-based company whom he sued in federal court in Virginia in a forum outside of Virginia.

### IV.  CONCLUSION

For the reasons set forth above, Behrens opposes the transfer of the *Behrens* Action.

Dated: August 29, 2023

Respectfully submitted,

By: *Jeff Ostrow*
Jeff Ostrow FBN 121452
**KOPELOWITZ OSTROW**
**FERGUSON WEISELBERG GILBERT**
One West Las Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Telephone: 954-525-4100
ostrow@kolawyers.com

*Counsel for Plaintiff and the Putative Class* (*Peter Behrens v. Genworth Life Insurance Company*, No. 3:23-cv-515 (E.D. Va.))

7