BEFORE THE UNITED STATES

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION | MDL NO. 3083<br><br>Case No. 23-cv-3999 (D.N.J.) |

**INTERESTED PARTY RESPONSE IN OPPOSITION TO MOTION TO TRANSFER AND CONSOLIDATE ACTIONS PURSUANT TO 28 U.S.C. § 1407**

Interested Party Richard Weissman ("Plaintiff Weissman") – the Plaintiff in *Weissman v. Athene Annuity and Life Company, et al.*, Case No. 1:23-cv-03999, pending in the United States District Court for the District of New Jersey ("Weissman Action") – opposes the Motion of Bruce Bailey ("Movant"), the plaintiff in *Bailey v. Progress Software Corp., et al.* ("Bailey Action") to centralize all Related Actions[1] and transfer them to the United States District Court for the District of Minnesota (MDL No. 3083, Doc. 1). The Weissman Action is primarily focussed on the actions and inactions of Athene Annuity and Life Company ("Athene"), thus the tagging of the Weissman Action as a Related Action in this Multidistrict Litigation ("MDL") by Pension Benefit Information, LLC ("PBI") is misguided and inappropriate; particularly as at the time of filing this Response, the Weissman Action is the only action in the MDL to name Athene as a defendant.

Given that the Weissman Action will focus on the breach by Athene of obligations it owed to its customer, Plaintiff Weissman, rather than PBI, a stranger to Plaintiff Weissman, the centralization of the Weissman Action should be denied for the same reasons the Panel denied centralization in *In re Accellion, Inc., Customer Data Security Breach Litigation*, 543 F. Supp. 3d 1372 (J.P.M.L. 2021) and for the same reasons as put forth by other plaintiffs opposing this Motion. *See* (ECF Nos. 184, 193).

---

[1] "Related Actions" means the other actions included in MDL 3083.

1

**I. BACKGROUND**

Plaintiff Weissman entrusted his personal information to Athene, who apparently passed that information onto PBI – a user of the MOVEit software with whom Plaintiff Weissman had no direct relationship. Weissman Compl. ¶ 29. On May 29 and May 30, 2023, an unauthorized third party had accessed a MOVEit Transfer Server containing the personal information and health information of Athene's customers (the "Data Breach"). *Id*. ¶ 5. Following this, on July 26, 2023, the Weissman Action was filed in the District of New Jersey against Athene and PBI alleging that Athene had failed to adequately protect its customers personal identifying and health information; including their addresses, dates of birth, and Social Security Numbers. *Id.* at ¶ 14, 37.

Meanwhile, on July 5, 2023, Movant filed a class action complaint in the District of Minnesota alleging claims arising from the MOVEit software data breach, naming Progress Software Corporation ("PSC"), the seller of MOVEit software, and PBI, one of hundreds of customers of PSC that use the MOVEit software. The next day, Movant filed the Motion for Centralization and Transfer of Related Actions, pursuant to 28 U.S.C. § 1407 ("MDL Motion"). (ECF No. 1). On July 27, 2023, PBI improperly tagged the Weissman Action as a Related Action. Plaintiff Weissman now opposes the MDL Motion.

**II. LEGAL STANDARD**

Federal civil actions are eligible for transfer pursuant to 28 U.S.C. § 1407 ("§ 1407") if they involve "common questions of fact" subject to discovery. *See* § 1407(a); *In re Kugel Mesh Hernia Patch Products Liability Litig.*, 493 F. Supp.2d 1371, 1372-73 (J.P.M.L. 2007). Section 1407 permits transfer and consolidation for pretrial proceedings of civil actions involving common questions of fact that are pending in different districts if the transfer and consolidation "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." § 1407. However, "'centralization under Section 1407 should be the

2

last solution after considered review of all other options.'" *In re Six Flags Fair and Accurate Credit Transactions Act (FACTA) Litig.*, 2018 WL 671913, at *1 (J.P.M.L. Feb. 1, 2018) (citation omitted).

A party moving to centralize cases into a MDL bears "a heavy burden" to establish that a transfer is justified under Section 1407. *In re 21st Century Prods., Inc. "Thrilsphere" Contract Litig.*, 448 F. Supp. 271, 273 (J.P.M.L. 1978). Where the evidentiary needs of some actions fundamentally differ from others, transfer and centralization will not promote efficiency. *See In re Comcast Corp. Emp. Wage & Hour Emp. Pracs. Litig.*, 190 F.Supp.3d 1344, 1345 (J.P.M.L. 2016) ("despite the factual commonality among the actions, we are not convinced that centralization is necessary to ensure the efficient conduct of these cases").

### III. ARGUMENT

#### A. The Weissman Action Does Not Share Common Facts With the Proposed MDL

Here, the questions of fact in the Weissman Action focus on the actions and inactions of Athene. Weissman Compl. ¶ 65.

Athene is not named as a defendant in any other action to the MDL. As such, Plaintiff Weissman repeats the argument of counsel for Plaintiff Behrens' on this point[2] with greater force as the Weissman Action's main defendant, Athene, is named in none of the other Related Actions. *See* (ECF No. 193 at 4-5). In fact, the Weissman Action involves an entirely different proposed class to that of any other action in the MDL and alleges entirely different claims against an entirely different defendant, Athene, which is the entity Plaintiff Weissman and his fellow Athene customers, entrusted their personal data to safeguard. Weissman Compl ¶ 64. As a result, there are no overlapping common questions between the Weissman Action and the

---

[2]   Plaintiff Behrens argues that as defendant Genworth is named in only six of the Related Actions, *Behrens* should not be transferred as it is unrelated to the "vast majority" of Related Actions.

3

proposed MDL, save for the mere use of the MOVEit software by a party contracted by Athene, which by itself falls short of discharging the "heavy burden" on Movant.

### B. Centralization of The Weissman Action is Neither Efficient nor Convenient

Consolidation would not provide any efficiency or convenience for any of the parties, in fact, consolidation and transfer of the Weissman Action would do just the opposite. The Weissman Action will focus on the actions and inactions of Athene. Thus, discovery will focus on Athene's duty to their customers to protect sensitive personal information; Athene's data privacy processes and procedures; Athene's failure to detect the data breach; Athene's failure to prevent or minimize the scope of the data breach; Athene's response to the data breach; the steps Athene took to mitigate the damage; and the value of information of Athene's customers. In fact, considerable research has already been made by Plaintiff Weissman's counsel in respect to Athene as a company, their data privacy policies, and practices. Weissman Compl. ¶¶ 24-29. Ultimately, the issues presented in the Weissman Action are unique to the Weissman Action and there is no efficiency nor convenience to be gained through centralization and transfer.[3] *See In re Comcast Corp. Emp. Wage & Hour Emp. Pracs. Litig.*, 190 F.Supp.3d at 1345 (2016).

Moreover, the situation here is akin to the Panel's decision in *In re Accellion, Inc., Customer Data Sec. Breach Litig.*, 543 F. Supp. 3d 1372 ("*Accellion*"). Plaintiff Weissman repeats with full force the argument of plaintiff Hale – plaintiffs in *Hale v. Genworth Financial Inc.* – in their Opposition as those same arguments regarding *Accellion* are also applicable to the Weissman Action. (ECF No. 184 at 4-5).

---

[3]   Although the Weissman Action names PBI as a second defendant, it does so because it is an agent of Athene, while focussing the causes of action and the conduct alleged therein primarily against Athene. The mere fact that PBI may be involved – as an agent of Athene – does not satisfy the "heavy burden" warranting centralization.

Additionally, the mere fact that the MOVEit software is relevant to the Weissman Action does not mean efficiency is to be gained from centralization and transfer. Even if Plaintiff Weissman required discovery from PSC, as in *Accellion*, such discovery could be informally coordinated, as detailed *infra*. The far more time-consuming, and important, discovery will be that which Plaintiff Weissman seeks from Athene. Specifically, Plaintiff Weissman will be seeking depositions from employees of Athene, Athene executives, Athene cybersecurity officers, and those in charge of protecting the proposed class's private data.

Plaintiff Weissman further repeats the argument of Hale in their Opposition as it relates to litigating unrelated claims against "potentially hundreds of varying defendants" creating significant inefficiencies, as that argument also applies here. (ECF No. 184 at 6). What is more, as the Weissman Action is the only action against Athene, the overlap between Related Actions will be minimal and the Weissman Action will suffer the greatest inefficiencies if involved with hundreds of other entirely unrelated claims and parties in the MDL.

It has also been previously held – in relation to a motion to sever in an MDL – that an unrelated defendant would "distract from the trial's primary focus on issues of more general relevance." *In re Nat'l Prescription Opiate Litig.*, MDL 2804 (N.D. Ohio Aug. 14, 2019). That same argument applies here. The Weissman Action is the only case to the MDL to name Athene as a defendant. As such, the Related Actions in the MDL need not concern themselves with Athene's actions and inactions, nor would the individual plaintiffs and counsel in each of the Related Actions wish to unnecessarily spend any time on Athene. The inclusion of the Weissman Action, and in particular, Athene, would simply serve as a distraction to the MDL, thus creating inefficiencies. It is therefore in the interests of efficiency and convenience for all Related Parties in the MDL to exclude the Weissman Action to minimize any distractions in the, already sizeable, MDL, consistent with prior MDL decisions. *See id.*; *see also In re CP4 Fuel Pump Mktg., Sales Pract., & Prods. Liabl. Litig.*, 412 F.Supp.3d 1365, 1367 (J.P.M.L.

2019) (Explaining the Panel's "usual reluctance to centralize actions against different defendants in one MDL," because "a multi-defendant MDL may prolong pretrial proceedings, because of, *inter alia*, the possible need for separate discovery and motion tracks.").

  **C. Alternatives to Centralization Are Feasible <u>and Would Create Greater Efficiencies</u>**

  In the circumstances presented here, informal cooperation among counsel and the parties is a workable alternative that is both practical and likely to promote the convenience of the parties and achieve efficiencies without the need for centralization.

  As emphasized above, the issues presented in the Weissman Action are entirely unique to the Weissman Action and it would be far more efficient for the proposed MDL and Weissman Action to have the Weissman Action litigated separately. Nevertheless, Plaintiff Weissman acknowledges that the MOVEit software is relevant to the Weissman Action and thus discovery may be required from PBI and/or PSC. However, Plaintiff Weissman is prepared to informally cooperate with PSC and PBI to arrange such discovery. This alternative is far more efficient than subjecting Plaintiff Weissman to an MDL containing potentially hundreds of defendants and having to cooperate with hundreds of other parties to obtain the limited discovery that *may* be required from PSC and/or PBI. In circumstances such as these, the Panel has often declined to order centralization, and has recognized informal cooperation as a preferable alternative to centralization; as the Panel should also do here. *See In re Boehringer Ingelheim*, 763 F. Supp. 2d 1377, 1378 (denying centralization of four procedurally dissimilar cases, three of which were brought by plaintiffs with common counsel, and where the defendant had common counsel in all four actions and opposed centralization, concluding that "alternatives to formal centralization, such as voluntary cooperation among the few involved counsel and courts, appear viable"); *see also Accellion*, 543 F. Supp. 3d at 1374 ("Proponents of centralization argue that even in the actions in which Accellion is not named, it will be involved in some

third-party discovery. But we are persuaded that such discovery can be informally coordinated.").

## IV. CONCLUSION

For the foregoing reasons, Plaintiff Weissman opposes the consolidation of the Weissman Action into the proposed MDL and opposes the transfer of his action to the District of Minnesota.

DATED: August 31, 2023

        **GAINEY McKENNA & EGLESTON**

        By:   */s/ Thomas J. McKenna*
               Thomas J. McKenna
        Gregory M. Egleston
        Christopher M. Brain
        501 Fifth Avenue, 19th Fl.
        New York, NY 10017
        Telephone: (212) 983-1300
        Facsimile: (212) 983-0383
        Email: gegleston@gme-law.com
        Email: tjmckenna@gme-law.com
        Email: cbrain@gme-law.com

        **GAINEY McKENNA & EGLESTON**
        Barry J. Gainey
        375 Abbott Road
        Paramus, NJ 07652
        Telephone: (201) 225-9001
        Facsimile: (201) 225-9002
        Email: bgainey@gme-law.com

        ***Attorneys for Plaintiff Weissman***

BEFORE THE UNITED STATES JUDICIAL
PANEL ON MULTI-DISTRICT LITIGATION

| IN RE MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION | MDL NO. 3083 |
|---|---|

## PROOF OF SERVICE

In compliance with Rule 4.1(a) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, the undersigned, counsel for Plaintiff Richard Weissman, hereby certifies that the ***INTERESTED PARTY RESPONSE IN OPPOSITION TO MOTION TO TRANSFER AND CONSOLIDATE ACTIONS PURSUANT TO 28 U.S.C. § 1407*** was filed electronically with the Clerk of the Court using the CM/ECF system on August 31, 2023, and served on all recipients in the manner indicated on the attached service list:

Dated: August 31, 2023

Respectfully submitted,

*/s/ Thomas J. McKenna*

Thomas J. McKenna
**GAINEY McKENNA & EGLESTON**
501 Fifth Avenue, 19th Floor
New York, New York 10017
Telephone: (212) 983-1300
Email: tjmckenna@gme-law.com

*Counsel for Plaintiff Richard Weissman*
in Case No. 1:23-cv-03999 (D. N.J.)

- 1 -

- 2 -

| VIA ELECTRONIC MAIL ||
| --- | --- |
| **PARTY** | **COUNSEL** |
| Defendant Pension Benefit Information LLC. | **Via ECF/email**<br><br>Paulyne Gardner<br>MULLEN COUGHLIN LLC<br>425 W. Lancaster Avenue, Suite 200<br>Devon, PA 19333<br>pgardner@mullen.law |
| VIA U.S. MAIL ||
| Athene Annuity and Life Company<br>7700 Mills Civic Parkway<br>West Des Moines, Iowa 50266 | |