**COHELAN KHOURY & SINGER**
Timothy D. Cohelan (SBN 60827)
tcohelan@ckslaw.com
Isam C. Khoury (SBN 58759)
ikhoury@ckslaw.com
Rosemary C. Khoury (SBN 331307)
rkhoury@ckslaw.com
605 C Street, Suite 200
San Diego, CA 92101
Telephone: (619) 595-3001/Facsimile: (619) 595-3000

**KEEGAN & BAKER, LLP**
Patrick N. Keegan (SBN 167698)
pkeegan@keeganbaker.com
2292 Faraday Avenue, Suite 100
Carlsbad, CA 92008
Telephone: (760) 929-9303/Facsimile: (760) 929-9260

Attorneys for Plaintiff JOHN DOE

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> PENSION BENEFIT INFORMATION, LLC, <br><br> Defendants. | Case No. **'23CV1610 BEN BGS** <br><br> **CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION, AND INJUNCTIVE RELIEF FOR VIOLATIONS OF:** <br><br> **(1) BREACH OF CALIFORNIA CONSUMER PRIVACY ACT, CAL. CIVIL CODE § 1798.150;** <br><br> **(2) BREACH OF CALIFORNIA SECURITY NOTIFICATION LAW, CAL. CIVIL CODE § 1798.82;** <br><br> **(3) CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.*;** <br><br> **(4) NEGLIGENCE; and** |

1   **(5)   BREACH OF IMPLIED**
2         **CONTRACT;**
3   **JURY TRIAL DEMANDED**

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Plaintiff JOHN DOE (or "Plaintiff"), by and through his attorneys, brings this class action on behalf of himself individually and all others similarly situated, against Defendant PENSION BENEFIT INFORMATION, LLC ("PBI" or "Defendant"), and alleges upon information and belief as follows:

## INTRODUCTION

1. This class action arises from the negligent failure of PBI to properly create, maintain, preserve, and/or store confidential, personal information of Plaintiff[1] and all other persons similarly situated which allowed such unencrypted personal information to be accessed and "downloaded" or exfiltrated, and "exploited," by at least one "unauthorized third party," on the computer network or data "servers" of PBI, on May 29, 2023 and May 30, 2023, resulting in violations of the California Consumer Privacy Act ("CCPA"), Cal. Civil Code section 1798.150, and the Cal. Business and Professions Code sections 17200, *et seq*. Under the CCPA, Plaintiff, and all other persons similarly situated, have the right to expect that the confidentiality of their personal information in possession of PBI to be reasonably preserved and protected from unauthorized access and exfiltration, theft, or disclosure. In fact, subdivision (a) of Section 1798.81.5 of the Cal. Civil Code provides, *inter alia* that, "It is the intent of the Legislature to

---

[1] The Ninth Circuit permits the use of pseudonyms in cases where concealing a party's identity is necessary to protect that party from "harassment, injury, ridicule, or personal embarrassment." *United States v. Doe*, 655 F.2d 920, 922 n. 1 (9th Cir. 1981); *Does I thru XXIII* v. Advanced Textile, 214 F.3d 1058, 1086 (9th Cir. 2000). Here, a pseudonym has been used in place of the real name of Plaintiff because at all times relevant to this action, Plaintiff's personal information was subject to unauthorized access and exfiltration, theft, or disclosure as a result of Defendant's statutory violations and Plaintiff has individual privacy concerns and a reasonable fear of harm, harassment, injury, ridicule, and personal embarrassment in light of the nature of the case. Additionally, the real name of Plaintiff is not unknown to Defendant because prior to the filing of this complaint, Plaintiff's counsel sent a pre-filing CCPA notice letter to Defendant's attorney and registered service agent on August 23, 2023, which discloses the real name of Plaintiff.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

ensure that personal information about California residents is protected. To that end, the purpose of this section is to encourage businesses that own, license, or maintain personal information about Californians to provide reasonable security for that information." Additionally, paragraph (1) of subdivision (a) of Section 1798.81.5 of the Cal. Civil Code provides, *inter alia* that, "any consumer whose nonencrypted and nonredacted personal information, as defined in subparagraph (A) of paragraph (1) of subdivision (d) of Section 1798.81.5, [] is subject to an unauthorized access and exfiltration, theft, or disclosure as a result of the business's violation of the duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information may institute a civil action …."

2. As alleged more fully below, PBI negligently created, maintained, preserved, and stored Plaintiff's and the Class's (defined *infra*) personal information, in PBI's possession, in a nonencrypted and a nonredacted manner prior to and on May 29, 2023 and May 30, 2023, allowing such nonencrypted and nonredacted personal information to be accessed and "downloaded" or exfiltrated, and "exploited," by at least one "unauthorized third party," without Plaintiff's and the Class Members' prior consent, due to PBI's failure to implement and maintain reasonable and appropriate security procedures and practices to protect the personal information in its possession from unauthorized access and exfiltration, and ensure the confidentiality of the personal information in its possession, including failing to implement adequate and reasonable security controls and user authorization and authentication processes, failing to limit the types of data permitted to be transferred, failing to encrypt Plaintiff's and the Class's "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of Section 1798.81.5 of the Cal. Civil Code,[2] and failing to properly and

---

[2] "Personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code means either of the

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

adequately educate and train its employees. In fact, PBI's notice letter, dated August 4, 2023, entitled "**Notice of Data Breach**," signed "The PBI Team," sent to Plaintiff and other persons similarly situated, stated in part, "PBI provides audit and address research services for insurance companies, pension funds, and other organizations, including The Hartford. PBI is providing notice of a third-party software event that may affect the security of some of your information," and informed him, in part, of "**What Happened?** On or around May 31, 2023, Progress Software, the provider of MOVEit Transfer software disclosed a vulnerability in their software that had been exploited by an unauthorized third party. PBI utilizes MOVEit in the regular course of our business operations to securely transfer files. PBI promptly launched an investigation into the nature and scope of the MOVEit vulnerability's impact on our systems. Through the investigation, we learned that the third party accessed one of our MOVEit Transfer servers on May 29, 2023 and May 30, 2023 and downloaded data. We

following: "An individual's first name or first initial and the individual's last name in combination with any one or more of the following data elements, when either the name or the data elements are not encrypted or redacted:

(i) Social security number.

(ii) Driver's license number, California identification card number, tax identification number, passport number, military identification number, or other unique identification number issued on a government document commonly used to verify the identity of a specific individual.

(iii) Account number or credit or debit card number, in combination with any required security code, access code, or password that would permit access to an individual's financial account.

(iv) Medical information.

(v) Health insurance information.

(vi) Unique biometric data generated from measurements or technical analysis of human body characteristics, such as a fingerprint, retina, or iris image, used to authenticate a specific individual. Unique biometric data does not include a physical or digital photograph, unless used or stored for facial recognition purposes.

(vii) Genetic data."

Class Action Complaint

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

then conducted a manual review of our records to confirm the identities of individuals potentially affected by this event and their contact information to provide notifications. We recently completed this review. **What Information Was Involved?** Our investigation determined that the following types of information related to you were present in the server at the time of the event: first and last name and with at least one of either Social Security number or date of birth. **What We Are Doing**. .... Upon learning about this vulnerability, we promptly took steps to patch servers, investigate, assess the security of our systems, and notify potentially affected customers and individuals associated with those customers. In response to this event, we are also reviewing and enhancing our information security policies and procedures. While we are unaware of any identity theft or fraud as a result of this event, as an additional precaution, PBI is offering you access to 24 months of complimentary credit monitoring and identity restoration services through Kroll. .... **What You Can Do**. We encourage you to remain vigilant against incidents of identity theft and fraud by reviewing your account statements and monitoring your free credit reports for suspicious activity and to detect errors for the next twelve to twenty-four months and to report suspected identity theft incidents to the institution." An exemplar of PBI's notice letter, dated August 4, 2023, entitled "**Notice of Data Breach**," signed "The PBI Team," that was submitted to the Attorney General of the State of California is attached hereto as **Exhibit A**. Additionally, PBI's substantially similar notice letter, dated August 16, 2023, entitled "**Notice of Data Breach**," signed "The PBI Team," sent to other persons similarly situated, that was submitted to the Attorney General of the State of California is attached hereto as **Exhibit B**.

3.     Because Plaintiff alleges that PBI breached its duty to implement and maintain reasonable and appropriate security procedures and practices to protect the personal information in its possession from unauthorized access and exfiltration, and ensure the confidentiality of the personal information in its

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

possession, Plaintiff, individually and on behalf of all others similarly situated, seeks damages from Defendant for negligence and breach of implied-in-fact contract. Because Plaintiff also alleges that the nonencrypted and nonredacted personal information of Plaintiff and the Class was subject to unauthorized access and was "downloaded" or exfiltrated by at least one unauthorized third party in violation of Cal. Civil Code section 1798.150(a), Plaintiff, individually and on behalf of all others similarly situated, seeks from Defendant injunctive relief pursuant to Cal. Civil Code section 1798.150(a)(1)(B). Additionally, because Plaintiff also alleges Defendant's conduct violates Cal. Civil Code section 1798.82(a), Plaintiff, individually and on behalf of all others similarly situated, seeks from Defendant damages pursuant to Cal. Civil Code section 1798.84(b) and injunctive relief pursuant to Cal. Civil Code section 1798.84(e). Additionally, because Plaintiff also alleges Defendant's conduct violates Cal. Business & Professions Code sections 17200, *et seq*., Plaintiff, individually and on behalf of others similarly situated, seeks injunctive relief from Defendant under Cal. Business and Professions Code section 17203.

4. This action, if successful, will enforce an important right affecting the public interest and would confer a significant benefit, whether pecuniary or non-pecuniary, on a large class of persons. Private enforcement is necessary and places a disproportionate financial burden on Plaintiff in relation to Plaintiff's stake in the matter, and therefore class certification is appropriate in this matter.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this Court under 28 U.S.C. § 1332 (diversity jurisdiction). Specifically, this Court has subject matter and diversity jurisdiction over this action under 28 U.S.C. § 1332(d) because this is a class action where the amount in controversy exceeds the sum or value of $5 million, exclusive of interest and costs, there are more than 100 members in the proposed class and at least one other Class Member is a citizen of a state different from Defendant.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

6. Defendant routinely conducts business in the State where this Judicial District is located, have sufficient minimum contacts in this State and have intentionally availed itself of this jurisdiction by marketing and selling products and services, and by accepting and processing payments for those products and services within this State.

7. Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of the events that gave rise to Plaintiff's claims took place within this Judicial District, and Defendant does business in this Judicial District.

## PARTIES

### A. PLAINTIFF

8. Plaintiff John Doe is and was at all times relevant to this action a resident of the State of California and citizen of the State of California. Additionally, Plaintiff received PBI's notice letter, dated August 4, 2023, entitled "**Notice of Data Breach**," signed "The PBI Team," sent to Plaintiff and all other persons similarly situated, stating in part, "PBI provides audit and address research services for insurance companies, pension funds, and other organizations, including The Hartford. PBI is providing notice of a third-party software event that may affect the security of some of your information," and informing him, in part, of "**What Happened?** On or around May 31, 2023, Progress Software, the provider of MOVEit Transfer software disclosed a vulnerability in their software that had been exploited by an unauthorized third party. PBI utilizes MOVEit in the regular course of our business operations to securely transfer files. PBI promptly launched an investigation into the nature and scope of the MOVEit vulnerability's impact on our systems. Through the investigation, we learned that the third party accessed one of our MOVEit Transfer servers on May 29, 2023 and May 30, 2023 and downloaded data. We then conducted a manual review of our records to confirm the identities of individuals potentially affected by this event and their contact information to

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Class Action Complaint

provide notifications. We recently completed this review. **What Information Was Involved?** Our investigation determined that the following types of information related to you were present in the server at the time of the event: first and last name and with at least one of either Social Security number or date of birth. **What We Are Doing**. .... Upon learning about this vulnerability, we promptly took steps to patch servers, investigate, assess the security of our systems, and notify potentially affected customers and individuals associated with those customers. In response to this event, we are also reviewing and enhancing our information security policies and procedures. While we are unaware of any identity theft or fraud as a result of this event, as an additional precaution, PBI is offering you access to 24 months of complimentary credit monitoring and identity restoration services through Kroll. .... **What You Can Do**. We encourage you to remain vigilant against incidents of identity theft and fraud by reviewing your account statements and monitoring your free credit reports for suspicious activity and to detect errors for the next twelve to twenty-four months and to report suspected identity theft incidents to the institution." An exemplar of PBI's notice letter, dated August 4, 2023, entitled "**Notice of Data Breach**," signed "The PBI Team," that was submitted to the Attorney General of the State of California is attached hereto as **Exhibit A**. As a result, Plaintiff reasonably fears that the unauthorized access and "download[ing]" or exfiltration of his personal information created, maintained, preserved and/or stored on "one of [PBI's] MOVEit Transfer servers on May 29, 2023 and May 30, 2023" could subject him to harassment or abuse.

**B.    DEFENDANT**

9.    Defendant Pension Benefit Information, LLC ("PBI") is a Delaware corporation with a principal address located at 333 S. 7th Street, Ste. 2400, Minneapolis, MN 55402, that is registered to do business and does business in the State of California and operates a principal place of business in California located

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Class Action Complaint

at 900 Larkspur Landing Circle, Ste. 201, Larkspur, CA 94939-1758. PBI represents that the company provides audit and address research services for insurance companies, pension funds, and other organizations. At all times relevant to this action, PBI received, created, maintained, preserved, and stored personally identifying information, as those terms are defined and set forth in the CCPA, including the names, addresses, government ID numbers (including Social Security Numbers), and dates of birth, of Plaintiff and the Class (defined *infra*), and is subject to the requirements and mandates of the CCPA. On or about August 4, 2023, PBI caused notice letter, dated August 4, 2023, entitled "Notice of Data Breach," signed "The PBI Team," an exemplar of which is attached hereto as **Exhibit A**, to be submitted to the Attorney General of the State of California and to be mailed to Plaintiff and all others similarly situated. On or about August 16, 2023, PBI caused notice letter, dated August 16, 2023, entitled "Notice of Data Breach," signed "The PBI Team," an exemplar of which is attached hereto as **Exhibit B**, to be submitted to the Attorney General of the State of California.

10. At all times relevant to this action, PBI was and is a business that conducts business in California, was and is a "business" within the meaning of Cal. Civil Code section 1798.80(a), owns or licenses computerized data which includes Plaintiff's and the Class's personal information, within the meaning of Cal. Civil Code section 1798.82(h), and collected Plaintiff's and the Class's personal information within the meaning of Cal. Civil Code section 1798.81.5(d)(1).

11. PBI states in its Privacy Notice for California Residents that the personal information it collects includes "Personal information categories listed in the California Customer Records statute (Cal. Civ. Code § 1798.80(e))."

12. PBI states in its Privacy Notice for California Residents that the personal information it collects does not include "Health or medical information

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

covered by the Health Insurance Portability and Accountability Act of 1996 ('HIPAA') and the California Confidentiality of Medical Information Act ('CMIA'), clinical trial data, or other qualifying research data."

## FACTUAL ALLEGATIONS

13.    At all times relevant to this action, including the period prior to and on May 29, 2023, PBI created, maintained, preserved, and stored records of the names, addresses, and government ID numbers (including Social Security Numbers), and dates of birth, of Plaintiff and the Class (which constitutes personal information as that term is defined and set forth in the CCPA), that Plaintiff and other Class Members received from providers of health care, on its computer network or data "systems."

14.    Notwithstanding its duties under the CCPA, on or about August 4, 2023, PBI caused notice letter, dated August 4, 2023, entitled "Notice of Data Breach," signed "The PBI Team," an exemplar of which is attached hereto as **Exhibit A**, to be submitted to the Attorney General of the State of California and to be mailed to Plaintiff and all others similarly situated. On or about August 16, 2023, PBI caused notice letter, dated August 16, 2023, entitled "Notice of Data Breach," signed "The PBI Team," an exemplar of which is attached hereto as **Exhibit B**, to be submitted to the Attorney General of the State of California. In both letters PBI submitted to the Attorney General of the State of California, PBI stated that "PBI is providing notice of a third-party software event that may affect the security of some of your information," and informing, in part, of "**What Happened?** On or around May 31, 2023, Progress Software, the provider of MOVEit Transfer software disclosed a vulnerability in their software that had been exploited by an unauthorized third party. PBI utilizes MOVEit in the regular course of our business operations to securely transfer files. PBI promptly launched an investigation into the nature and scope of the MOVEit vulnerability's impact on our systems. Through the investigation, we learned that the third party

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 9 -

accessed one of our MOVEit Transfer servers on May 29, 2023 and May 30, 2023 and downloaded data. We then conducted a manual review of our records to confirm the identities of individuals potentially affected by this event and their contact information to provide notifications. We recently completed this review. **What Information Was Involved?** Our investigation determined that the following types of information related to you were present in the server at the time of the event: [first and last name and with at least one of either Social Security number or date of birth.] **What We Are Doing**. .... Upon learning about this vulnerability, we promptly took steps to patch servers, investigate, assess the security of our systems, and notify potentially affected customers and individuals associated with those customers. In response to this event, we are also reviewing and enhancing our information security policies and procedures. While we are unaware of any identity theft or fraud as a result of this event, as an additional precaution, PBI is offering you access to 24 months of complimentary credit monitoring and identity restoration services through Kroll. .... **What You Can Do**. We encourage you to remain vigilant against incidents of identity theft and fraud by reviewing your account statements and monitoring your free credit reports for suspicious activity and to detect errors for the next twelve to twenty-four months and to report suspected identity theft incidents to the institution."

15.     Based upon PBI's notice letters, attached hereto as **Exhibit A** and **Exhibit B**, Plaintiff alleges on information and belief that at all times relevant to this action, including the period prior to and on May 29, 2023, PBI created, maintained, preserved, and stored Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security Numbers), on its computer network or data "servers," i.e. "one of our MOVEit Transfer servers."

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Class Action Complaint

16.     Based upon PBI's notice letters, attached hereto as **Exhibit A** and **Exhibit B**, Plaintiff alleges on information and belief that at all times relevant to this action, an unauthorized third party "accessed one of our [PBI's] MOVEit Transfer servers" containing Plaintiff's and the Class's nonencrypted and nonredacted "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security Numbers), as determined by PBI's investigation, "present in the server at the time of the event," "on May 29, 2023 and May 30, 2023 and downloaded [such] data." Therefore, based upon PBI's notice letters, attached hereto as **Exhibit A** and **Exhibit B**, Plaintiff alleges on information and belief that at all times relevant to this action, Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security Numbers), on PBI's computer network or data "servers," i.e. "one of our MOVEit Transfer servers," as determined by PBI's investigation, in an nonencrypted and nonredacted format, was subject to an unauthorized access and "download[ing]" or exfiltration, theft, or disclosure in violation of Cal. Civil Code section 1798.150.

17.     While PBI had the resources necessary to protect and preserve confidentiality of Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security Numbers), on PBI's computer network or data "servers," i.e. "one of our MOVEit Transfer servers," from unauthorized access and exfiltration, PBI neglected to adequately implement data security measures as required by the

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

1  CCPA, despite its obligation to do so.

2       18.    Additionally, the risk of vulnerabilities in PBI's computer and data

3  servers of being exploited by an unauthorized third party trying to steal Plaintiff's

4  and the Class's "personal information" as defined by subparagraph (A) of

5  paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code,

6  including an individual's first name or first initial and the individual's last name,

7  and government ID numbers (including Social Security Numbers), was

8  foreseeable and/or known to PBI or should have been known by PBI. The

9  California Data Breach Report 2012-2015, issued in February 2016 by Attorney

10  General, Kamala D. Harris, reported, "Malware and hacking presents the greatest

11  threat, both in the number of breaches and the number of records breached" and

12  "Social Security numbers and medical information – was breached [more] than

13  other data types." Moreover, as the Attorney General further reported, just

14  because "[e]xternal adversaries cause most data breaches, [] this does not mean

15  that organizations are solely victims; they are also stewards of the data they

16  collect and maintain. People entrust businesses and other organizations with their

17  data on the understanding that the organizations have a both an ethical and a legal

18  obligation to protect it from unauthorized access. Neglecting to secure systems

19  and data opens a gateway for attackers, who take advantage of uncontrolled

20  vulnerabilities." Regarding encryption, the Attorney General instructed in

21  California Data Breach Report 2012-2015, "As we have said in the past, breaches

22  of this type are preventable. Affordable solutions are widely available: strong

23  full-disk encryption on portable devices and desktop computers when not in use.

24  [] Even small businesses that lack full time information security and IT staff can

25  do this. They owe it to their patients, customers, and employees to do it now."

26       19.    Further, it was also foreseeable and/or known to PBI or should have

27  been known by PBI that negligently creating, maintaining, preserving, and/or

28  storing Plaintiff's and the Class Members' "personal information" as defined by

COHELAN KHOURY & SINGER<br/>605 C Street, Suite 200<br/>San Diego, CA 92101

Class Action Complaint

subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security Numbers), on PBI's computer network or data "servers," i.e. "one of our MOVEit Transfer servers," in a manner that did not preserve the confidentiality of the information could have a devastating effect on them. As reported in the California Data Breach Report 2012-2015, "There are real costs to individuals. Victims of a data breach are more likely to experience fraud than the general public, according to Javelin Strategy & Research. In 2014, 67 percent of breach victims in the U.S. were also victims of fraud, compared to just 25 percent of all consumers."

20.   At all times relevant to this action, including the period prior to and on May 29, 2023 and May 30, 2023, PBI negligently created, maintained, preserved, and/or stored Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security Numbers), on PBI's computer network or data "servers," i.e. "one of our MOVEit Transfer servers," in a manner that did not preserve the confidentiality of the information, and negligently failed to protect and preserve confidentiality of Plaintiff's and the Class's personal information in their possession against unauthorized access and "downloading" or exfiltration, theft, or disclosure, including but not limited to, by failing to take adequate and reasonable measures to ensure PBI's computer network or data "servers" were protected against unauthorized intrusions, by failing to implement adequate and reasonable security controls and user authorization and authentication processes, by failing to limit the types of data permitted to be transferred, by failing to encrypt Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the

Class Action Complaint

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security Numbers), by failing to properly and adequately educate and train its employees in regard to phishing scams,[3] and by failing to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information in its possession, as required by the CCPA, and according to their written representations to Plaintiff and the Class.

21. Specifically, PBI made written representations that PBI would preserve confidentiality of consumers' personal information on PBI's website, which heavily advertises itself as a secure host of personal information, claiming, "protecting and securing your information is our highest priority." After the Data Breach, PBI conceded on its website that "At the end of May, Progress Software identified a cyberattack in their MOVEit software that did impact a small percentage of our clients who use the MOVEit administrative portal software resulting in access to private records." Beyond general statements of data security

---

[3] To be successful, phishing relies on a series of affirmative acts by a company and its employees such as clicking a link, downloading a file, or providing sensitive information. Once criminals gained access to the email accounts of a company and its employees, the email servers communicated—that is, disclosed—the contents of those accounts to the criminals. "Phishing scams are one of the most common ways hackers gain access to sensitive or confidential information. Phishing involves sending fraudulent emails that appear to be from a reputable company, with the goal of deceiving recipients into either clicking on a malicious link or downloading an infected attachment, usually to steal financial or confidential information." (https://www.varonis.com/blog/data-breach-statistics/, last accessed August 30, 2023). According to September 2020 guidance from CISA, organizations storing sensitive personally identifiable data should "[i]mplement a cybersecurity user awareness and training program that includes guidance on how to identify and report suspicious activity" and conduct "organization-wide phishing tests to gauge user awareness and reinforce the importance of identifying potentially malicious emails." (https://www.cisa.gov/sites/default/files/publications/CISA_MS-ISAC_Ransomware%20Guide_S508C.pdf, p. 5, last accessed August 30, 2023).

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

policy, PBI makes numerous other promises regarding the importance of security and the tools they use to protect consumers' personal information. PBI's Privacy Policy states: "Data security is a company imperative. PBI strives to protect the personally identifiable information that we collect, maintain or disseminate, including by using appropriate administrative, physical, and technical safeguards." Additionally, PBI's Data Security policy states: "Protecting and securing the information of our clients and our company is of critical importance to PBI. We recognize that all relationships with current and prospective clients are based upon integrity and trust, and we take our role as custodians of confidential information very seriously." The policy goes on to state the company uses "a multi-layered approach to protect data securely" that includes annual training for IT professionals, real time scanning of code changes for vulnerabilities, web application firewalls, n-tier application architecture, security awareness training program for all employees at on boarding and on a regular basis, data loss prevention tools to alert and block transfers of sensitive data, a system to correlate alerts and events across various platforms, dozens of reviews of quarterly audit checks, annual audits by an independent third-party for controls over data confidentiality and security, regular third party tests and audits of security controls, monthly and quarterly vulnerability assessments and penetration tests of internal and external network and application security, annual application penetration tests, critical event and failure alerts, regular system and software patching, firewalls with intrusion prevention and intrusion detection software, anti-virus scanning, a dedicated security event management system with 24/7 alerting, a policy that limits access based on employees job function, multi-factor authentication, quarterly audits of user accounts and permissions, and encryption tools for data at-rest stored in its databases that are tested on a quarterly basis."

22. PBI's Privacy Principles statement reads: "Data security is a company imperative. PBI strives to protect the personally identifiable information

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

that we collect, maintain or disseminate, including by using appropriate administrative, physical, and technical safeguards…. PBI strives to prevent the acquisition of information from our products and services for improper purposes, such as identity theft. PBI believes in the importance of notifying individuals who may have had their sensitive personally identifiable information acquired by an unauthorized individual, as appropriate."

23.    In addition to these blanket privacy policies, PBI uses a unique Privacy Notice for California residents that "supplements the information contained in PBI's Privacy Policy and applies solely to individuals who reside in California." The California-specific policy confirms that PBI collects an abundance of personal information from California residents, including their names, postal addresses, and government ID numbers (including Social Security Numbers, passport numbers, and driver's license or state identification card numbers). PBI's stated purpose for collecting this information includes "to help locate people who may be eligible for benefits" and "preventing fraud or avoiding overpayment of benefits to deceased individuals." The stated reason for this California-only policy is "to comply with the California Consumer Privacy Act of 2018."

24.    PBI's above described written statements about its data privacy policies and practices in place on May 29, 2023 and May 30, 2023 are false and/or misleading and/or contained omissions of material fact. Prior to or on May 29, 2023 and May 30, 2023, PBI created, maintained, preserved, and/or stored Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security Numbers), in an nonencrypted and nonredacted format on PBI's computer network or data "servers," i.e. "one of our MOVEit Transfer servers." If PBI had

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

been using the countless penetration tests, audits, firewalls, third-party stress tests, and encryption tools it advertised to protect the personal information that PBI created, maintained, preserved, and/or stored on PBI's computer network or data "servers," i.e. "one of our MOVEit Transfer servers," PBI would have eliminated the Data Breach. However, PBI instead notified Plaintiff and the Class that an unauthorized third party "accessed one of our MOVEit Transfer servers" containing the Plaintiff's and the Class's unencrypted and unredacted personal information "present in the server at the time of the event," "on May 29, 2023 and May 30, 2023 and downloaded data."

25. Additionally, at all relevant times, including prior to May 29, 2023, Progress Software has recommended Multi-factor authentication (MFA) to protect MOVEit Transfer accounts as a best-practice, and specifically, "Multi-factor authentication (MFA) protects MOVEit Transfer accounts from unverified users when a user's account password is lost, stolen, or compromised. To enable MFA, please refer to the MOVEit Transfer Multi-factor Authentication Documentation." Specifically, on September 20, 2022, Progress Software recommended in its "MOVEit-Security-Best-Practices-Guide" that "Ensuring that your MOVEit installation is safe and secure is not a one-and-done activity. Updates, settings, accounts, and policies should be reviewed on a regular cadence to ensure the configuration is meeting current compliance frameworks and to review for unexpected activity or behavior that needs to be addressed. It is recommended that MOVEit administrators perform a regular security audit with their corporate security and compliance teams. Many teams perform this monthly or quarterly. This document is intended to provide MOVEit administrators with a *starting point* to create their own security checklist that can be used for regular reviews. The list is not exhaustive and not all recommendations will apply to all MOVEit installations. [identifying among other things] [¶] Review multi-factor authentication requirements [¶] Enabling multi-factor authentication for all

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

accounts is a recommended best-practice[.]" Based upon PBI's notice letters, attached hereto as **Exhibit A** and **Exhibit B**, Plaintiff alleges on information and belief that at all times relevant to this action, including prior to May 29, 2023, PBI failed to employ or properly employ Multi-factor authentication (MFA) and conduct regular security audits with its corporate security and compliance teams utilizing the entire security checklist in Progress Software recommended in its MOVEit-Security-Best-Practices-Guide to protect MOVEit Transfer accounts from unverified users. Based upon PBI's notice letters, attached hereto as **Exhibit A** and **Exhibit B**, Plaintiff also alleges on information and belief that at all times relevant to this action, including prior to May 29, 2023, PBI failed to employ or properly employ all of the recommendations in Progress Software's "MOVEit-Security-Best-Practices-Guide."

26. Additionally, CISA and the FBI's latest alert (dated June 7, 2023) detailed detection methods and indicators of compromise (IOCs) for the MOVEit Transfer vulnerability and encouraged organizations to implement a variety of mitigations. Specifically, the authoring agencies suggested that organizations audit remote access tools, review logs for the execution of remote access software, restrict the use of PowerShell, and audit user accounts with administrative privileges. the authoring agencies recommended requiring multi-factor authentication (MFA), maintaining a robust incident response plan, and keeping operating systems up to date can also help organizations mitigate risk. "In addition to applying mitigations, FBI and CISA recommend exercising, testing, and validating your organization's security program against the threat behaviors mapped to the MITRE ATT&CK for Enterprise framework in this advisory," the CSA continued. "The authoring authorities of this CSA recommend testing your existing security controls inventory to assess how they perform against the ATT&CK techniques described in this advisory." Based upon PBI's notice letters, attached hereto as **Exhibit A** and **Exhibit B**, Plaintiff alleges

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Class Action Complaint

on information and belief that at all times relevant to this action, including prior to May 29, 2023, PBI failed to employ or properly employ such recommendations.

27. Additionally, Huntress (a leading threat detection and security awareness solutions company, founded in 2015, with 4,700+ MSP Partners and 105,0000+ end clients [https://www.huntress.com/]) reported that "There is a severe vulnerability in the MOVEit Transfer web application frontend that offers SQL injection, that can be further abused to gain administrative access, exfiltrate files and gain arbitrary code execution." "What it Does[.] There is a severe vulnerability in the MOVEit Transfer web application frontend that offers SQL injection, that can be further abused to gain administrative access, exfiltrate files and gain arbitrary code execution." In its June 5, 2023 update, Huntress reported that "Huntress has fully recreated the attack chain exploiting MOVEit Transfer software. To the best of our knowledge, currently no one else has publicly done so." "We have uncovered that the initial phase of the attack, SQL injection, opens the door for even further compromise -- specifically, arbitrary code execution." In its June 12, 2023 update, Huntress reported "A new CVE for our findings has been released as CVE-2023-35036. This refers to different attack vectors for SQL injection and the ability to leak data from the database. Additionally, Rapid7 and Horizon3.ai have publicly released their own recreated proof-of-concept exploit." Along with PBI's notice letters, attached hereto as **Exhibit A** and **Exhibit B**, Plaintiff alleges on information and belief that Huntress reporting further demonstrates that (i) Plaintiff's and the Class's "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security Numbers), on PBI's computer network or data "servers," was subject to unauthorized access and exfiltration, theft, or disclosure by at least one

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Class Action Complaint

unauthorized third party on May 29, 2023 and May 30, 2023; and (ii) PBI failed to employ or properly employ reasonable security measures prior to and on May 29, 2023 and May 30, 2023, that could have prevented Plaintiff's and the Class's "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security Numbers), on PBI's computer network or data "servers," from unauthorized access and exfiltration, theft, or disclosure by at least one unauthorized third party on May 29, 2023 and May 30, 2023.

28. Additionally, pursuant to Cal. Civil Code section 1798.100(e), PBI, as a business that collects a consumer's personal information, had a duty to implement reasonable security procedures and practices appropriate to the nature of the personal information to protect the personal information from unauthorized or illegal access, destruction, use, modification, or disclosure in accordance with section 1798.81.5 of the Cal. Civil Code. Along with PBI's notice letters, attached hereto as **Exhibit A** and **Exhibit B**, Plaintiff alleges on information and belief that Huntress reporting further demonstrates that PBI failed to implement reasonable security procedures and practices appropriate to the nature of the personal information to protect the personal information from unauthorized or illegal access, destruction, use, modification, or disclosure in accordance with section 1798.81.5 of the Cal. Civil Code.

29. Additionally, pursuant to Cal. Civil Code section 1798.100(a)(3), PBI, as a business that controls the collection of a consumer's personal information, had a duty not to retain a consumer's personal information or sensitive personal information for each disclosed purpose for which the personal information was collected for longer than is reasonably necessary for that disclosed purpose. Based upon PBI's notice letters, attached hereto as **Exhibit A**

COHELAN KHOURY & SINGER<br>605 C Street, Suite 200<br>San Diego, CA 92101

and **Exhibit B**, Plaintiff alleges on information and belief that PBI retain a consumer's personal information or sensitive personal information for each disclosed purpose for which the personal information was collected for longer than is reasonably necessary.

30. Had Defendant and/or its employees (presently unknown to Plaintiff) taken the above described appropriate preventive actions, fix the deficiencies in PBI's computer network or data "servers," encrypted Plaintiff's and the Class's "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security Numbers), on PBI's computer network or data "servers," and adopted security measures as required by the CCPA prior to and on May 29, 2023 and May 30, 2023, PBI could have prevented Plaintiff's and the Class's "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security Numbers), on PBI's computer network or data "servers," from unauthorized access and exfiltration, theft, or disclosure by at least one unauthorized third party on May 29, 2023 and May 30, 2023.

31. California law requires a business to notify any California resident whose unencrypted personal information, as defined, was acquired, or reasonably believed to have been acquired, by an unauthorized person. Specifically, pursuant to Civil Code section 1798.82(a), "A person or business that conducts business in California, and that owns or licenses computerized data that includes personal information, shall disclose a breach of the security of the system following discovery or notification of the breach in the security of the data to a resident of California (1) whose unencrypted personal information was, or is reasonably

Class Action Complaint

believed to have been, acquired by an unauthorized person, or, (2) whose encrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person and the encryption key or security credential was, or is reasonably believed to have been, acquired by an unauthorized person and the person or business that owns or licenses the encrypted information has a reasonable belief that the encryption key or security credential could render that personal information readable or usable." California law also requires that a sample copy of a breach notice sent to more than 500 California residents must be provided to the California Attorney General. On or about August 4, 2023, PBI caused notice letter, dated August 4, 2023, entitled "Notice of Data Breach," signed "The PBI Team," an exemplar of which is attached hereto as **Exhibit A**, to be submitted to the Attorney General of the State of California and to be mailed to Plaintiff and all others similarly situated. On or about August 16, 2023, PBI caused notice letter, dated August 16, 2023, entitled "Notice of Data Breach," signed "The PBI Team," an exemplar of which is attached hereto as **Exhibit B**, to be submitted to the Attorney General of the State of California. Because PBI submitted its Notice of Data Breach form letters, attached hereto as **Exhibit A** and **Exhibit B**, to the Attorney General of the State of California, PBI has determined and has conceded that Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security Numbers), on PBI's computer network or data "servers," was either not encrypted at all, or if it was encrypted, the encryption has been breached by the unauthorized third party. Additionally, because PBI submitted its Notice of Data Breach form letter, dated August 4, 2023, to the Attorney General of the State of California and mailed it to Plaintiff and other members of the Class, PBI has conceded that Plaintiff's and the Class Members'

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Class Action Complaint

"personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security Numbers), on PBI's computer network or data "servers," was unencrypted and thus, the unauthorized third party who accessed and "downloaded" or exfiltrated or stole Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security Numbers), on PBI's computer network or data "servers," was able to actually view Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security Numbers). As a result, PBI was negligent for failing to encrypt or adequately encrypt Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security Numbers), on PBI's computer network or data "servers" on May 29, 2023 and May 30, 2023.

32. To date, other than "reviewing and enhancing our [PBI's] information security policies and procedures," "encourage[ing] you [i.e. Plaintiff and members of the Class] to remain vigilant against incidents of identity theft and fraud" and offering "access to [12 or 24] months of complimentary credit monitoring and identity restoration services through Kroll," PBI has not offered any monetary compensation for unauthorized access and "download" or exfiltration, and "exploit[ation]," of Plaintiff's and the Class's "personal

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Class Action Complaint

information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security Numbers), on PBI's computer network or data "servers." In effect, PBI is shirking its responsibility for the harm PBI has caused, while shifting the burdens and costs of its wrongful conduct onto Plaintiff and the Class.

## CLASS ACTION ALLEGATIONS

33.    Plaintiff brings this action on behalf of himself individually and on behalf of all others similarly situated. The putative class that Plaintiff seeks to represent is defined as follows:

> Class:  All persons to whom Pension Benefit Information, LLC sent a Notice of Data Breach letter, dated on or about August 4, 2023, an exemplar of which is attached hereto as **Exhibit A**, and/or a Notice of Data Breach letter, dated on or about August 16, 2023, an exemplar of which is attached hereto as **Exhibit B**.

The officers and directors of PBI are excluded from the Class. The officers and directors of any "affiliate," "principal" and "subsidiary" of PBI, as defined in the Corporations Code sections 150, 175, and 189, respectively, are also excluded from the Class. The employees of PBI who negligently created, maintained, preserved, and/or stored Plaintiff's and the Class's "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security Numbers), on PBI's computer network or data "servers" are also excluded from the Class. Plaintiff reserves the right to amend or modify the Class definition with greater particularity or further division into subclasses or limitation to particular issues as warranted, and as additional facts are discovery

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

by Plaintiff during his future investigations.

34.     This action is properly maintainable as a class action. The members of the Class are so numerous that joinder of all members is impracticable, if not completely impossible. While the exact number of the Class Members is unknown to Plaintiff at this time, such information can be ascertained through appropriate investigation and discovery. The disposition of the claims of the members of Class through this class action will benefit both the parties and this Court. In addition, the Class is readily identifiable from information and records in the possession of PBI and its agents, and the Class is defined in objective terms that make the eventual identification of Class Members possible and/or sufficient to allow members of the Class to identify themselves as having a right to recover.

35.     There is a well-defined community of interest among the members of the Class because common questions of law and fact predominate, Plaintiff's claims are typical of the members of the Class, and Plaintiff can fairly and adequately represent the interests of the Class.

36.     Common questions of law and fact exist as to all members of the Class and the Class and predominate over any questions affecting solely individual members of the Class and the Class. Among the questions of law and fact common to the Class that predominate over questions which may affect individual Class Members, including the following:

a)     Whether Defendant created, maintained, preserved and/or stored Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security Numbers), in a nonencrypted and nonredacted format on PBI's computer network or data "servers," prior to and on May 29, 2023 and May 30, 2023;

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 25 -
Class Action Complaint

b)    Whether Defendant implemented and maintained reasonable security procedures and practices to protect from access and exfiltration, and to ensure the confidentiality of Plaintiff's and the Class's personal information, in electronic form, within PBI's computer network or data "servers," prior to and on May 29, 2023 and May 30, 2023;

c)    Whether Plaintiff's and the Class's personal information, in electronic form, within PBI's computer network or data "servers," prior to and on May 29, 2023 and May 30, 2023, was subject to unauthorized access and exfiltration, theft, or disclosure by an unauthorized third party;

d)    Whether Defendant's notice that Plaintiff's and the Class's personal information within PBI's computer network or data "servers," prior to and on May 29, 2023 and May 30, 2023 was subject to unauthorized access and exfiltration, theft, or disclosure by an unauthorized third party, provided the minimum amount information required by statute;

e)    Whether the timing of Defendant's notice that Plaintiff's and the Class's personal information within PBI's computer network or data "servers," prior to and on May 29, 2023 and May 30, 2023 was subject to unauthorized access and exfiltration, theft, or disclosure by an unauthorized third party, was given in the most expedient time possible and without reasonable delay required by statute;

f)    Whether Defendant's conduct constitute unlawful, unfair or fraudulent practices in violation of Business and Professions Code sections 17200, *et seq*.; and

g)    Whether Plaintiff and the Class are entitled to actual damages, and/or statutory damages, and/or injunctive relief.

///

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Class Action Complaint

37.     Plaintiff's claims are typical of those of the other Class Members because Plaintiff, like every other Class Member, was exposed to virtually identical conduct and now suffer from the same violations of the law as other Class Members.

38.     Plaintiff will fairly and adequately protect the interests of the Class. Moreover, Plaintiff has no interest that is contrary to or in conflict with those of the Class he seeks to represent. In addition, Plaintiff has retained competent counsel experienced in class action litigation to further ensure such protection and intend to prosecute this action vigorously.

39.     The nature of this action and the nature of laws available to Plaintiff and the members of Class make the use of the class action format a particularly efficient and appropriate procedure to afford relief to Plaintiff and Class for the claims alleged and the disposition of whose claims in a class action will provide substantial benefits to both the parties and the Court because:

a)      If each member of the Class were required to file an individual lawsuit, PBI would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual member of the Class with its vastly superior financial and legal resources;

b)      The costs of individual suits could unreasonably consume the amounts that would be recovered;

c)      Proof of a common business practice or factual pattern which Plaintiff experienced is representative of that experienced by the Class and will establish the right of each of the members to recover on the causes of action alleged;

d)      Individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation;

e)      PBI has acted or refused to act on grounds generally applicable to the

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Class as a whole, thereby making it appropriate to render judgment with respect to the Class as a whole in this litigation; and

f) The disposition of the claims of the members of Class through this class action will produce salutary by-products, including a therapeutic effect upon those who indulge in unlawful practices, and aid to legitimate business enterprises by curtailing unlawful competition.

40. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for the Defendant in the State of California and would lead to repetitious trials of the numerous common questions of fact and law in the State of California. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action. As a result, a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

41. Notice to the members of the Class may be made by e-mail or first-class mail addressed to all persons who have been individually identified by Defendant and who have been given notice of the Data Breach.

42. Plaintiff and the Class have suffered irreparable harm and damages because of Defendant's wrongful conduct as alleged herein. Absent certification, Plaintiff and the Class will continue to be damaged and to suffer by the unauthorized disclosure and/or release of their medical and personal identifying information, thereby allowing these violations of law to proceed without remedy.

43. Moreover, Plaintiff's and the Class's individual damages are insufficient to justify the cost of litigation, so that in the absence of class treatment, Defendant's violations of law inflicting substantial damages in the aggregate would go unremedied. In addition, Defendant has acted or refused to

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

act on grounds generally applicable to Plaintiff and the Class, thereby making appropriate final injunctive relief with respect to, the Class as a whole.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
**Breach of California Consumer Privacy Act**
**Cal. Civil Code § 1798.150**
**(On Behalf of Plaintiff and the Class Against Defendant)**

44. Plaintiff incorporates by reference all of the above paragraphs of this complaint as if fully stated herein.

45. Pursuant to Cal. Civil Code section 1798.150(a)(1), "[a]ny consumer whose nonencrypted and nonredacted personal information, as defined in subparagraph (A) of paragraph (1) of subdivision (d) of Section 1798.81.5, … is subject to an unauthorized access and exfiltration, theft, or disclosure as a result of the business's violation of the duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information may institute a civil action ...."

46. Defendant is organized for the profit or financial benefit of their owners and collects Plaintiff's and the Class's "personal information" as defined by Cal. Civil Code section 1798.81.5(d)(1)(a).

47. Defendant violated paragraph (1) of subdivision (a) of section 1798.150 of the Cal. Civil Code of the California Consumer Privacy Act ("CCPA") by allowing Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security Numbers), in a nonencrypted and nonredacted format on PBI's computer network or data "servers," on May 29, 2023 and May 30, 2023 to be subject to an unauthorized access and exfiltration, theft, or disclosure as a result of Defendant's violation of its duty to implement and maintain reasonable

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

security procedures and practices appropriate to protect Plaintiff's and the Class's personal information.

48.     Plaintiff's and the Class's nonencrypted and nonredacted "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security Numbers), in a nonencrypted and nonredacted format on PBI's computer network or data "servers," on May 29, 2023 and May 30, 2023 was subjected to unauthorized access and "download" or exfiltration, theft, or disclosure as a direct and proximate result of Defendant's violation of its duty under the CCPA.

49.     Defendant knew, or should have known, that its network computer systems and data security practices were inadequate to safeguard "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security Numbers), in a nonencrypted and a nonredacted format on PBI's computer network or data "servers," on May 29, 2023 and May 30, 2023 from unauthorized access and "download" or exfiltration, and that such risk of access and "download" or exfiltration was more likely than not. Defendant failed to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect Plaintiff's and the Class's "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security Numbers), such as encrypting Plaintiff's and the Class's "personal information" as defined by Cal. Civil Code section 1798.81.5 so in the event of unauthorized access and "download" or

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Class Action Complaint

exfiltration of Plaintiff's and the Class's "personal information" as defined by Cal. Civil Code section 1798.81.5 could not be read by an unauthorized third party. As a result of Defendant's failure to implement reasonable security procedures and practices, Plaintiff's and the Class's nonencrypted and nonredacted "personal information" as defined by Cal. Civil Code section 1798.81.5 was subject to an unauthorized access and "download" or exfiltration, theft, or disclosure.

50. As a direct and proximate result of Defendant's violation of its duty under the CCPA, Plaintiff and the Class seek injunctive or declaratory relief from Defendant pursuant to Cal. Civil Code section 1798.150(a)(1)(B) to ensure that Defendant hereinafter adequately safeguard Plaintiff's and the Class's "personal information" as defined by Cal. Civil Code section 1798.81.5 by implementing reasonable security procedures and practices. This relief is important because Defendant still possesses Plaintiff's and the Class's nonencrypted and nonredacted "personal information" as defined by Cal. Civil Code section 1798.81.5. Plaintiff and the Class have an interest in ensuring that their "personal information" as defined by Cal. Civil Code section 1798.81.5 is reasonably protected in the future.

51. On August 23, 2023, Plaintiff's counsel sent a CCPA notice letter to Defendant's attorney and registered service agent, and if within the 30 days of delivery of such CCPA notice letter, Defendant does not actually cure the noticed violation and provide Plaintiff with an express written statement that the violations have been cured and that no further violations shall occur (which Plaintiff believes any such cure is not possible under these facts and circumstances), Plaintiff and the Class shall seek statutory damages in an amount not less than one hundred dollars ($100) and not greater than seven hundred and fifty ($750) per consumer per incident pursuant to Cal. Civil Code section 1798.150(b) from Defendant.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

## SECOND CLAIM FOR RELIEF
### Breach of California Security Notification Laws
### Cal. Civil Code § 1798.82
### (On Behalf of Plaintiff and the Class Against Defendant)

52. Plaintiff incorporates by reference all of the above paragraphs of this complaint as if fully stated herein.

53. Pursuant to Cal. Civil Code section 1798.82(a), "A person or business that conducts business in California, and that owns or licenses computerized data that includes personal information, shall disclose a breach of the security of the system following discovery or notification of the breach in the security of the data to a resident of California (1) whose unencrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person, or, (2) whose encrypted personal information was, or is reasonably believed to have been, acquired by an unauthorized person and the encryption key or security credential was, or is reasonably believed to have been, acquired by an unauthorized person and the person or business that owns or licenses the encrypted information has a reasonable belief that the encryption key or security credential could render that personal information readable or usable."

54. Cal. Civil Code section 1798.82 further provides, "(h) For purposes of this section, 'personal information' means an individual's first name or first initial and last name in combination with any one or more of the following data elements, when either the name or the data elements are not encrypted: (1) Social security number."

55. Defendant conducts business in California and owns or licenses computerized data which includes the personal information, within the meaning of Cal. Civil Code section 1798.82(h), of Plaintiff and the Class.

56. Thus, Plaintiff and the Class have been injured by fact that Defendant did not disclose to them that their unencrypted personal information was, or was reasonably believed to have been, acquired by an unauthorized

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 32 -

person in the most expedient time possible and without reasonable delay in violation of Cal. Civil Code section 1798.82(a). Specifically, Defendant waited more than 60 days before *beginning* to inform Plaintiff and the Class of this Data Breach by mailing "Notice of Data breach" letters. Given the example of the Legislature finding that a delay of 21 days to be "late notice" under the statute, Defendant's delay of more than 60 days before *beginning* to mail "Notice of Data breach" letters is presumptively unreasonable notice in violation of Cal. Civil Code section 1798.82(a).[4] Moreover, Defendant's "Notice of Data breach" letters failed to state whether notification was delayed as a result of a law enforcement investigation, in violation of Cal. Civil Code section 1798.82(d)(2)(D). Defendant's delays of more than 60 days providing all of the information required by Cal. Civil Code section 1798.82(d) and in informing in the most expedient time possible and without reasonable delay as required by Cal. Civil Code section 1798.82(a), have prevented Plaintiff and the Class from taking steps in the most expedient time possible to protect their unencrypted personal information from unauthorized use and/or identify theft.

57.     Plaintiff and the Class seek recovery of their damages pursuant to Cal. Civil Code section 1798.84(b) and injunctive relief pursuant to Cal. Civil Code section 1798.84(e) from Defendant.

## THIRD CLAIM FOR RELIEF
**Unlawful, Unfair and Fraudulent Business Acts and Practices in Violation of California Business & Professions Code §17200, *et seq*.
(On Behalf of Plaintiff and the Class Against Defendant)**

58.     Plaintiff incorporates by reference all of the above paragraphs of this

---

[4] Similarly, Defendant's delay of more than 60 days before beginning to mail "Notice of Data breach" letters is presumptively unreasonable notice under federal regulations that require HIPAA covered entities "without unreasonable delay and in no case later than 60 calendar days after discovery of the breach" to "notify each individual whose unsecured protected health information has been, or is reasonably believed by the covered entity to have been, accessed, acquired, used, or disclosed as a result of" a data breach. 45 C.F.R. § 164.404.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

complaint as if fully stated herein.

59. The acts, misrepresentations, omissions, practices, and non-disclosures of Defendant as alleged herein constituted unlawful, unfair, and fraudulent business acts and practices within the meaning of California Business & Professions Code sections 17200, *et seq*.

60. By the aforementioned business acts or practices, Defendant has engaged in "unlawful" business acts and practices in violation of the aforementioned statutes, including Cal. Cal. Civil Code sections 1798.82, 1798.100, and 1798.150. Plaintiff reserves the right to allege other violations of law committed by Defendant which constitute unlawful acts or practices within the meaning of California Business & Professions Code sections 17200, *et seq*.

61. By the aforementioned business acts or practices, Defendant has also engaged in "unfair" business acts or practices in that the harm caused by Defendant's failure to maintain adequate information security policies, procedures and practices, including but not limited to, failing to take adequate and reasonable measures to ensure its data systems were protected against unauthorized intrusions, failing to put into place reasonable or adequately computer systems and security practices to safeguard personal information including access restrictions and encryption, failing to have adequate privacy policies and procedures in place that did not preserve the confidentiality of the personal information of Plaintiff and the Class in their possession, and failing to protect and preserve confidentiality of personal information of Plaintiff and the Class in their possession against disclosure and/or release, outweighs the utility of such conduct and such conduct offends public policy, is immoral, unscrupulous, unethical, deceitful, and offensive, and causes substantial injury to Plaintiff and the Class.

62. By the aforementioned business acts or practices, Defendant has also engaged in "fraudulent" business acts or practices by making statements of its

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

information security policies, procedures, and practices that were false and/or misleading and/or contained omissions of material fact, as set forth more fully above.

63. Plaintiff and the Class have suffered an injury in fact by acquiring less in their transactions with Defendant than they otherwise would have if Defendant would had adequately protected the confidentiality of their personal information.

64. The aforementioned unlawful, unfair and fraudulent business acts or practices conducted by Defendant has been committed in the past and continues to this day. Defendant has failed to acknowledge the wrongful nature of its actions. Defendant has not corrected or publicly issued comprehensive corrective notices to Plaintiff and the Class, and has not corrected or enacted adequate privacy policies and procedures to protect and preserve confidentiality of personal information of Plaintiff and the Class in their possession.

65. Because of Defendant's aforementioned conduct, Plaintiff and the Class have no other adequate remedy of law in that absent injunctive relief from the Court and Defendant is likely to continue to injure Plaintiff and the Class.

66. Pursuant to Business & Professions Code section 17203, Plaintiff and the Class seek an order of this Court for equitable and/or injunctive relief in the form of requiring Defendant to correct its illegal conduct that is necessary and proper to prevent Defendant from repeating its illegal and wrongful practices as alleged above and protect and preserve confidentiality of personal information of Plaintiff and the Class in Defendant's possession that has already been subject to unauthorized accessed and "downloaded" and exfiltrated, by least one unauthorized third party as a result of Defendant's aforementioned conduct. Pursuant to Business & Professions Code section 17203, Plaintiff and the Class further seek an order of this Court for equitable and/or injunctive relief in the form of requiring Defendant to publicly issue comprehensive corrective notices

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Class Action Complaint

and to correct or enact adequate privacy policies and procedures to protect and preserve confidentiality of personal information of Plaintiff and the Class in its possession.

67.     Because this case is brought for the purposes of enforcing important rights affecting the public interest, Plaintiff and the Class also seek the recovery of attorneys' fees and costs in prosecuting this action against Defendant under Cal. Code of Civil Procedure section 1021.5 and other applicable law.

## FOURTH CLAIM FOR RELIEF
### Negligence
### (On Behalf of Plaintiff and the Class Against Defendant)

68.     Plaintiff incorporates by reference all of the above paragraphs of this complaint as if fully stated herein.

69.     Defendant collects personal information that identifies, relates to, describes, references, is reasonably capable of being associated with, or could reasonably be linked, directly or indirectly, with a particular consumer. Defendant collects and stores personal information for its own monetary gain.

70.     Pursuant to Cal. Civil Code section 1798.100(e), Defendant, as a business that collects a consumer's personal information, had a duty to implement reasonable security procedures and practices appropriate to the nature of the personal information to protect the personal information from unauthorized or illegal access, destruction, use, modification, or disclosure in accordance with section 1798.81.5 of the Cal. Civil Code.

71.     Pursuant to Cal. Civil Code section 1798.100(a)(3), Defendant, as a business that controls the collection of a consumer's personal information, had a duty not to retain a consumer's personal information or sensitive personal information for each disclosed purpose for which the personal information was collected for longer than is reasonably necessary for that disclosed purpose.

72.     Defendant breached its duty to implement reasonable security

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

procedures and practices appropriate to the nature of the personal information to protect the personal information of Plaintiff and Class Members from unauthorized or illegal access, destruction, use, modification, or disclosure in accordance with section 1798.81.5 of the Cal. Civil Code in numerous ways, including but not limited to, by failing to take adequate and reasonable measures to ensure PBI's computer network or data "servers" were protected against unauthorized intrusions, by failing to implement adequate and reasonable security controls and user authorization and authentication processes, by failing to limit the types of data permitted to be transferred, by failing to encrypt Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security Numbers), by retaining and storing Plaintiff's and the Class Members' "personal information" as defined by subparagraph (A) of paragraph (1) of subdivision (d) of section 1798.81.5 of the Cal. Civil Code, including an individual's first name or first initial and the individual's last name, and government ID numbers (including Social Security Numbers) on PBI's computer network or data "servers" for longer than is reasonably necessary, by failing to properly and adequately educate and train its employees in regards to phishing scams, and by failing to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information in its possession, as required by the CCPA, and according to Defendant's written representations to Plaintiff and the Class in its Privacy Notice, its Privacy Principles, and its Privacy Notice for California Residents and on its website.

73. Defendant knew, or should have known, that its network computer systems and data security practices were inadequate to protect the personal information of Plaintiff and Class Members from unauthorized or illegal access,

destruction, use, modification, or disclosure in accordance with section 1798.81.5 of the Cal. Civil Code in a nonencrypted and a nonredacted format on PBI's computer network or data "servers," on May 29, 2023 and May 30, 2023 from unauthorized access and "download" or exfiltration, and that such risk of access and "download" or exfiltration was more likely than not.

74. As a result of Defendant's failure to implement reasonable security procedures and practices, the personal information of Plaintiff and Class Members saved in a nonencrypted and a nonredacted format on PBI's computer network or data "servers," on May 29, 2023 and May 30, 2023, was subject to unauthorized or illegal access, "download" or exfiltration, theft, or disclosure.

75. Plaintiff and Class Members' personal information would not have been subject to unauthorized or illegal access, "download" or exfiltration, theft, or disclosure but for Defendant's wrongful and negligent breach of its duties to implement reasonable security procedures and practices.

76. Defendant's failure to implement reasonable security procedures and practices appropriate to the nature of the personal information to protect the personal information of Plaintiff and Class Members from unauthorized or illegal access, destruction, use, modification, or disclosure, created conditions conducive to a foreseeable, intentional criminal act, namely the unauthorized or illegal access, "download" or exfiltration, theft, or disclosure by at least one unauthorized third party.

77. Defendant's aforementioned violations of the above described statutes create as presumption of negligence as each was enacted to protect a class of persons of which Plaintiff is a member against the type of harm that Plaintiff and Class Members suffered as a result of Defendant's aforementioned violations of the above described statutes.

78. As a direct and proximate result of Defendant's aforementioned conduct, Plaintiff and Class Members have and will suffer damages as alleged

Class Action Complaint

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

herein, in amounts according to proof at trial.

79. As a direct and proximate result of Defendant's aforementioned conduct, Plaintiff and the Class seek recovery of their damages as alleged herein, in amounts according to proof at trial, from Defendant.

**FIFTH CLAIM FOR RELIEF**
**Breach of Implied-in-Fact Contract**
**(On Behalf of Plaintiff and the Class Against Defendant)**

80. Plaintiff incorporates by reference all of the above paragraphs of this complaint as if fully stated herein.

81. Defendant contracts with pension plans, insurance companies, financial institutions, government entities, and benefit plan sponsors, and collects personal information that identifies, relates to, describes, references, is reasonably capable of being associated with, or could reasonably be linked, directly or indirectly, with a particular consumer. Thus, Defendant collects and stores personal information for its own monetary gain.

82. Pursuant to Cal. Civil Code section 1798.100(d), Defendant, as a business that collects a consumer's personal information and that sells that personal information to, or shares it with, a third party or that discloses it to a service provider or contractor for a business purpose, had an obligation to enter into an agreement or contract with the third party, service provider, or contractor, that: (1) Specifies that the personal information is sold or disclosed by the business only for limited and specified purposes. (2) Obligates the third party, service provider, or contractor to comply with applicable obligations under this title and obligate those persons to provide the same level of privacy protection as is required by this title. (3) Grants the business rights to take reasonable and appropriate steps to help ensure that the third party, service provider, or contractor uses the personal information transferred in a manner consistent with the business' obligations under this title. (4) Requires the third party, service

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

provider, or contractor to notify the business if it makes a determination that it can no longer meet its obligations under this title. (5) Grants the business the right, upon notice, including under paragraph (4), to take reasonable and appropriate steps to stop and remediate unauthorized use of personal information.

83.     Defendant, as a business that collects a consumer's personal information, had an obligation to implement reasonable security procedures and practices appropriate to the nature of the personal information to protect the personal information from unauthorized or illegal access, destruction, use, modification, or disclosure in accordance with section 1798.81.5 of the Cal. Civil Code.

84.     Additionally, as a part of its contracts with pension plans, insurance companies, financial institutions, government entities, and benefit plan sponsors, and as a result of its conduct in collecting personal information, Defendant agreed to safeguard and protect the personal information its collects, including the personal information of Plaintiff and Class Members, from unauthorized or illegal access, destruction, use, modification, or disclosure, as set forth in its Privacy Notice, its Privacy Notice for California Residents and as published on its website.

85.     Implicit its conduct in collecting personal information of Plaintiff and Class Members and its publication of its Privacy Notice, its Privacy Principles, its Privacy Notice for California Residents and its website was the obligation that Defendant would use personal information of Plaintiff and Class Members for approved business purposes only and would not allow unauthorized or illegal access, destruction, use, modification, or disclosure to the personal information or would not allow unauthorized exfiltration or theft of the personal information. Additionally, Defendant promised to retain the personal information of Plaintiff and Class Members only under conditions that kept such information secure and confidential. As a result, Defendant had a duty to reasonably safeguard

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 40 -

and protect the personal information of Plaintiff and Class Members from unauthorized or illegal access, destruction, use, modification, disclosure, exfiltration or theft.

86. As a result of Defendant's conduct in collecting personal information of Plaintiff and Class Members, Plaintiff and Class Members entered into implied contracts with Defendant in which Defendant agreed to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information, as set forth in its Privacy Notice, its Privacy Principles, its Privacy Notice for California Residents and as published on its website.

87. The nature of Defendant's implied promise itself—the subject matter of the contractual provision at issue—was to protect Plaintiff's and Class Members' personal information in order to prevent harm and prevent present and continuing increased risk from unauthorized or illegal access, destruction, use, modification, disclosure, exfiltration or theft.

88. Defendant breached its implied contracts with Plaintiff and Class Members by failing to reasonably safeguard and protect Plaintiff's and Class Members' personal information, which was accessed on May 29, 2023 and May 30, 2023, and "downloaded" or exfiltrated, by at least one unauthorized third party.

89. Plaintiff and Class Members were harmed by Defendant's breach of its implied contracts with Plaintiff and Class Members by failing to reasonably safeguard and protect Plaintiff's and Class Members' personal information, which was accessed on May 29, 2023 and May 30, 2023, and "downloaded" or exfiltrated by at least one unauthorized third party, causing Plaintiff and Class Members to sustain actual losses and damages as alleged herein, in amounts according to proof at trial, and alternatively, causing Plaintiff and Class Members to sustain nominal damages.

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

- 41 -

90.     Defendant's breach of its implied contracts with Plaintiff and Class Members by failing to reasonably safeguard and protect Plaintiff's and Class Members' personal information, which was accessed on May 29, 2023 and May 30, 2023, and "downloaded" or exfiltrated by at least one unauthorized third party was a substantial factor in causing Plaintiff and Class Members to sustain actual losses and damages as alleged herein, in amounts according to proof at trial, and alternatively, causing Plaintiff and Class Members to sustain nominal damages.

91.     As a direct and proximate result of Defendant's aforementioned conduct, Plaintiff and the Class seek recovery of their damages as alleged herein, in amounts according to proof at trial, from Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully request that the Court grant Plaintiff and the proposed Class the following relief against Defendant, and each of them:

### **As for the First Claim for Relief**

1.     For injunctive or declaratory relief pursuant to Cal. Civil Code section 1798.150(a)(1)(B);

### **As for the Second Claim for Relief**

2.     For damages according to proof to Plaintiff individually and to each member of the Class and the Class pursuant to Cal. Civil Code section 1798.84(b);

3.     For injunctive relief pursuant to Cal. Civil Code section 1798.84(e);

### **As for the Third Claim for Relief**

4.     For injunctive relief in the form of an order instructing Defendant to implement reasonable security procedures and practices appropriate to the nature of the personal information to protect the personal information of Plaintiff and Class Members from unauthorized or illegal access, destruction, use, modification, or disclosure in accordance with section 1798.81.5 of the Cal. Civil Code;

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

5.      For injunctive relief in the form of an order instructing Defendant to prohibit the unauthorized or illegal access, destruction, use, modification, or disclosure of the personal information of Plaintiff and the Class, and to adequately maintain the confidentiality of the personal information of Plaintiff and the Class in its possession;

6.      For injunctive relief in the form of an order enjoining Defendant from disclosing the personal information of Plaintiff and the Class without the prior written authorization of each Plaintiff and Class Member;

**As for the Fourth Claim for Relief**

7.      For damages according to proof to Plaintiff individually and to each member of the Class and the Class;

**As for the Fifth Claim for Relief**

8.      For damages according to proof to Plaintiff individually and to each member of the Class and the Class;

**As to All Causes of Action**

9.      That the Court issue an Order certifying this action be certified as a class action on behalf of the proposed Class, appointing Plaintiff as representative of the proposed Class, and appointing Plaintiff's attorneys, as counsel for members of the proposed Class;

10.     For an award of attorneys' fees as authorized by statute, including, but not limited to, the provisions of Cal. Code of Civil Procedure section 1021.5, and as authorized under the "common fund" doctrine, and as authorized by the "substantial benefit" doctrine;

11.     For costs of the suit;

12.     For prejudgment interest at the legal rate; and

///

///

///

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Class Action Complaint

13.    Any such further relief as this Court deems necessary, just, and proper.

COHELAN KHOURY & SINGER
KEEGAN & BAKER, LLP

Dated: August 31, 2023

By:  s/Isam C. Khoury
        Timothy D. Cohelan
        Isam C. Khoury
        Rosemary C. Khoury
Attorneys for Plaintiff John Doe, on behalf of himself and all others similarly situated

## DEMAND FOR JURY TRIAL

Plaintiff and the Class hereby demand a jury trial on all causes of action and claims with respect to which they have a right to jury trial.

COHELAN KHOURY & SINGER
KEEGAN & BAKER, LLP

Dated: August 31, 2023

By:  s/Isam C. Khoury
        Timothy D. Cohelan
        Isam C. Khoury
        Rosemary C. Khoury
Attorneys for Plaintiff John Doe, on behalf of himself and all others similarly situated

COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101

Class Action Complaint

# U.S. District Court
## Southern District of California (San Diego)
## CIVIL DOCKET FOR CASE #: 3:23-cv-01610-BEN-BGS

Doe v. Pension Benefit Information, LLC

Assigned to: Judge Roger T. Benitez

Referred to: Magistrate Judge Bernard G. Skomal

Demand: $5,000,000

Cause: 28:1332 Diversity Action

Date Filed: 08/31/2023

Jury Demand: Plaintiff

Nature of Suit: 190 Contract: Other

Jurisdiction: Diversity

### **Plaintiff**

**John Doe**

*individually and on behalf of all others*
*similarly situated*

represented by   **Isam C Khoury**
Cohelan Khoury & Singer
605 C Street
Suite 200
San Diego, CA 92101
(619)595-3001
Fax: (619)595-3000
Email: ikhoury@ckslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Patrick N. Keegan**
Keegan & Baker, LLP
2292 Faraday Avenue
Suite 100
Carlsbad, CA 92008
760-929-9303
Fax: 760-929-9260
Email: pkeegan@keeganbaker.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rosemary Khoury**
Cohelan Khoury & Singer
605 C Street
Suite 200
San Diego, CA 92101
619-595-3001
Fax: 619-595-3000
Email: rkhoury@ckslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Timothy D Cohelan**
Cohelan Khoury & Singer
605 C Street
Suite 200
San Diego, CA 92101

(619)595-3001
Fax: (619)595-3000
Email: tcohelan@ck-lawfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Pension Benefit Information, LLC**

| Date Filed | # | Docket Text |
|---|---|---|
| 08/31/2023 | 1 | COMPLAINT with Jury Demand against Pension Benefit Information, LLC ( Filing fee $ 402 receipt number ACASDC-18151333.), filed by John Doe. (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit A, # 3 Exhibit B)<br><br>The new case number is 3:23-cv-1610-BEN-BGS. Judge Roger T. Benitez and Magistrate Judge Bernard G. Skomal are assigned to the case. (Khoury, Isam)(ggv) (sjt). (Entered: 08/31/2023) |
| 08/31/2023 | 2 | Summons Issued.<br>**Counsel receiving this notice electronically should print this summons and serve it in accordance with Rule 4, Fed.R.Civ.P and LR 4.1.** (ggv) (sjt). (Entered: 08/31/2023) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 09/06/2023 07:35:48 | | |
| **PACER Login:** | Mullen1001 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:23-cv-01610-BEN-BGS |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |