BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| **IN RE MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION** | MDL No. 3083 |

**PLAINTIFFS JENTZ, LOPEZ, SMUDA, CHECCHIA, AND ANDERSON AND DEFENDANT TEACHERS INSURANCE AND ANNUITY ASSOCIATION OF AMERICA'S JOINT RESPONSE IN OPPOSITION TO PLAINTIFF BRUCE BAILEY'S MOTION FOR TRANSFER AND CENTRALIZATION**

Pursuant to Rule 6.1(c) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, Plaintiffs Gayle Jentz, Andre Lopez, Gwendolyn Smuda, Steven Checchia, and Robin Anderson ("Plaintiffs") and Defendant Teachers Insurance and Annuity Association of America ("TIAA") respectfully request that the Panel deny the Motion for Transfer and Centralization of Related Actions to the District of Minnesota Pursuant to 28 U.S.C. § 1407 for Consolidated Pretrial Proceedings (the "Motion") to the extent it seeks to include in the proposed consolidated proceeding the actions filed by Plaintiffs against TIAA.

I.     **BACKGROUND**

On July 7, 2023, Plaintiff Bruce Bailey initiated proceedings before the Panel by requesting an order to transfer and centralize several lawsuits in the District of Minnesota. In so doing, Bailey argues transfer and centralization are appropriate because "all involve Defendants Progress Software Corporation '(PSC)' [sic] and/or Pension Benefit Information, LLC d/b/a PBI Research Services. ('PBI', collectively with Defendant Ipswitch, Inc., 'Defendants')," ECF No. 1 at 1, and because "the District of Minnesota is the home forum for Defendant PBI," *id.* at 3. He further argues that the cases "aris[e] from a common nucleus of operative facts," namely a breach of "the MOVEit file transfer application, owned by PSC, developed by Ipswitch (a wholly-owned

subsidiary of PSC), and controlled, for the purposes of these actions by PBI." ECF No. 1-1 at 2. Since that time, dozens of complaints have been identified as related by counsel supporting the MDL.

Between August 7 and August 31, 2023, seven actions were filed against TIAA, six in the United States District Court for the Southern District of New York and one in the Northern District of Illinois, all asserting claims against TIAA on behalf of a class of individuals whose data was compromised in the MOVEit data breach:

- *Jentz v. Teachers Insurance and Annuity Association of America*, No. 23:cv-6944 (S.D.N.Y. Aug. 7, 2023)
- *Lopez v. Teachers Insurance and Annuity Association of America*, No. 23:cv-6956 (S.D.N.Y. Aug. 7, 2023)
- *Smuda v. Teachers Insurance and Annuity Association of America*, No. 23:7020 (S.D.N.Y. Aug. 9, 2023)
- *King v. Teachers Insurance and Annuity Association of America*, No. 23:cv-7407 (S.D.N.Y. Aug. 21, 2023)
- *Anderson v. Teachers Insurance and Annuity Association of America*, No. 23:cv-7437 (S.D.N.Y. Aug. 22, 2023)
- *Uhrich v. Teachers Insurance and Annuity Association of America*, No. 23-cv-6408 (N.D. Ill. Aug. 29, 2023)
- *Teppler v. Teachers Insurance and Annuity Association of America*, No. 23:cv-7758 (S.D.N.Y. Aug. 31, 2023)

Each of those cases names only TIAA as a defendant and alleges no claims against Progress Software Corp. ("PSC"), Pension Benefit Information LLC ("PBI"), or any other party potentially involved in the MDL being sought. The New York cases filed by Plaintiffs were identified as related,[1] the parties have stipulated to consolidation, and Judge Kaplan—to whom all six cases were assigned upon relation—entered a consolidation order on August 30.

Only afterward, on September 1, 2023, did the plaintiff in *Marshall v. Progress Software Corp., et al.*, No. 23-cv-07822 (S.D.N.Y. Sept. 1, 2023), represented by counsel advocating for a MDL in other cases, file a new complaint in the Southern District of New York. The complaint mirrors the allegations in the previously-filed complaints against TIAA. The primary difference

---

[1] The parties are coordinating on transfer and consolidation of the Illinois complaint.

is that the *Marshall* complaint also names PBI and PSC as defendants. That same day, counsel identified *Marshall* and four of the other complaints against TIAA (*Jentz*, *Lopez*, *Smuda,* and *Anderson*) as allegedly related actions in the JPML.

## II.   ARGUMENT

The basis for Plaintiff Bailey's request to consolidate is that all of the cases involve PBI's use of MOVEit and the District of Minnesota is an appropriate venue for the cases brought against PBI. Similarly, many of the parties supporting centralization argue that it should occur in the District of Massachusetts because that is where Progress is located and Progress is a key shared defendant. *See*, *e.g.*, Dkt. Nos. 160, 199–201, 208, 210.[2] As to TIAA, transfer and centralization is unwarranted, irrespective of venue.

### A.   The Complaints Against TIAA Are Focused on TIAA.

In nearly identical circumstances, the Panel has declined centralization. In *In re Accellion, Inc., Customer Data Security Breach Litig.*, 543 F. Supp. 3d 1372 (J.P.M.L. 2021), the Panel was asked to transfer cases arising out of a security vulnerability in another file transfer platform that resulted in unauthorized access to information maintained by customers of that file transfer application. As occurred with PSC's MOVEit software, various organizations, including Kroger and the University of California, used Accellion's file transfer appliance to move large files and quantities of data and threat actors exploited the vulnerability to steal data from Accellion's customers. There, the Panel declined to transfer and centralize the cases because, among other reasons, "any factual overlap among the actions as to Accellion's FTA product, its vulnerability to attack, and its alleged support of this 'legacy' product may be eclipsed by factual issues specific to each [Accellion customer] defendant." *In re Accellion, Inc., Customer Data Security Breach Litig.*, 543 F. Supp. 3d 1372, 1374 (J.P.M.L. 2021) (noting that timing, circumstances, and knowledge of each defendant's Accellion breach would vary).

---

[2] Because those cases do not involve TIAA, TIAA takes no position on whether transfer and centralization of the cases involving other parties is appropriate nor what district court would be the right venue.

The Panel's decision in *Accellion* accords with its reasoning in analogous tort cases. In *In re Varsity Spirit Athlete Abuse Litig.*, 2023 WL 3828645, at *1 (J.P.M.L. June 5, 2023), the Panel declined centralization of lawsuits involving alleged abuse at cheerleading training centers, explaining that "[w]hile the eight common defendants are named in all actions, there are approximately 30 individual coaches, gyms, and choreographers named as defendants in these actions. Most are named in just one action, and none are named in more than one district. Discovery regarding each individual defendant's conduct and their relationship to and interactions with the common defendants will not overlap." *Id.* at *1. Likewise, in *In re Proton-Pump Inhibitor Prod. Liability Litg.*, 273 F. Supp. 3d 1360, 1361–62 (J.P.M.L. 2017), the Panel did not centralize complaints brought against multiple drug manufacturers on the grounds that "the named defendants vary from action to action," that "a multi-defendant MDL 'may prolong pretrial proceedings, because of, *inter alia*, the possible need for separate discovery and motion tracks,'" that "a significant amount of the discovery in these actions appears almost certain to be defendant specific," and that fifteen cases plus twenty-four tagalongs did not warrant centralization. *See also In re CP4 Fuel Pump Mktg., Sales Practices & Prod. Liability Litig.*, 412 F. Supp. 3d 1365, 1367 (J.P.M.L. 2019) (finding in record before Panel "little, if anything, to overcome our usual reluctance to centralize actions against different defendants in one MDL" and denying motion to transfer and centralize cases against three car manufacturers).

This situation is no different. The proposed multidistrict litigation involves various defendants, including PBI, who directly or indirectly used the MOVEit software for different purposes. Whether there is liability for any one defendant will depend heavily on individualized circumstances, including whether that defendant directly used MOVEit or instead had a relationship to a company that used MOVEit, how and why it used MOVEit, its knowledge of and response to the data breach, and any relevant contractual arrangements and policies. These individualized questions go beyond the use of MOVEit by PBI and discovery into PSC's actions in creating and securing MOVEit.

As to TIAA, other than the late-arriving *Marshall* complaint, all of the cases are brought solely against TIAA by participants in retirement plans administered by TIAA. The complaints allege that *TIAA* was negligent, *TIAA* violated contractual duties, and *TIAA* was unjustly enriched with respect to the personal information subject to the MOVEit data breach. None of the cases other than *Marshall* names PBI or PSC as a defendant. Cases against various other defendants subject to the MOVEit breach will involve individualized issues about their actions, which will have no bearing on Plaintiffs' claims and TIAA's defenses in the New York cases against TIAA.[3] Instead, the principal questions of fact presented in the complaints filed against TIAA concern TIAA's handling of information obtained from retirement plan participants or beneficiaries and its vetting of its vendors. Indeed, in describing the common questions of law and fact that allegedly support class treatment, the complaints list issues including TIAA's security procedures and practices, TIAA's compliance with security laws and regulations and industry standards, whether TIAA owed a duty to the putative class, whether TIAA breached such a duty, what TIAA knew or should have known, what was obtained in the breach, whether members of the putative class were injured, and whether Plaintiffs will be able to prove their causes of action and recover damages from TIAA.[4] *See Jentz* Compl. ¶ 167; *Lopez* Compl. ¶ 90; *Smuda* Compl. ¶ 118; *King* Compl. ¶ 35; *Anderson* Compl. ¶ 90; *Teppler* Compl. ¶ 124.[5]

The efficiency gain from transfer and centralization, which is one of multidistrict litigation's primary purposes, is lacking here. Indeed, including the cases against TIAA would only serve to complicate the centralized proceeding with little benefit to show for it. Conversely,

---

[3] TIAA and Plaintiffs recognize that other parties have filed responses disputing the centrality of PBI and seeking transfer instead to the District of Massachusetts. *See* Dkt. Nos. 77, 80, 86. Regardless, the central issues in the cases brought against TIAA are not the same issues as will need to be resolved in cases involving any other defendant and this request to be excluded applies as well to any MDL proceeding in Massachusetts or any other district.

[4] The *Marshall* complaint contains the same list of issues but in the plural, asking the same questions regarding TIAA, PSC, and PBI. *Marshall* Compl. ¶ 162.

[5] TIAA does not intend via this discussion to agree that these pleadings demonstrate that class treatment is appropriate, only to make clear to the Panel how the plaintiffs have characterized the cases they have brought and the issues they have raised.

there are numerous efficiency gains from allowing the TIAA actions to proceed in the already-consolidated proceedings in New York, as the venue where TIAA documents and witnesses are located. Nor does the possibility TIAA or Plaintiffs may seek discovery of PBI and/or PSC in pursuing their claims or defenses supply a basis for upending the efficiency gains from coordinated proceedings in SDNY. Courts and litigants are well-equipped to deal with third party discovery (even outside the district), as they routinely do in other litigations.

### B. The Cases Against TIAA Should Be Kept Together in the Southern District of New York.

Under 28 U.S.C. § 1407, transfer and centralization are appropriate where "civil actions involving one or more common questions of fact are pending in different districts." 28 U.S.C. § 1407(a).

For the reasons described above, the questions of fact raised by the complaints against TIAA are similar to each other, but there are essentially no "common questions of fact" when compared to any case against other defendants "pending in different districts." 28 U.S.C. § 1407 therefore does not permit transfer of the TIAA actions to the District of Minnesota or any court other than the Southern District of New York nor does it permit coordination or consolidation with the other cases that Plaintiff Bailey and other parties seek to include in the requested multidistrict litigation.

## III.   CONCLUSION

Plaintiffs and TIAA oppose the Motion to the extent it calls for the inclusion of the cases filed against TIAA in any centralized proceeding. Plaintiffs and TIAA take no position on the request to transfer and centralize cases exclusively against other defendants, including those against PBI and Progress.

By Their Attorneys,

Dated: September 8, 2023

By: */s/ Aravind Swaminathan*
ARAVIND SWAMINATHAN
Attorney for TIAA

ARAVIND SWAMINATHAN
aswaminathan@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street
Suite 3300
Seattle, WA  98101-2668
Telephone:	+1 206 839 4300

Dated: September 8, 2023

By: */s/ Gary M. Klinger*
GARY M. KLINGER
On Behalf of Plaintiffs

GARY M. KLINGER
gklinger@milberg.com
MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN LLC
227 W. Monroe Street, Suite 2100
Chicago, IL 60606
Phone: (866) 252-0878