### BEFORE THE UNITED STATES JUDICAL PANAL
### ON MILTIDISTRICT LITIAGATION

IN RE MOVEIT CUSTOMER DATA     )
SECURITY BREACH LITITAGIOTN    )     **MDL Docket No.: 3083**
                               )

## <u>INTERESTED PARTY RESPONSE IN OPPOSITION TO MOTION TO TRANSFER AND CONSOLIDATE ACTIONS PURSUANT TO 28 U.S.C. § 1407</u>

Interested Party, April Manar, ("Plaintiff Manar") – the Plaintiff in *Manar, individually and on behalf of all others similarly situated v. Genworth Financial, Inc.,* Case No. 3:23-cv-560, filed August 30, 2023, and pending in the United States District Court for the Western District of Missouri ("*Manar* Action") – opposes the Motion of Genworth Financial, Inc., Genworth Life Insurance Company, and Genworth Life and Annuity Insurance Company ("Movants"), in this MDL on July 6, 2023 to centralize all Related Actions and transfer them to the United States District Court for the District of Minnesota (MDL No. 3083, Doc. 1). The *Manar* Action is primarily focused on the actions and inactions of Genworth Financial, Inc., Genworth Life Insurance Company, and Genworth Life and Annuity Insurance Company (collectively "Genworth"), thus, the tagging of the *Manar* Action as a Related Action in this Multidistrict Litigation ("MDL") by Progress Software Corporation ("PSC") and/or Pension Benefit Information, LLC ("PBI") is misguided and inappropriate. Manar, a longtime Missouri Resident sued Genworth, a Virginia-based company, for failing to protect her personally identifiable information ("PII").

Specifically, given that the *Manar* Action will focus on the breach by Genworth of obligations it owed to its customer, Plaintiff Manar, rather than PSC and/or PBI, strangers to Plaintiff Manar, the centralization of the Manar Action should be denied for the same reasons the Panel denied centralization in *In re Accellion, Inc., Customer Data Security Breach Litigation*, 543

Supp. 3d 1372 (J.P.M.L. 2021) and for the same reasons as put forth by other plaintiffs opposing this Motion. *See* ECF Nos. 184, 193, and 204.

## I.       BACKGROUND

Plaintiff Manar entrusted her personal information to Genworth, who apparently passed that information onto PBI – a user of MOVEit software with whom Plaintiff had no direct relationship.  On May 29 and May 30, 2023, an unauthorized third party had accessed a MOVEit Transfer Server containing the personal information and health information of Genworth's customers (the "Data Breach"). *Id.* ¶ 28. Following this, on August 30, 2023, the *Manar* Action was filed in the Western District of Missouri against Genworth alleging that Genworth had failed to adequately protect its customers personal identifying and health information, including their addresses, dates of birth, and Social Security Numbers. *Plaintiffs' Complaint* at ¶¶ 20, 28.

Meanwhile, on July 5, 2023, Movants filed a class action complaint in the District of Minnesota alleging claims arising from the MOVEit software data breach, naming Progress Software Corporation ("PSC"), the seller of MOVEit software, and PBI, one of hundreds of customers of PSC that use the MOVEit software. The next day, Movant filed the Motion for Centralization and Transfer of Related Actions, pursuant to 28 U.S.C. SEC 1407 ("MDL Motion") (ECF No. 1). On August 31, 2023, Genworth improperly tagged the *Manar* Action as a Related Action. Plaintiff Manar now opposes the MDL Motion.

## II.     LEGAL STANDARD

Federal civil actions are eligible for transfer pursuant to 28 U.S.C. § 1407 ("§ 1407") if they involve, "common questions of fact" subject to discovery. *See* §1407(a); *In re Kugel Mesh Hernia Patch Products Liability Litig.*, 493 F.Supp.2d 1371, 1372-73 (J.P.M.L. 2007). Section 1407 permits transfer and consolidation for pretrial proceedings of civil actions involving common questions of fact that are pending in different districts if the transfer and consolidation "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." SEC 1407. However, "centralization under Section 1407 should be the last solution after considered review of all other options." *In re Six Flags Fair and Accurate Credit Transactions Act (FACTA) Litig.,* 2018 WL 671913 at *1 (J.P.M.L. Feb. 1, 2018) (citation omitted).

A party moving to centralize cases into an MDL bears "a heavy burden" to establish that a transfer is justified under Section 1407. *In re 21st Century Prods., Inc. "Thrilsphere" Contract Litig.,* 448 F. Supp. 271, 273 (J.P.M.L. 1978). Where the evidentiary needs of some actions fundamentally differ from others, transfer and centralization will not promote efficiency. *See In re Comcast Corp. Emp. Wage & Hour Emp. Pracs. Litig.,* 190 F.Supp.3d 1344, 1345 (J.P.M.L. 2016) ("despite the factual commonality among the actions, we are not convinced that centralization is necessary to ensure the efficient conduct of these cases").

## III.     ARGUMENT

### A.   The *Manar* Action Does Not Share Common Facts to Make It Eligible for Transfer.

As several parties in support have framed it, "[r]eviewing the complaints in the Related Actions reveals that they concern PSC's and PBI's MOVEit software vulnerability and alleged that PSC and/or PBI failed to take adequate measures to protect the PII stored in its systems through the MOVEit software system, resulting in the Data Breach." Alternatively, some of the

complaints allege that PBI, a company to whom other companies entrusted their customers' data, failed to take adequate measures to protect the PII stored in its systems through the MOVEit software system, resulting in a data breach. But, in the *Manar* Action, Plaintiff makes no allegations that PSC and/or PBI failed to protect her data. Moreover, she names neither PSC nor PBI as a defendant. Rather, Manar alleges only that Genworth – the company to whom she and putative class members entrusted their data – failed to protect her data. It its response, Genworth admits that other actions against it as to which it filed earlier Notices of Related Actions (the *King* and *Hauser* Actions) "do not name PSC and PBI as defendants," but submits, "those cases too hinge on the MOVEit vulnerability and implicate PSC's and PBI's roles." ECF No. 135 at 3. That the *Manar*, *King,* and *Hauser* actions "implicate" the "roles" of two companies that those plaintiffs did not sue is not enough to permit transfer. *See In re Accellion, Inc., Customer Data Security Breach Litigation*, MDL 3002 (Aug. 1, 2021) (denying transfer and centralization of 26 data breach actions as, "unnecessary for the convenience of the parties and witnesses or to further the just and efficient conduct of this litigation" because "any factual overlap among the actions as Accellion's [file transfer] product, its vulnerability to attack, and its alleged support of this 'legacy' product may be eclipsed by factual issues specific to each client defendant"). Moreover, Genworth, unlike PSC and/or PBI, is a consumer-facing company, which creates a legal and factual relationship that differs from PSC and/or PBI. *See* ECF No. 130, Johns Hopkins Plaintiffs' Response in Opposition to Motion to Transfer, at 4 ("[T]he Hopkins Defendants, unlike the Progress Companies, are consumer-facing, establishing both a legal and factual relationship that differs from many of the other defendants.")

Among the questions that other parties in favor of transfer put forth as "common questions of fact" are: 1) whether PSC/PBI had a duty to use reasonable care in safeguarding Plaintiffs' and

the Class's PII; 2) whether PSC/PBI failed to implement and maintain reasonable security procedures and practices appropriate to the nature and scope of the information compromised in the Data Breach; 3) whether PSC/PBI was negligent in maintaining, protecting, and securing PII; 4) whether PSC/PBI breached contract promises to safeguard Plaintiffs' and the Class's PII; 5) whether PSC/PBI took reasonable measures to determine the extent of the Data Breach after discovering it; and 6) whether PSC's/PBI's Breach Notice was reasonable. *See* ECF No. 77. None of these questions are at issue in the *Manar* Action, and thus, none of these questions are "common" to the Related Actions.

Importantly, Genworth is not even named as a defendant in the vast majority of the cases and tagalongs presented by the parties in favor of transfer—unique cases covering unique data breaches including Johns Hopkins patients, California pensioners, and Nebraska bank customers. Currently, six (6) of the other "related" actions name Genworth as a defendant, and those are the only other related actions to allege that Genworth failed to protect individuals' data. Except for *Anastasio v. Genworth Financial, Inc., et al.,* No. 23-cv-11442 (D. Mass. Filed June 28, 2023 and amended to name Genworth July 13, 2023) these six (6) actions and the *Manar* Action *exclusively* seek to hold Genworth liable and were filed in the Eastern District of Virginia, where local consolidation is the much more appropriate step due to the overlapping claims and theories of liability. The other "related" actions mostly allege only that PSC, PBI, and/or The Berwyn Group (an alleged business partner of PBI) failed to protect consumers' data. The *Manar* Action should not be transferred because Manar, a Genworth customer, is exclusively focused on the liability of Genworth, not PSC, PBI, and/or anyone outside the Genworth corporate Group.

Moreover, Manar has pled causes of action that are specific to the state of Missouri and a potential Missouri subclass, namely, violations of the Missouri Merchandising Practices Act, Rev.

Stat. § 407.010, et seq. This cause of action is unique to Plaintiff Manar in that it questions whether Genworth, and Genworth only, used "deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce…" R.S.Mo. § 407.020.

### B. Transfer of the *Manar* Action is Neither Efficient nor Convenient.

Consolidation would not provide any efficiency for any of the parties. In fact, consolidation of the *Manar* Action would do just the opposite. In Genworth's filing in support of transfer (ECF No. 203-3), Genworth repeatedly attempts to shift the blame to PSC and PBI. But Genworth's culpability cannot be obfuscated by a run-around *Manar's* right to prosecute her case on behalf of herself and the putative class.

Despite numerous Panel decisions in other data breach cases cited by the parties in support of transfer, in none surveyed by Plaintiff did the Panel transfer a case filed against a different defendant with a unique theory of liability. *See In re T-Mobile Customer Data Sec. Breach Litig.*, 576 F. Supp. 3d 1373 (J.P.M.L. 2021) (finding centralization and transfer was appropriate for putative class actions concerning alleged data security breach of cellular phone provider's systems); *In re Am. Med. Collection Agency, Inc., Customer Data Sec. Breach Litig.*, 410 F.Supp.3d 1350 (J.P.M.L.2019) (finding centralization was appropriate in data breach to collection agency involving compromised patient data). *See also In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*, 363 F.Supp.3d 1372 (J.P.M.L. 2019); *In re Uber Techs., Inc., Data Sec. Breach Litig.*, 304 F.Supp.3d 1351 (J.P.M.L. 2018); *In re: Schnuck Markets, Inc., Customer Data Sec. Breach Litig.*, 978 F.Supp.2d 1379 (J.P.M.L. 2013). Rather, in data breach cases similar to the MOVEit cases, centralization has been denied where, "rather than a single data breach, there were

numerous data breaches of each client defendant, occurring at different times and involving each client defendant's own servers." *In re Accellion, Inc.* at 1374.

Further, no efficiencies would be gained for Manar by mass centralization. One group of cases supporting transfer states, "[d]iscovery in all Related Actions will necessarily focus on documents witnesses and other evidence pertaining to Massachusetts Defendant Progress's testing, development, sale, and maintenance of the MOVEit software and Progress's knowledge about the ease with which hackers could compromise the software and steal PII." This statement does not apply to "all Related Actions" if the *Manar* Action is included in a transfer. Rather, the primary focus in the *Manar* Action is the discovery of Genworth's knowledge, acts, and omissions for which it is independently liable. Litigating the various claims against a growing list of unique defendants in one consolidated action will create significant inefficiencies and inconveniences as the court and the parties will habitually be asked to determine which issues overlap and which do not. *See In re Accellion, Inc.,* MDL 3002.

Even more, the mere fact that the MOVEit software is relevant to the *Manar* Action does not mean efficiency will be gained from centralization and transfer. Even if Plaintiff Manar required discovery from PSC and/or PBI, such discovery could be coordinated. As stated earlier, the more time-consuming and important discovery will be that which Plaintiff Manar seeks from Genworth. For these reasons, transfer of the *Manar* Action is inappropriate.

## IV.    CONCLUSION

For the foregoing reasons, Plaintiff Manar opposes the consolidation of the Manar Action into the proposed MDL and opposes the transfer of her action to the Western District of Missouri.

**Dated: 9/11/2023**                                        Respectfully submitted,

_____

Maureen M. Brady MO, #57800
McSHANE & BRADY, LLC
1656 Washington Street, Suite 120
Kansas City, MO 64108
Telelphone: (816) 888-8010
Facsimile: (816) 332-6295
E-mail: mbrady@mcshanebradylaw.com
**ATTORNEY FOR PLAINTIFFS AND THE CLASS**