**BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| **IN RE MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION** | **MDL DOCKET NO. 3083** |

**INTERESTED PARTY RESPONSE BY DEFENDANT ATHENE ANNUITY AND LIFE COMPANY IN SUPPORT OF MOTION TO TRANSFER RELATED CASES AND FOR CENTRALIZED PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407**

## INTRODUCTION

Athene Annuity and Life Company ("Athene") respectfully submits this Interested Party Response in response to the Judicial Panel of Multidistrict Litigation's Order dated August 14, 2023 (D.E. 158) and in accordance with Rule 6.2 of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation ("JPML").

Athene is a Defendant in the case styled *Richard Weissman v. Athene Annuity and Life Company and Pension Benefit Information, LLC*, Case No. 1:23-cv-03999, before the United States District Court for the District of New Jersey (the "*Weissman*" action).  Plaintiff Richard Weissman ("Plaintiff") purports to bring a nationwide class action against Athene and Pension Benefit Information, LLC ("PBI"), alleging that Athene provided the personally identifying information ("PII") and protected health information ("PHI") of its customers to PBI.  Compl. at ¶ 4 (D.E. 79-3).[1]  PBI, in turn, used MOVEit software, a file sharing program developed by Progress Software Corporation ("Progress"), to securely transfer files.  *Id.* at ¶¶ 5, 34 (D.E. 79-3). On or around May 31, 2023, information of or concerning Plaintiff and other Athene customers was purportedly exposed following the exploitation of a vulnerability within the MOVEit software. *Id.* at ¶¶ 35-36 (D.E. 79-3).

In the *Weissman* action, PBI recently filed a Third-Party Complaint against Progress, the developer of the MOVEit software.[2]  In its Third-Party Complaint against Progress, PBI alleges that, "[i]f Plaintiff and/or the putative class recover judgment against PBI, it [PBI] is entitled to contribution and indemnification for the damages awarded to Plaintiff and/or the putative class." Exhibit 1, D.E. 9, at ¶ 19.  Even before the recent filing of PBI's Third-Party Complaint against

---

[1] A copy of the Class Action Complaint in the *Weissman* action has been filed with the JPML.  D.E. 79-3.
[2] PBI's recent Third-Party Complaint against Progress in the *Weissman* action, is D.E. 9 and is attached hereto as **Exhibit 1**.

Progress, both PBI and Progress had listed the *Weissman* action in their Schedules of Actions in their responses in support of consolidation. D.E. 86-1, at 3, Case # 13; D.E. 142-1, at 10, Case #31; *see also* D.E. 79; D.E. 84. Thus, the *Weissman* action is a related MOVEit customer data security breach action. Like PBI, Progress, Plaintiff Bruce Bailey ("Movant")[3] and many others, Athene supports Multidistrict Litigation ("MDL") proceedings.

Consolidation of these actions will promote "the convenience of parties and witnesses and will promote the just and efficient conduct of [the] actions." 28 U.S.C. § 1407(a). The pending actions involve many common issues of fact and law, and centralization would ease the burden of discovery and other pre-trial issues. More specifically, all named plaintiffs, including Richard Weissman, allege that the various defendants developed or used the MOVEit software and are responsible for the data breach in late May 2023 (the "Data Breach"). Common questions regarding discovery and other pre-trial issues, including class certification, exist in all of the cases. Consolidation will minimize the burden of these pre-trial issues and prevent conflicting pre-trial rulings in the related actions. For these reasons and the reasons stated below, Athene joins the arguments for centralization pursuant to 28 U.S.C. § 1407.

## BACKGROUND

Athene provides various annuity products in the retirement savings market. Like many other defendants in the pending actions, Athene utilized PBI's services in Athene's administration of its products. In turn, PBI utilized the MOVEit software in order to transfer and store files. In late May 2023, a Russian ransomware group purportedly exploited a vulnerability within the MOVEit software to access servers containing information about Athene customers.

---

[3] Movant filed a Motion for Transfer and Centralization of Related Actions with the JPML on July 6, 2023. D.E. 1.

Subsequently, dozens of putative class actions were filed against PBI, Progress, and other companies, like Athene, who utilized PBI's services. These class actions, including the *Weissman* action, allege that the various defendants owed certain duties to the named plaintiffs and the purported classes to maintain and protect their personal information. The class action complaints allege that the defendants failed to adequately secure the personal information of their customers. Thus, the complaints seek to certify nationwide classes, asserting claims for, *inter alia*, negligence, breach of fiduciary duty, breach of contract, and request declaratory relief, injunctive relief, statutory damages, punitive damages, compensatory damages, and other forms of damages.

## ARGUMENT

I.   **THE JPML SHOULD TRANSFER AND CONSOLIDATE THE ACTIONS PURSUANT TO 28 U.S.C. § 1407.**

   A.   **Centralization Will Promote Efficiency and Convenience of the Parties, Witnesses, and the Courts.**

28 U.S.C. § 1407(a) provides that, "[w]hen civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407. When considering centralization of pending actions, the JPML will consider whether centralization would "eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary." *In re Blackbaud, Inc., Customer Data Sec. Breach Litig.*, 509 F. Supp. 3d 1362, 1364 (J.P.M.L. 2020). Centralization is appropriate where there is substantial factual overlap and where the "actions allege similar claims." *In re Sonic Corp. Customer Data Sec. Breach Litig.*, 276 F. Supp.3d 1382, 1383 (J.P.M.L. 2017). Finally, 28 U.S.C. § 1407 "does not require a complete identity of common factual issues or parties as a prerequisite to transfer, and the presence of additional facts is not

significant where the actions arise from a common factual core." *In re Am. Med. Collection Agency, Inc., Customer Data Sec. Breach Litig.*, 410 F. Supp. 3d 1350, 1353–54 (J.P.M.L. 2019).

Here, the pending putative class actions all arise from a common factual core: the Data Breach in May 2023. The complaints, including the *Weissman* Complaint, include allegations that the defendants are responsible for the breach of the plaintiffs' information and the classes' information, and the plaintiffs and the classes suffered injuries from the Data Breach. *See In re Sonic Corp. Customer Data Sec. Breach Litig.*, 276 F. Supp.3d at 1383 (concluding that "[t]he factual overlap among these actions is substantial, as they all arise from the same data breach … All actions allege similar claims, including for negligence."). The various defendants will raise similar defenses in response to the class action complaints against them. Consolidation will prevent unnecessary duplication.

Because of the significant overlap between parties and legal and factual issues, there will be substantial overlap in discovery issues, class certification, and summary judgment issues. Consolidation will lower costs by avoiding duplicative discovery and related motions. Consolidation will similarly promote efficiency by handling these pre-trial issues in one consolidated forum and avoiding any inconsistent rulings on similar issues. Furthermore, even if a defendant believes it will prevail on a dispositive motion prior to discovery, centralization is still appropriate. *See In re Uber Techs., Inc., Data Sec. Breach Litig.*, 304 F. Supp. 3d 1351, 1354 (J.P.M.L. 2018) ("Centralization will avoid inconsistent rulings on [dispositive motions] and other common pretrial motions.").

Additionally, multiple groups of Plaintiffs, who have filed MOVEit-related lawsuits, support centralization of the Related Actions. D.E. 1, at 1-3; D.E. 6, at 3-5; D.E. 77, at 1-9; D.E. 80, at 2; D.E. 94, at 2; D.E. 100, at 3-4; D.E. 113, at 1-6; D.E. 122, at 1-2; D.E. 127, at 1-8; D.E.

137, at 4-7; D.E. 139, at 1; D.E. 157, at 2-4. Movant correctly explains that, "all of the Related Actions are centrally related to the May 2023 hack and exfiltration from the MOVEit file transfer software." D.E. 157, at 2.

Therefore, for the convenience of the parties, witnesses, and the courts, consolidation is necessary and Athene supports transfer of the pending actions, including the *Weissman* action, under 28 U.S.C. § 1407.

**B.     The *Weissman* Action Is A Related Action That Should Be Consolidated.**

The *Weissman* case against Athene is a similar action that should be included in a MDL proceeding of these pending actions.

Progress listed the *Weissman* case as one of the 43 putative class actions identified in the Schedule of Actions attached to its response in partial support of transfer of actions pursuant to 28 U.S.C. § 1407 for centralized pretrial proceedings ("Progress Response"). D.E. 142-1, at 10, Case #31. The Progress Response defined the 43 putative class actions, including the *Weissman* case, as the "Actions" and explained that the Actions "are largely identical." D.E. 142, at 2-3. The Progress Response stated that 15 of the Actions, including the *Weissman* case, "were filed against MOVEit Users but did not name Progress as a defendant." D.E. 142, at 3-4 & n.5. According to Progress, each of the Actions, including the *Weissman* case, "seeks to certify a nationwide class of individuals impacted by an alleged breach of MOVEit Transfer." D.E. 142, at 4.

Progress made a compelling argument that the Actions, including the *Weissman* case, satisfy the 28 U.S.C. § 1407 "requirements and should be transferred for centralized proceedings." D.E. 142, at 5. Progress advanced detailed arguments that the Actions, including the *Weissman* case, "involve common issues of fact" and that "centralization will promote the convenience of the parties and witnesses as well as judicial efficiency and justice." D.E. 142, at 5-10. Progress

06986023.5                                                    5

also established that the presence of varying defendants is not a barrier to centralization. D.E. 142, at 10-11. Progress correctly concluded that because the Actions, including the *Weissman* case, "involve a common set of complex, technical facts and allegations that are subject to common defenses and motion practice, centralization of the Actions for pretrial proceedings under 28 U.S.C. § 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and promote judicial economy." D.E. 142, at 20.

PBI listed the *Weissman* case as one of 13 cases identified in the Schedule of Actions attached to its Interested Party Response and memorandum in support of motion to transfer related cases and for centralized pretrial proceedings pursuant to 28 U.S.C. § 1407 ("PBI Response"). D.E. 86-1, at 3, Case #13. The PBI Response explained that the related actions, including the *Weissman* case, "all assert claims arising from the purported exposure of personal information of the named plaintiffs and proposed class members as a result of Russian hackers' exploitation of a zero-day vulnerability discovered by Progress . . . in MOVEit, a file transfer software application that Progress developed, owned, and licensed to its customers." D.E. 86, at 2. PBI also explained that in those cases filed against PBI "where Progress is not named, PBI . . . intend[s] to join [Progress] as an additional defendant." D.E. 86, at 2. PBI advanced a compelling argument that the standards for consolidation and transfer under 28 U.S.C. § 1407 are met in this matter. D.E. 86, at 4-6.

On September 14, 2023, Athene's Co-Defendant in the *Weissman* action, PBI, filed a Third-Party Complaint against Progress.  In its Third-Party Complaint, PBI alleges that, "[i]f Plaintiff and/or the putative class recover judgment against PBI, it [PBI] is entitled to contribution and indemnification from Progress, and judgment against Progress for the damages awarded to Plaintiff and/or the putative class." Exhibit 1, D.E. 9, at ¶ 19. PBI alleges two causes of action

against Progress: contribution and common law indemnity. *Id.*, at 4-5. In the contribution cause of action, PBI alleges that the Plaintiff's claims in the *Weissman* Complaint "stem[] from the zero-day vulnerability within MOVEit software" and any existing damages "are the direct and proximate result of the conduct of Progress." *Id.*, at ¶ 24. PBI seeks to recover from Progress damages in "the amount of any judgement entered in favor of" Richard Weissman or the class he seeks to represent against PBI. *Id.* at 5–6.

PBI and Progress are defendants in these related MOVEit class actions. Now, both PBI and Progress are defendants in the *Weissman* action. As PBI articulated in its Third-Party Complaint, Plaintiff Richard Weissman's allegations all stem from the same operative factual core: Progress's MOVEit software and Progress's related conduct. Thus, the *Weissman* action is not unique in its factual and legal issues despite the inclusion of Athene as a defendant. And, importantly, 28 U.S.C. § 1407 "does not require a complete identity of common factual issues **or parties** as a prerequisite to transfer[.]" *In re Acetaminophen - ASD/ADHD Prod. Liab. Litig.*, 637 F. Supp. 3d 1372, 1375 (J.P.M.L. 2022) (emphasis supplied) (creating "a single MDL encompassing all defendants" due to the "significant overlap in central factual issues, parties, and claims").

*In re Am. Med. Collection Agency, Inc., Customer Data Sec. Breach Litig.*, 410 F. Supp. 3d 1350, 1353 (J.P.M.L. 2019) is instructive on this point. Dozens of data security breach class actions were filed against numerous defendants after a security breach occurred in June 2019. The JPML was faced with two competing theories on centralization: a single MDL proceeding or two. The JPML concluded that a single MDL proceeding with competing defendants was "necessary to ensure the just and efficient conduct of this litigation" because "the actions stem from the same data breach, and there is significant overlap in the central factual issues, parties, proposed classes, and claims." *Id.*

For these reasons, the pending MOVEit actions, including the *Weissman* action, should be transferred and consolidated pursuant to 28 U.S.C. § 1407.

## II.     THE PENDING ACTIONS SHOULD BE TRANSFERRED TO THE DISTRICT OF MINNESOTA, WHICH IS A CENTRALLY LOCATED DISTRICT.

If the JPML agrees that consolidation and centralization are proper, Athene supports the transfer of the cases to the United States District Court for the District of Minnesota, which is a centrally located district. These actions affect individuals and companies nationwide. Therefore, a district located centrally is preferable and more convenient for all the parties and witnesses. *See In re Baycol Prods. Litig.*, 180 F. Supp. 2d 1378, 1380 (J.P.M.L. 2001) (selecting the District of Minnesota as the appropriate forum because it is "centrally located" and "the geographic dispersal of current and anticipated constituent actions."); *In re Stryker Rejuvenate, ABG II Hip Implant Prods. Liab. Litig.*, 949 F. Supp. 2d 1378, 1380 (J.P.M.L. 2013) (finding the District of Minnesota appropriate for complex multidistrict litigation because it provides a "geographically central forum").  Additionally, numerous MOVEit class actions are currently pending in the District of Minnesota, and PBI has its headquarters there. Evidence and witnesses are likely located in the District of Minnesota as well. *See In re Uber Techs.*, 304 F. Supp. 3d at 1355 ("California has a significant connection to this litigation, as Uber Technologies, Inc., has its headquarters in this state, where much of the common evidence, including witnesses, will be located."); *In re Marriott Int'l, Inc., Customer Data Sec. Breach Litig.*, 363 F. Supp. 3d 1372, 1375 (J.P.M.L. 2019) (transferring consolidated actions to the District of Maryland because "Marriott is headquartered in that district, and relevant documents and witnesses thus likely will be found there.").

Movant advances a compelling argument that the Related Actions should be transferred to the District of Minnesota for coordinated and consolidated pretrial proceedings. D.E. 1-1, at 4-5; D.E. 157, at 4-5. Movant correctly points out that Minnesota is a convenient forum; centrally

located as to the cases currently pending; easily accessible to witnesses, lawyers, and the courts; has the resources and the subject matter experience necessary for this litigation; has extensive MDL experience with several successfully resolved MDLs; has favorable current docket conditions, with only six pending MDLs; has one of the least-congested dockets in the United States; has a short time period from filing to disposition in civil actions; has a small number of cases that have been pending for over three years; and is the headquarters of defendant PBI. D.E. 1-1, at 4-5; D.E. 157, at 4-5; *see also* D.E. 80, at 3-7; D.E. 94, at 3-6; D.E. 113, at 6-10; D.E. 122, at 2; D.E. 137, at 2, 7-9. As Movant explains, Minnesota is "a location central to the entire country." D.E. 157, at 5; *see also* D.E. 80, at 6 ("Minnesota is also geographically central to this litigation."); D.E. 113, at 2 ("Minnesota's central location will benefit litigation located nationwide"); D.E. 122, at 2 (Minnesota provides a "central location for all Plaintiffs"); D.E. 137, at 2 (Minnesota "is a centrally located, geographically convenient and readily accessible forum").[4]

Therefore, these actions, including the *Weissman* action, should be consolidated and transferred to the District of Minnesota.

---

[4] Alternatively, the Eastern District of Louisiana would be an appropriate forum because of its central location, its extensive experience in handling MDLs, and overseeing only five MDLs. *See* D.E. 6, at 5-7. The JPML has found New Orleans to be centrally located for purposes of MDL litigation. *See In Re: Propsulsid Liab. Litig.,* No. 1355, 2000 WL 35621417, at *2 (J.P.M.L. Aug. 7, 2000). The JPML has concluded on several occasions that the Eastern District of Louisiana is an appropriate forum for hearing complex litigation because of its expertise in handling these matters. The judges in the Eastern District of Louisiana have successfully managed several multidistrict litigations. *See In Re: Taxotere (Docetaxel) Eye Injury Product Liability Litigation*, 584 F.Supp.3d 1378, 1379 (J.P.M.L. 2022); *In Re: Taxotere (Docetaxel) Product Liability Litigation*, 220 F.Supp.3d 1360, 1361 (J.P.M.L. 2016); *In Re: Xarelto (Rivaroxaban) Products Liability Litigation*, 65 F.Supp.3d 1402, 1405 (J.P.M.L. 2014); *In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 731 F. Supp. 2d 1352, 1356 (J.P.M.L 2010); *In re: Pool Products Distribution Market Antitrust Litigation*, Docket No. 2328, transfer order at 2 (J.P.M.L. Apr. 17, 2012); *In Re: Chinese Manufactured Drywall Products Liability Litigation*, 626 F.Supp.2d 1346, 1347 (J.P.M.L. 2009); *In Re: Vioxx Marketing, Sales Practices and Products Liability Litigation*, 360 F.Supp.2d 1352, 1354 (J.P.M.L. 2005); *In Re: Life Insurance Company of Georgia Industrial Life Insurance Litigation*, Docket No. 1390, transfer order at 2 (J.P.M.L. Feb. 7, 2001); *In Re: DirecTech Southwest Inc., Fair Labor Standards Act (FLSA) Litigation*, 581 F.Supp.3d 1370, 1370 (J.P.M.L. 2008). The Eastern District of Louisiana is also overseeing only five MDLs. *MDL Statistics Report – Distribution of Pending MDL Dockets by District,* UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION (Report Date: 09/15/2023). The clerk's office for the Eastern District of Louisiana is also accustomed to handling large MDLs. *In re: Oil Spill by the Oil Rig Deepwater Horizon in the Gulf of Mexico, on April 20, 2010*, 731 F. Supp. 2d 1352, 1356 (J.P.M.L 2010).

## CONCLUSION

For the foregoing reasons, Athene respectfully requests that the JPML transfer the actions, including the *Weissman* action, to the District of Minnesota pursuant to 28 U.S.C. § 1407.

Dated:  September 20, 2023.                    Respectfully submitted by,

*/s/ Lee E. Bains, Jr.*
Lee E. Bains, Jr.
Ethan McDaniel
Grace Kipp
Madelyn Beatty
MAYNARD NEXSEN PC
1901 Sixth Avenue North
Suite 1700
Birmingham Alabama 35302
(205) 254-1000
lbains@maynardnexsen.com
emcdaniel@maynardnexsen.com
grace.kipp@maynardnexsen.com
mbeatty@maynardnexsen.com

*Attorneys for Defendant Athene Annuity and Life Company*
D. New Jersey, No. 1:23-CV-03999