## BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| **IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION** | MDL DOCKET NO.: 3083 |

## INTERESTED PARTY RESPONSE IN OPPOSITION TO THE MOTION FOR TRANSFER AND CENTRALIZATION OF RELATED ACTIONS

Interested parties Maximus, Inc. and Maximus Federal Services, Inc., ("Maximus") by and through undersigned counsel, respectfully submit this Interested Party Response in Opposition to the Motion for Centralization and Transfer of Related Actions to the District of Minnesota pursuant to 28 U.S.C. § 1407 for Consolidated Pretrial Proceedings ("MDL Motion" or "Motion"), filed by Bruce Bailey ("Movant") in MDL No. 3083 on July 6, 2023 (ECF No. 1), and in support thereof state as follows:

The Panel should deny the MDL Motion, and in particular, the Motion should be denied as it relates to the eight federal court cases currently pending against Maximus.[1] For the reasons described in numerous oppositions,[2] consolidation of the related actions is unlikely to produce the efficiencies required for 28 U.S.C. § 1407(a) transfer, and other mechanisms exist to achieve any coordination and de-duplication of efforts that may necessary for these matters.

This is especially true for the Maximus cases, the majority of which have already be consolidated. Specifically, six of the eight MOVEit-related federal court cases pending against

---

[1] While Maximus takes no position as to the creation of an MDL as to Progress Software Corporation ("Progress"), Maximus believes that the majority of the non-Progress defendants will have wholly unique issues requiring separate discovery, just like Maximus.

[2] *See, e.g.*, Def. Ill. Dept. of Innovation and Technology's Opp'n to Mot. for Transfer and Centralization, ECF No. 126; Johns Hopkins Defs. Opp'n to Pl. Bailey's Mot. for Transfer and Centralization, ECF No. 140; Def. Teachers Ins. & Ann. Ass'n of Am. & Pls.' J. Resp. in Opp'n Mot. for Transfer and Centralization, ECF No. 235.

Maximus have already been consolidated in the Eastern District of Virginia, and Maximus intends to seek 28 U.S.C. § 1404 transfer of the remaining two actions into that consolidated action.

By contrast to the consolidated action pending against Maximus in the Eastern District of Virginia, the MDL as described in Movant's Reply would incorporate almost 100 cases concerning dozens of wholly unrelated defendants with only one thing in common: each matter involves an alleged May 2023 exfiltration of files caused by a zero-day vulnerability in the MOVEit Transfer application ("MOVEit") . But as to each defendant beyond Progress Software—the developer of MOVEit—there are unique instances of the MOVEit application, each with its own distinct set of impacted data, applicable data security program, and alleged data security representations. These related actions mirror a motion to transfer the Judicial Panel on Multidistrict Litigation ("J.P.M.L.") considered just two years ago relating to a vulnerability in a different secure file transfer application functionally identical to MOVEit. *See In re: Accellion, Inc., Customer Data Security Breach Litigation*, 543 F.Supp.3d. 1372, 1373, Order Denying Transfer (J.P.M.L. June 7, 2021). There, the Panel refused to create an MDL because factual differences between defendants may have "eclipsed" any efficiencies that may be created by an MDL. So too here. Any efficiencies to be gained by centralization can be accomplished through consolidation of cases against individual defendants and through other means of coordination.

## I.     BACKGROUND

Maximus was one of the many victims of the May 2023 cybersecurity attack leveraging a zero-day vulnerability in the MOVEit" application. Since then, Maximus has been sued in eight putative class actions in federal court related to the MOVEit incident.[3] Six of these actions have

---

[3] Maximus has also been sued in Florida Circuit Court. *Taylor v. Maximus, Inc.*, No. 2023 12349 CIDL (Fla. Cir. Ct., Volusia Cnty. Sept. 6, 2023).

already been consolidated into the *Bishop* action pending before Judge Novak in the Eastern District of Virginia. *Bishop v. Maximus Fed. Servs., Inc.*, No. 1:23-cv-01019-DJN-LRV, ECF No. 16 (E.D. Va. Sept. 6, 2023) ("Consolidation Order"). The parties met and conferred as to a schedule for the initial phase of the consolidated action, which has been entered by the Court. *See id.* Plaintiffs' counsel have also already coordinated to jointly file a motion for appointment of co-lead counsel in that matter. *See Bishop*, Mot. to Appoint Interim Class Counsel, ECF No. 20 (E.D. Va. Sept. 13, 2023). Maximus intends to seek transfer of the remaining two federal cases pending against the Company to the Eastern District of Virginia pursuant to 28 U.S.C. § 1404, and will subsequently seek to consolidate those actions as well.

Maximus is the sole defendant in all but one of the eight actions.[4] Only the *McDaniel* matter in the District of Massachusetts names Progress Software as a defendant alongside Maximus, and none of the matters name Pension Benefit Information, LLC as a defendant. *See McDaniel, et al. v. Progress Software Corp., et al.*, No. 1:23-cv-11939-NMG, Class Action Compl., ECF No. 1 (D. Mass. Aug. 23, 2023) ("*McDaniel* Complaint"). The *McDaniel* case was filed against the Company only after separate Plaintiffs' counsel alerted the Panel to the cases pending against Maximus in the Eastern District of Virginia.[5] The claims in the *McDaniel*

---

[4] The six cases in the Eastern District of Virginia, which are now consolidated in the *Bishop* matter, only named Maximus entities as defendants. *Bishop v. Maximus Fed. Servs., Inc.*, No. 1:23-cv-01019-DJN-LRV (E.D. Va. Aug. 1, 2023); *Buzzell v. Maximus, Inc., et al.*, No. 1:23-cv-01028-DJN-LRV (E.D. Va. Aug. 2, 2023); *Harding v. Maximus, Inc., et al.*, No. 1:23-cv-01045-DJN-LRV (E.D. Va. Aug. 8, 2023); *Beers, et al. v. Maximus, Inc., et al.*, No. 1:23-cv-01107 (E.D. Va. Aug. 21, 2023); *Wilt v. Maximus, Inc.*, No. 1:23-cv-01108-DJN-LRV (E.D. Va. Aug. 21, 2023); *Taylor v. Maximus, Inc.*, No. 1:23-cv-01117-DJN-LRV (E.D. Va. Aug. 23, 2023). So too with the matter filed against Maximus in the Southern District of Florida. *Valiente v. Maximus, Inc.*, No. 1:23-cv-23281-KMW (S.D. Fla. Aug. 27, 2023).

[5] On August 15, 2023, Plaintiff Carlos Harding noticed *Carlos Harding v. Maximus, Inc. and Maximus Federal Services, Inc.*, No. 1:23-cv-01045-AJT (E.D. Va.) as a potential tag along matter. *See In re: MOVEit Customer Data Security Breach Litig.*, MDL No. 3083 at ECF 164.

Complaint largely echo those made by the other seven complaints against Maximus, differing only in that the *McDaniel* Complaint also makes many of its allegations against Maximus and Progress collectively as "Defendants." *E.g.*, *id.* at ¶¶ 7, 9–12, 16, 48–52, 78–80, 86–88, 93–96.

Maximus files the instant opposition as interested party pursuant to the Panel's August 14, 2023 Minute Order, which provides that parties in any potential tag-along action may file an interested party response no later than September 21, 2023. *See* MDL No. 3083, at ECF No. 158.

## II.    LEGAL STANDARD

Cases may be transferred and coordinated pursuant to Section 1407 only when there are "one or more common questions of fact" such that centralization "will be for the convenience of parties and witnesses" and "will promote the just and efficient conduct of such actions." *See* 28 U.S.C. § 1407(a). A party moving to centralize cases into a muti-district litigation bears "a heavy burden to show that [the] common questions of fact are sufficiently complex, and that the accompanying discovery will be so time-consuming as to justify transfer under Section 1407." *In re 21st Century Prods., Inc. "Thrilsphere" Contract Litig.*, 448 F. Supp. 271, 273 (J.P.M.L. 1978).

## III.    ARGUMENT

Plaintiffs and the interested parties filing in support have failed to meet their heavy burden under 28 U.S.C. § 1407(a) to establish that transfer and centralization are appropriate. The J.P.M.L. should decline to create the proposed MDL because common questions of fact do not prevail—far from it. Instead, defendant-specific questions—like the type of impacted data for a given defendant, a critical issue in all phases of a data breach case—will predominate, eviscerating any efficiencies created by having all defendants in the same MDL proceeding.

Further, where there are suitable alternatives to § 1407 that would also serve to minimize duplicative discovery, those alternatives should be taken. *In re Eli Lilly & Co. (Cephalexin*

*Monohydrate) Patent Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *In re: Best Buy Co., Inc., California Song-Beverly Credit Card Act Litig.*, 804 F. Supp. 2d 1376, 1378 (J.P.M.L. 2011) ("[C]entralization under Section 1407 should be the last solution after considered review of all other options."); *In re Nat'l Grid Tax Gross-Up Adder Litig.*, No. MDL 3070, 2023 WL 2876091, at *1 (J.P.M.L. Apr. 10, 2023) (denying centralization where cooperation and coordination among the parties and the involved courts would avoid duplicative discovery and inconsistent pretrial rulings); *see also* Federal Judicial Center, *Manual for Complex Litigation* § 20.14 (4th ed.). This is especially true as to Maximus, where six of the eight cases pending against the Company have already been consolidated.

### A.     Individualized Issues Predominate Over Common Questions of Fact.

The purported common questions of fact that Movants identify are not sufficiently numerous and complex to warrant centralization.  The Panel routinely denies transfer where common questions of fact are outweighed by individualized factual and legal issues, recognizing that the purpose of the MDL model is to create efficiencies.  *See, e.g., In re: Pharmacy Ben. Plan Administrators Pricing Litig.*, 206 F. Supp. 2d 1362, 1363 (J.P.M.L. 2002) (denying transfer where "unique questions of fact predominate over any common issues of fact"); *In re Express Scripts Holding Co. Sec., Derivative & Employee Ret. Income Sec. Act (ERISA) Litig.*, MDL No. 2769, 2017 WL 1283669, at *1 (J.P.M.L. Apr. 5, 2017) (denying transfer despite certain "common factual allegations," because "case-specific issues are likely to undermine the alleged efficiencies").

Here, the proposed MDL would involve claims against at least *twenty-three* defendants.[6]

---

[6] Maximus notes that the exact scope of the MDL Movant seeks is unclear.  The MDL Motion appears to seek an MDL of all actions that "involve Defendants Progress Software Corporation [("]PSC") and/or Pension Benefit Information, LLC d/b/a PBI Research Services."  MDL

And even the number of unique defendants does not reveal the complexity of the factual and legal issues, as there are at least three categories of Defendants: (i) Progress Software; (ii) users of the MOVEit software; (iii) and Defendants who did not use MOVEit themselves but relied on other users of the software. Claims against each of these categories of Defendants present entirely different legal and factual issues. For example, issues related to the development of the MOVEit software itself, the zero-day vulnerability, and Progress Software's efforts to alert MOVEit users to the zero-day vulnerability are all unique to Progress Software.

Even within the second category of Defendants who utilized MOVEit (like Maximus, IBM, Johns Hopkins, and others), each Defendant will have unique factual and legal issues. For example, the types of files stored in a particular MOVEit environment, the manner in which a particular MOVEit environment was configured, and the applicable data security programs and procedures will be unique to each Defendant. Similarly, for Defendants who are non-users of the MOVEit software but contracted with a MOVEit user, unique issues related to vendor risk may need to be considered. What's more, *all* defendants employed separate notification procedures after identifying the MOVEit incident, and the impacted data for each defendant will be unique. Litigating these cases will require defendant-specific discovery into each of these issues and more. Conversely, the purported common issues in the related actions all relate to Progress Software, and as addressed below, any such issues can be handled through informal coordination.

The many differences between the Defendants mean if an MDL were created, each Defendant would likely require its own treatment or separate track within the MDL. There would

Motion at 1. However, the MDL Reply appears to expand the MDL to all matters "centrally related to the May 2023 hack and exfiltration of data from the MOVEit file transfer software." MDL Reply at 2. Maximus should not be included in an MDL under either formulation for the reasons presented in this Opposition.

be few, if any, procedural efficiencies because each Defendant would need its own unique discovery requirements, motions practice, and dispositive issues. The J.P.M.L. is generally hesitant to create MDLs with more than one defendant for exactly this reason: "a multi-defendant MDL may prolong pretrial proceedings, because of, *inter alia*, the possible need for separate discovery and motion tracks, as well as the need for additional bellwether trials." *In re CP4 Fuel Pump Mktg., Sales Prac., and Prods. Liab. Litig.*, 412 F. Supp. 3d 1365, 1367 (J.P.M.L. 2019) (declining to create an MDL consisting of ten single-defendant cases).

Indeed, for these and other reasons, the J.P.M.L. recently denied centralization in a factually similar incident involving a security incident of a SFT application: *In re: Accellion, Inc. Customer Data Security Breach Litigation*. In *Accellion*, the J.P.M.L. declined to create an MDL related to a cyberattack on the Accellion SFT, noting that:

> [A]ny factual overlap among the actions as to Accellion's [SFT] product [and] its vulnerability to attack [. . .] may be eclipsed by factual issues specific to each client defendant [. . .] Moreover, each client defendant's knowledge of the FTA's alleged vulnerability to attack will be unique, as will Accellion's alleged efforts to urge each client to migrate to its newer file sharing product. Other unique factual issues include when each client was made aware of a data breach and when it notified its customers and/or employees. Proponents of centralization argue that even in the actions in which Accellion is not named, it will be involved in some third-party discovery. But we are persuaded that such discovery can be informally coordinated.

*See Accellion*, 543 F. Supp. 3d. at 1374. Here too, the overlapping fact that Maximus and some other defendants used MOVEit is "eclipsed by factual issues specific to each . . . defendant." *Id*. The J.P.M.L. also found centralization to be "unnecessary" in *Accellion* because many parties, including defendants, opposed centralization and had coordinated and consolidated actions independently of the J.P.M.L.. *See id.* at 2. In this matter, at least four separate defendants, including Maximus, oppose centralization. *See* Def. Ill. Dept. of Innovation and Technology's Opp'n to Mot. for Transfer and Centralization, ECF No. 126; Johns Hopkins Defs. Opp'n to Pl.

Bailey's Mot. for Transfer and Centralization, ECF No. 140; Def. Teachers Ins. & Ann. Ass'n of Am. & Pls.' J. Resp. in Opp'n Mot. for Transfer and Centralization, ECF No. 235. And for good reason. Any MDL Court could be forced to create mini-MDLs or tracks to handle defendant-specific issues—like type of data impacted, relationship with Progress (if any), details of notification, and many, many more.

### B. There Are Viable Alternatives to An MDL Proceeding.

Centralization under § 1407 "should be the last solution after considered review of all other options." *In re Best Buy Co., Inc.*, 804 F. Supp. 2d at 1378. For this reason, the Panel has frequently denied centralization where informal cooperation among the parties is a viable means to minimize or eliminate duplicative discovery and other pretrial proceedings, even if the cases present common questions of fact. *See, e.g.*, *In re: Adderall X (Amphetamine/ Dextroamphetamine) Marking, Sales Practices and Antitrust Litig.*, 968 F. Supp. 2d 1343, 1344-45 (J.P.M.L. 2013) (acknowledging common factual questions, but denying transfer because it is not "necessary either to assure the convenience of the parties and witnesses or for the just and efficient conduct of this litigation"). Such is already the case as it relates to the Maximus cases.

The parties have demonstrated that the Maximus matters can be efficiently managed without centralization. Maximus has coordinated with plaintiffs in six of the eight different cases to consolidate in the Eastern District of Virginia, Maximus's home district and location of Maximus documents and witnesses, and intends to seek transfer and consolidation of the two remaining cases. In connection with consolidation, the parties have met and conferred on an initial schedule of deadlines, which has been entered by the court in the Eastern District of Virginia. Plaintiffs' counsel in the consolidated case have already filed a motion for appointment of co-lead counsel which is currently pending before the court. In brief, the parties

have demonstrated that they are already managing all Maximus-related matters in an efficient manner. The "last solution" of centralization is not only unnecessary—it will likely only slow these efforts.

Finally, as to any discovery needed from Progress, like the Panel recognized in *Accellion*, to the parties will be able to coordinate that discovery without the use of an MDL. *Accellion*, 543 F.Supp.3d. at 1374. This may involve, among other things, a stipulation in a case against Progress "that any discovery relevant to more than one action may be used in all those actions." *In re Eli Lilly & Co.*, 446 F. Supp. at 244. Given these alternatives, centralization in an MDL proceeding is unnecessary.

## IV.    CONCLUSION

For all of these reasons, the J.P.M.L. should deny the MDL Motion. In the alternative, the related actions pending against Maximus should be excluded from any MDL proceeding.

Dated:  September 21, 2023

Respectfully submitted,

/s/ *Allison M. Holt Ryan*
Allison M. Holt Ryan
Jon M. Talotta
Lance Y. Murashige
Courtney E. Helt
Stephanie Sandoval
**HOGAN LOVELLS US LLP**
555 Thirteenth Street, N.W.
Washington, D.C. 20004
Telephone:  (202) 637-5600
Facsimile:   (202) 637-5910
Email:  allison.holt-ryan@hoganlovells.com
        jon.talotta@hoganlovells.com
        lance.murashige@hoganlovells.com
        courtney.helt@hoganlovells.com
        stephanie.sandoval@hoganlovells.com

*Counsel for Maximus*