BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| **IN RE MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION** | MDL No. 3083 |

### DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S INTERESTED PARTY RESPONSE IN OPPOSITION TO PLAINTIFF BRUCE BAILEY'S MOTION FOR TRANSFER AND CENTRALIZATION

The proposed MDL should not include the Prudential Insurance Company of America ("Prudential"). Plaintiff Bruce Bailey ("Plaintiff") seeks to transfer and centralize disparate actions involving numerous parties in an MDL, but involving Prudential makes little sense here. Prudential is only involved in one action sought to be consolidated and it does not share the same questions of facts and law as the parties who predominate the proposed MDL. The purpose of an MDL is to combine similar actions for the sake of efficiency and judicial economy, but those goals would not be achieved here. Prudential has only been sued in two putative class actions related to the MOVEit data breach, the first of which was filed in its home jurisdiction of the District of New Jersey. Prudential, who did not use MOVEit software, but instead contracted with a third party who did, would be disadvantaged by being lumped into an unwieldy litigation mass with a litany of actions directed at the actual creators or users of MOVEit software. Given Prudential's tangential involvement with the MOVEit software, Prudential also has unique defenses that would not be applicable to other parties in the proposed MDL. Accordingly, judicial economy would be best served by allowing Prudential to pursue its plan to consolidate its two actions in the District of New Jersey, which is the appropriate venue for Prudential, a New Jersey-based company, and would promote the convenience of the discovery process and the efficiency of the litigation.

## BACKGROUND

Progress Software Corporation ("PSC") is a Massachusetts software company that offers a variety of software products and services, including its MOVEit software for file transfers. Pension Benefit Information, LLC ("PBI") is a Minnesota-based company that provides pension management services to various clients, including Prudential, and uses MOVEit software from PSC. Beginning or around late May 2023, the cl0p Russian ransomware gang infiltrated MOVEit and began attempts to ransom and exploit stolen data, which ultimately endangered the data of over 50 million people. As a result, numerous class actions have been filed against PSC and PBI and other corporations, non-profits, and governmental entities that utilized MOVEit software.

On July 6 and July 7, 2023, Plaintiff filed motions before the Judicial Panel on Multidistrict Litigation (the "Panel") requesting that the Panel centralize actions related to the MOVEit file transfer software data breach in the United States District Court for the District of Minnesota. (Mot. to Transfer, ECF Nos. 1, 2 at 1.) Among other things, Plaintiff argues that (1) the related actions involve the same parties, (2) the actions have been filed in a number of varying jurisdictions, (3) the actions involve common questions of fact, (4) centralization of the related actions will prevent conflicting pretrial rulings and conserve judicial resources, and (5) the District of Minnesota is the most appropriate forum. (ECF No. 2 at 2–3.)

On August 30, 2023, Christopher Arden, on behalf of himself and all others similarly situated, filed his putative class action complaint against PSC, PBI, and Prudential in the United States District Court for the District of Massachusetts, asserting claims against Prudential regarding the loss of data in its possession in a data breach. The case has been assigned to Judge

Nathaniel M. Gorton. *Christopher Arden v. Progress Software Corp. et al.*, No. 1:23-cv-12015-NMG (D. Mass., filed Aug. 30, 2023).

On September 1, 2023, Charles Schaffer of Levin Sedran & Berman LLP, one of the attorneys representing Plaintiff Arden in the District of Massachusetts, filed a Notice of Related Actions, listing the *Arden* case along with ten additional cases as related to those that were included in Plaintiff's initial motion.[1] (ECF Nos. 215, 215-11, 232.)

Prudential also has an earlier-filed case pending against it in the District of New Jersey, asserting essentially the same claims regarding the MOVEit data breach. On August 15, 2023, Bruce Parker, on behalf of himself and all others similarly situated, filed a putative class action complaint naming only Prudential as a defendant. The case has been assigned to Judge Michael E. Farbiarz. *Bruce Parker v. The Prudential Life Ins. Co. of Am.*, No. 2:23-cv-04617-MEF (D.N.J., filed Aug. 15, 2023).[2]

## ARGUMENT

Centralization into an MDL under 28 U.S.C. § 1407 is a "last solution after considered review of all other options." *In re: Alteryx, Inc., Customer Data Sec. Breach Litig.*, 291 F. Supp. 3d 1377, 1378 (J.P.M.L. 2018) (quoting *In re: Best Buy Co., Inc., Cal. Song–Beverly Credit Card Act Litig.*, 804 F.Supp.2d 1376, 1378 (J.P.M.L. 2011)). Centralization is only necessary "for the

---

[1] Prudential and counsel for Prudential only recently became aware of this Notice of Related Actions as it was filed before Prudential was served in the underlying matter.

[2] Counsel for Plaintiff Parker includes the law firm Milberg Coleman Bryson Phillips Grossman LLC, which also represents several other plaintiffs in alleged related actions. Counsel for Prudential conferred with counsel for Plaintiff Parker, and they indicated that they are also opposed to transfer and centralization to an MDL. Counsel for Plaintiff Parker has also filed a brief in opposition to Plaintiff's motion. (ECF No. 6.)

convenience of the parties and witnesses or to further the just and efficient conduct of the litigation." *Id.* at 1377–78. Neither objective would be achieved here.

I.     **The Claims Against Prudential Are Specific to Prudential.**

Transfer of Plaintiff Arden's claims against Prudential to an MDL is unwarranted because Plaintiff Arden's claims against Prudential share almost no common questions of fact with the claims being brought against PBI and PSC. The Panel has previously noted that "any factual overlap among the actions…may be eclipsed by factual issues specific to each client defendant." *In re Accellion, Inc., Customer Data Security Breach Litig.*, 543 F. Supp. 3d 1372, 1374 (J.P.M.L. 2021) (noting that "unique factual issues" like timing, circumstances, knowledge of the data breach, and the conduct of individual defendants existed and made centralization unnecessary). The questions of fact relevant to any liability by Prudential will be specific to Prudential—this will involve Prudential's knowledge of the alleged vulnerability, any of Prudential's efforts to fix or otherwise address that vulnerability, and Prudential's vetting and monitoring of its third-party provider who used the MOVEit software. Other factual issues include when Prudential was made aware of the data breach, when it notified its customers, and Prudential's own data privacy standards and practices.

Here, whether there is liability for Prudential, or any similarly situated defendant, will depend heavily on individualized circumstances, concerning not just use, but each individual organization's data security practices and policies. These individualized factual questions go beyond the use of MOVEit. Any efficiency that might be gained by including the claims against Prudential in *Arden* in a multidistrict litigation proceeding about PSC, PBI, and others "would be outweighed by the need for separate treatment of the major portion of these cases and difficulty

which any transferee judge would face in attempting to meet such needs in an unduly large and complex group of cases." *In re Penn Cent. Sec. Litig.*, 325 F. Supp. 309, 311 (J.P.M.L. 1971) (separating out group of cases making distinct claims even if "full development of these cases may require investigation of factual areas cover[ed] in" multidistrict proceeding).

In contrast, the proposed multidistrict litigation would be more focused on the development of the MOVEit file transfer software and the data security practices of PBI and other numerous entities that directly used the software for different purposes. These facts would all be irrelevant to the claims against Prudential because Prudential did not actually use MOVEit software and instead contracted with a third-party service provider that used MOVEit software. Thus, contrary to Plaintiff's contention that centralization "will prevent conflicting pretrial rulings, and conserve judicial resources on identical pre-trial issues," (ECF No. 1 at 3), no such 'identical pre-trial issues' exist. And, the inclusion of Prudential as a defendant will require additional unique factual discovery that will slow down any pre-trial processes.

In nearly identical circumstances, the Panel has previously declined centralization for data breach cases. *In re Accellion, Inc., Customer Data Security Breach Litig.*, 543 F. Supp. 3d 1372 (J.P.M.L. 2021). In *Accellion*, the Panel was asked to transfer and centralize cases arising from an exploited security vulnerability in another file transfer application that resulted in data being compromised. As occurred here with PSC's MOVEit file transfer software, criminal third-party actors exploited the vulnerability to steal the data of various organizations and customers that used the file transfer application. In its order denying transfer and centralization of the *Accellion* cases, the Panel explained that "centralization would provide little or no benefit." *In re Accellion, Inc., Customer Data Security Breach Litig.*, 543 F. Supp. 3d at 1374. Accordingly, this Court should

not include in the proposed consolidated proceeding the *Arden* action, or any future action, filed against Prudential.

## II. Centralization Would Not Promote Efficiency or the Parties' Convenience and the Cases Should Instead Be Consolidated in the District of New Jersey.

Currently, there are two actions pending against Prudential that allege Prudential is liable for the data breach:

- *Christopher Arden v. Progress Software Corporation, Pension Benefit Information, LLC d/b/a PBI Research Services, and The Prudential Life Insurance Company of America*, Case No. 1:23-cv-12015-NMG (D. Mass., filed Aug. 30, 2023).

- *Bruce Parker v. The Prudential Life Insurance Company of America*, Case No. 2:23-cv-04617-MEF (D.N.J., filed Aug. 15, 2023).

Both actions should be consolidated together outside of the MDL. In the above actions, both plaintiffs are California residents (therefore promoting no efficiency for their cases to be centralized in Minnesota), and raise substantially identical claims against Prudential. The *Parker* complaint raises six causes of action, including (1) negligence; (2) negligence *per se*; (3) breach of implied contract; (4) breach of fiduciary duty; (5) breach of confidence; and (6) unjust enrichment. *Parker* Compl. ¶¶ 115–191. Similarly, the *Arden* complaint asserts four claims against Prudential: (1) negligence; (2) negligence *per se*; (3) unjust enrichment; and (4) declaratory and injunctive relief. *Arden* Compl. ¶¶ 168–184, 194–228. The *Arden* complaint also proposes a nationwide sub-class against Prudential (*Arden* Compl. ¶ 153)[3] that is nearly identical with the

---

[3] The proposed "Prudential Subclass" in the *Arden* complaint is defined as "[a]ll persons whose Private Information was maintained by Prudential and accessed or acquired during the Data Breach as a result of the exploitation of Progress Software Corporation's MOVEit Application vulnerability."

proposed class in the *Parker* complaint (*Parker* Compl. ¶ 103).[4]  Indeed, plaintiffs in both *Parker*

and *Arden* identify the same common questions of law and fact in support of their class action

allegations—whether Prudential owed a duty to plaintiffs and the proposed classes, breached that

duty, failed to safeguard plaintiffs' personal data, and failed to implement and maintain reasonable

security measures.  *See Parker* Compl. ¶ 107; *Arden* Compl. ¶ 157.[5]

     The *Parker* and *Arden* complaints also present the same questions of fact concerning

Prudential's handling of information obtained from the Western Conference of Teamsters Pension

Trust participants, which Prudential serves as payment administrator for, and Prudential's policies,

practices, conduct, and vetting of vendors.  These common questions of law and fact, which

diverge from the questions of law and fact most relevant to PSC and PBI, will involve the same

witnesses and documents and will be most efficiently adjudicated near Prudential's headquarters

in New Jersey; therefore, consolidation is the best option to adjudicate these actions.  The Panel

has previously stated if "alternatives" exist that can "minimize the potential for duplicative

discovery and inconsistent pretrial rulings" that might otherwise occur, centralization is

inappropriate.  *In re Cal. Wine Inorganic Arsenic Levels Prods. Liab. Litig.*, 109 F. Supp. 3d 1362,

1363 (J.P.M.L. 2015).  As such, on September 21, 2023, Prudential filed a motion to sever and

transfer the claims against it in the *Arden* case to the District of New Jersey, so that it can be

---

[4] "All individuals residing in the United States whose Private Information was accessed and/or acquired by an unauthorized party as a result of the Data Breach reported to have occurred on or about May 29 and May 30, 2023."  Where "Data Breach" is defined in the complaint as "an unauthorized third party accessed one of [Prudential's] MOVEit Transfer servers and downloaded certain files from the server on May 29, 2023 and May 30, 2023."  *Parker* Compl. ¶ 3.

[5] Prudential disputes the appropriateness of class treatment, and includes this information only to provide the Panel with context regarding how Plaintiffs Arden and Parker have characterized their claims, the issues their complaints raise, and the proposed classes in each.

consolidated with the first-filed *Parker* action.[6]  Consolidating the Prudential actions in the District

of New Jersey is the most efficient and convenient solution for the parties.

## CONCLUSION

For the foregoing reasons, Prudential opposes Plaintiff's motion to the extent it calls for

the inclusion of the cases against Prudential in an MDL.[7]

By Its Attorneys,

Dated: September 21, 2023

By: /s/ *Amanda S. Amert*
  Amanda S. Amert

Amanda S. Amert
LaRue Robinson
WILLKIE FARR & GALLAGHER LLP
300 North LaSalle
Chicago, IL 60654-3406
Tel:  (312) 728-9050
Fax:  (312) 728-9199
aamert@willkie.com
lrobinson@willkie.com

*Attorneys for The Prudential Insurance Company of America*

---

[6] In its motion to sever and transfer the claims in the *Arden* case, Prudential argues that the claims against it should be severed because: (1) the claims against it do not present common questions of law or fact; (2) the claims require different witnesses and documentary evidence; (3) severing the claims would facilitate settlement and judicial economy; and (4) no party would be significantly prejudiced if severance is granted.  Prudential also argues that transfer to the District of New Jersey is appropriate because relevant factors, including the convenience of the parties and witnesses, the ease of access to sources of proof, the "first-filed" doctrine, considerations of judicial economy and the interests of the parties all favor transfer.

[7] In the event that the Panel decides to grant Plaintiff's motion and centralize the cases into an MDL, Prudential requests that its claims be severed and remanded in the interests of efficiency and convenience, so it can consolidate its two actions into one court.  *See* 28 U.S.C. § 1407(a) ("[T]he panel may separate any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims before the remainder of the action is remanded.").

<u>**CERTIFICATE OF SERVICE**</u>

In compliance with Rule 4.1(a) of the Rules of Procedure for the United States Judicial

Panel on Multidistrict Litigation, I, hereby certify that on September 21, 2023, I caused a true

and correct copy of the foregoing:

**DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF
AMERICA'S INTERESTED PARTY RESPONSE IN OPPOSITION TO
PLAINTIFF BRUCE BAILEY'S MOTION FOR TRANSFER AND CENTRALIZATION**

to be served by email or ECF on September 21, 2023 upon the following parties:

**Arden v. Progress Software Corp., et al., No. 1:23-cv-12015 (D. Mass.)**

**Served via Email**
Kristen A. Johnson, Esq.
HAGENS BERMAN SOBOL SHAPIRO
1 Faneuil Hall Squire, 5th Floor
Boston, MA 02109
Phone: (617) 482-3700
Fax: (617) 482-3003
Email: kristenj@hbsslaw.com

Steve W. Berman
Sean R. Matt
HAGENS BERMAN SOBOL SHAPIRO
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Phone: (206) 623-7292
Fax: (206) 623-0594
Email: steve@hbsslaw.com
        sean@hbsslaw.com

Jeffrey S. Goldenberg, Esq.
Goldenberg Schneider, LPA
4445 Lake Forest Drive, Suite 490
Cincinnati, OH 45242
Phone: (513) 345-8291
Fax: (513) 345-8294
Email: jgoldenberg@gs-legal.com

Charles Schaffer
Nicholas J. Elia
LEVIN SEDRAN & BERMAN LLP
510 Walnut Street, Suite 500
Philadelphia, PA 19106
Phone: (215) 592-1500
Fax: (215) 592-4663
Email: cschaffer@lfsblaw.com
      nelia@lfsblaw.com

Joseph M. Lyon
THE LYON FIRM
2754 Erie Ave.
Cincinnati, OH 45208
Phone: (513) 381-2333
Fax: (513) 766-9011
Email: jlyon@thelyonfirm.com
**Counsel for Plaintiff Christopher Arden**

**Served via ECF**
Jeffrey Tsai, Esq.
DLA Piper LLP
555 Mission Street, Suite 2400
San Francisco, California 94105
Phone: (415) 615-6055
Email: jeff.tsai@dlapiper.com
**Counsel for Defendant Progress Software Corporation**

**Served via ECF**
Paulyne A. Gardner, Esq.
Mullen Coughlin LLC
426 W. Lancaster Avenue, Suite 200
Devon, PA 19333
Phone: (267) 930-2098
Email: pgardner@mullen.law
**Counsel for Defendant Pension Benefit Information, LLC**

*/s/ Amanda S. Amert*