# BEFORE THE UNITED STATES JUDICIAL
# PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION | MDL DOCKET NO. 3083 |

### INTERESTED PARTY PLAINTIFFS KATELIN MALO, CORRINNA REED, AND JOANN KINDRED'S RESPONSE TO MOTION FOR TRANSFER AND CONSOLIDATION OF RELATED ACTIONS FOR CENTRALIZED PRETRIAL PROCEEDINGS PURSUANT TO 28 U.S.C. § 1407

Plaintiffs Katelin Malo, Corrinna Reed, and Joann Kindred (collectively, the "Oregon Plaintiffs"), plaintiffs in *Malo v. Performance Health Technology*, *Ltd.*, No. 6:23-cv-01149 (D. Or.), pursuant to Rule 6.2(e) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation (the "Panel"), respectfully submit this response to certain Plaintiffs' (the "Massachusetts Plaintiffs") Response and Memorandum in Support of Motion for Transfer and Consolidation of Related Actions for Centralized Pretrial Proceedings Pursuant to 28 U.S.C. § 1407, filed September 19, 2023 (ECF 252). That is the first submission in this proceeding that explicitly seeks the transfer of the Oregon Plaintiffs' pending action.

That action should not be transferred for many of the same reasons cited by plaintiffs in other related actions. There are currently 11 cases pending against defendant Performance Health Technology, Ltd. ("PH Tech") in Oregon state and federal courts. PH Tech is the only defendant in ten of those actions, and plaintiffs' allegations in those actions are addressed strictly to PH Tech's violations, which encompass facts and issues that are unique to PH Tech. The Massachusetts Plaintiffs' pending action is the only one of those 11 cases that includes a defendant other than PH Tech.

But the case against transferring the Oregon Plaintiffs' action is even more compelling than those of other plaintiffs, in that plaintiffs in all of the ten cases naming only PH Tech have

determined after extensive consultation that the cases may—and should—go forward only in state court. By all appearances, PH Tech served only Oregon residents; plaintiffs in all ten cases lived in Oregon upon initially giving PH Tech access to their data; and every plaintiff to have pled details regarding the disclosure of their data was served by a health care entity that served only Oregon residents.

For all of these reasons, the Oregon Plaintiffs will dismiss their federal complaint, and other plaintiffs who have filed cases in other state courts will take steps to pursue those claims in the Oregon Circuit Court for Multnomah County. All Oregon-based plaintiffs—save for the one aligned with the Massachusetts Plaintiffs—have agreed to a case management structure to facilitate the efficient prosecution of a consolidated action, and foresee no reason to do that in any federal court, much less a federal court three thousand miles from any of the proper parties to the Oregon actions.

**FACTUAL BACKGROUND**

The Oregon Plaintiffs filed the first of the eleven proposed class actions pending against PH Tech (the *Malo* action) on August 7, 2023.[1] Shortly thereafter, Oregon Plaintiffs' counsel conferred with other plaintiffs' counsel, and determined that the Oregon focus of PH Tech's business was such that jurisdiction would be proper in Oregon state courts. As additional cases were filed, a consensus to that effect began to emerge. The eleven pending cases are as follows:

| Caption | Date filed | Court | Case number |
|---|---|---|---|
| *Malo v. Performance Health Technology, Ltd.* | Aug. 7, 2023 | D. Or. | 6:23-cv-01149 |

---

[1] A twelfth case, *Fitzpatrick v. Performance Health Technology, Ltd.*, No. 6:23-cv-01191 (D. Or.), was filed in federal court on August 15, 2023, but voluntarily dismissed by the plaintiff. *Id.*, ECF 8 (filed Sept. 19, 2023).

| Caption | Date filed | Court | Case number |
|---|---|---|---|
| *Ballard v. Performance Health Technology, Ltd.* | Aug. 10, 2023 | D. Or. | 6:23-cv-01173 |
| *Tahmassbi v. Performance Health Technology, Ltd.* | Aug. 15, 2023 | Marion Cty. | 23cv32949 |
| *Canterbury v. Performance Health Technology, Ltd.* | Aug. 16, 2023 | D. Or. | 3:23-cv-01197 |
| *Goss v. Performance Health Technology, Ltd.* | Aug. 25, 2023 | Multnomah Cty. | 23cv34744 |
| *Hopkins v. Trillium Community Health Plan, Inc.* | Aug. 28, 2023 | D. Or. | 3:23-cv-01259 |
| *Thompson v. Performance Health Technology, Ltd.* | Sept. 1, 2023 | Multnomah Cty. | 23cv35968 |
| *Caster v. Performance Health Technology, Ltd.* | Sept. 1, 2023 | Marion Cty. | 23cv35549 |
| *Westley v. Performance Health Technology, Ltd.* | Sept. 7, 2023 | Marion Cty. | 23cv36287 |
| *Dinneen v. Performance Health Technology, Ltd.* | Sept. 12, 2023 | Multnomah Cty. | 23cv37027 |
| *Mitchell v. Performance Health Technology, Ltd.* | Sept. 15, 2023 | Multnomah Cty. | 23cv37813 |

In recent days, all Oregon-based plaintiffs have agreed on a case management structure and a course of action directed at prosecuting their claims in Multnomah County. The Oregon Plaintiffs and Plaintiff Ballard anticipate dismissing their federal cases. The Marion County plaintiffs anticipate seeking to transfer their cases to Multnomah County, and all plaintiffs, save for the one aligned with the Massachusetts Plaintiffs, anticipate successfully pressing their claims there.

The Oregon Plaintiffs are confident in their ability to do so in that PH Tech's business is decidedly concentrated in Oregon. The home page of the PH Tech website proclaims that "[t]he people of PH TECH are passionate about what they do because our leaders are passionate about who we are in the Oregon health care community." PH Tech (available at https://phtech.com/). *See*

*also id.* ("It may sound overly ambitious, but we want to make healthcare local again.;" "Our technology platform and services are tailor made to scale with the growing and ever-changing needs of the local health plan."). Several plaintiffs initially gave PH Tech their data via their enrollment in health plans that serve only Oregon residents, such as Health Share of Oregon and Capitol Dental Care. The Oregon Plaintiffs have every reason to anticipate that PH Tech will not be able to establish federal jurisdiction over plaintiffs' claims, and PH Tech has not yet suggested otherwise.

## **ARGUMENT**

The *Malo* action should not be swept up in and transferred to a massive MDL proceeding for many of the same reasons why other actions against single MOVEit users should not be transferred. The Oregon Plaintiffs directly entrusted their personal health information ("PHI") to Oregon-based PH Tech, and not to an out-of-state vendor whose existence was unknown to most of them before they received notice of the breach. This case will focus on PH Tech's independent duty to protect the Oregon Plaintiffs' PHI, which is established by federal law; PH Tech's privacy practices and procedures; PH Tech's failure to prevent or minimize the scope of the data breach; PH Tech's response to the data breach, including the steps PH Tech took to mitigate the damage; the value of Oregon residents' information exfiltrated during the data breach; and PH Tech's transmission of notice of the Data Breach to the Oregon Plaintiffs and class members. Each of these issues is unique to PH Tech, and does not directly involve other parties.

Even if the PH Tech cases belonged in federal court, neither the District of Massachusetts nor any other court outside of Oregon would be the proper venue. The Panel has repeatedly recognized the value of transferring cases to venues in which related state court cases are pending. *See, e.g., In re Soc. Media Adolescent Addiction/Pers. Inj. Prod. Liab. Litig.*, 637 F. Supp. 3d 1377,

4

1379 (J.P.M.L. 2022) ("centralization [in California] will facilitate coordination with the state court cases pending in California"); *In re Ford Motor Co. DPS6 PowerShift Transmission Prod. Liab. Litig.*, 289 F. Supp. 3d 1350, 1353 (J.P.M.L. 2018) ("Centralization in [California] also will facilitate coordination with California state court litigation involving the same" subject matter). Such coordination would be impossible if any Oregon-based litigants were required to litigate their claims in a Massachusetts court burdened with diverse and unrelated claims against scores of MOVEit users.

## CONCLUSION

For all of the reasons above, the Oregon Plaintiffs respectfully request that the Panel deny the pending Motion for Transfer and Consolidation of Related Actions for Centralized Pretrial Proceedings as it relates to the Oregon Plaintiffs.

Dated: September 21, 2023

Respectfully submitted,

**BAILEY GLASSER LLP**

    */s/ Bart D. Cohen*
Bart D. Cohen
1622 Locust Street
Philadelphia, PA 19103
(215) 274-9420
bcohen@baileyglasser.com

*Counsel for Plaintiffs Katelin Malo, Corrinna Reed, and Joann Kindred*