## BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION | MDL No. 3083 |

### INTERESTED PARTY RESPONSE OF F&G ANNUITIES & LIFE, INC. IN SUPPORT OF MOTION FOR TRANSFER PURSUANT TO 28 U.S.C. § 1407

F&G Annuities & Life, Inc. ("F&G") respectfully submits this interested party response in support of the motion for transfer and centralization pursuant to 28 U.S.C. § 1407 (ECF Doc. 1). Because the conduct of co-defendants Progress Software Corporation ("PSC") and Pension Benefit Information, LLC ("PBI") is critical to any liability against F&G (as it is to liability of numerous other defendants who, like F&G, used PBI's services), F&G supports centralization of all MOVEit-related cases in the District of Massachusetts.

### BACKGROUND

F&G offers life insurance and annuity solutions. The Company is headquartered in Des Moines, Iowa and incorporated in Delaware. F&G does not itself use PSC's MOVEit software that is the subject of this litigation.[1] Rather, F&G has a vendor, PBI, that provides audit and address research services, and PBI, in turn, uses MOVEit to transfer files. On June 20, 2023, PBI informed F&G that certain files containing F&G policyholder information were impacted by the MOVEit incident.[2]

F&G has been named as a defendant in two MOVEit-related cases—*Miller v. F&G*, No. 4:23-cv-00326 in the Southern District of Iowa (filed August 31, 2023), and *Cooper v. Progress*

---

[1] *See* https://www.fglife.com/moveit.
[2] *Id.*

*Software Corp.*, No. 1:23-cv-12067 in the District of Massachusetts (filed September 7, 2023).[3] While *Miller* names only F&G as a defendant, *Cooper* additionally names PSC, PBI, and three other entities that entrusted their information to PBI (Fidelity Investments Institutional Operations Co., Inc., Bank of America Corp., and Corebridge Financial, Inc.). These other entities, like F&G, are all named because certain of their customer information was potentially compromised as a result of PBI's use of the MOVEit software.

## **DISCUSSION**

The related actions should be transferred pursuant to Section 1407 and coordinated through an MDL proceeding. Notwithstanding that PSC is not a named defendant in each and every action, all of the related actions concern the alleged vulnerabilities in PSC's MOVEit software that allowed an unauthorized third-party to gain access to various individuals' data in late May 2023. Contrary to various Plaintiffs' contentions, and those of the Johns Hopkins defendants, that only cases in which PSC is named as a defendant should be included in any MDL, *see, e.g.*, ECF Docs. 140, 171, 240, the vulnerabilities in PSC's software will be at issue in each MOVEit-related action regardless of which defendants are named. Moreover, contrary to various Plaintiffs' contentions that an MDL should not include any defendants besides PSC because these actions are better conceived of as "*hundreds* of independent breaches," *see, e.g.*, ECF Doc. 171, this simply ignores the role of PBI. Only through PBI was the client or customer data of *dozens* of different companies—F&G, Bank of America, Fidelity Investments, Corebridge, TIAA, the Hartford, Genworth, Prudential Insurance, Milliman Solutions, and many, many others among them—affected. *See, e.g.*, ECF Docs. 79, 110, 159, 182, 186, 203, 236.[4] Thus, this litigation is actually

---

[3] *Cooper* already has been noticed as a related action. *See* ECF Doc. 236.
[4] PBI, moreover, is just one such direct user of MOVEit whose use of the software then impacted numerous upstream clients. Entities like IBM are also similarly positioned to PBI.

2

*not* analogous to the software-related breach at issue in *In re Accellion, Inc., Customer Data Security Breach Litig.*, 543 F. Supp. 3d 1372 (J.P.M.L. 2021), on which parties opposing a broader MOVEit-related MDL principally rely. There, unlike here, no named defendant held data of customers of other defendants. But here, given the role of PBI and other similar direct users of MOVEit, this docket is more analogous to *In re American Medical Collection Agency, Inc.*, 410 F. Supp. 3d 1350 (J.P.M.L. 2019) ("*AMCA*"). Just as PBI serves as a hub that held the data of customers for many companies, and PBI's use of MOVEit led to the potential compromise of multiple companies' customer data, the breached entity in *AMCA* (AMCA itself) was a hub that held patient data for many of AMCA's corporate clients and it was AMCA whose allegedly insufficient data security led to the compromise of all those companies' data. Here and in *AMCA*, many of the individuals whose data was potentially compromised then sued the companies to which they provided the data instead of or in addition to the entity that held the data when it was compromised (the *Miller* action against F&G alone fits the former pattern whereas the *Cooper* case against F&G, PBI, and others illustrates the latter). *See id.* ("common factual questions in all actions unquestionably arise from the same recently-disclosed breach of AMCA's systems . . .").

Additionally the scope of MOVEit-related litigation—which involves dozens of defendants in dozens of different district courts, including sometimes overlapping defendants—makes it far more like *AMCA* than *Accellion*. *See Accellion*, 543 F. Supp. 3d at 1373 ("The constituent actions are pending in just three courts before three judges."); *id.* (rejecting centralization "given the small number of involved courts and the preference of most parties to informally coordinate"); *AMCA*, 410 F. Supp. 3d at 1052 & nn.3-4, 1354 (discussing scope); *id.* at 1353 (noting that "a number of complaints are not amenable to separation into [defendant]-specific MDLs" because, as here, "they plead claims against multiple . . . defendants").

3

F&G supports centralization in the District of Massachusetts, where PSC—whose software is the centerpiece of this litigation—is headquartered and where more actions are pending than in any other district. *See, e.g.*, *In re Samsung Customer Data Sec. Breach Litig.*, No. MDL 3055, 2023 WL 1811247, at *2 (J.P.M.L. Feb. 1, 2023) (transferring actions to district where defendant was headquartered and "witnesses and other evidence likely will be found").

## CONCLUSION

For the foregoing reasons, F&G supports transfer and centralization of all MOVEit-related actions in the District of Massachusetts pursuant to 28 U.S.C. § 1407.

Dated: September 21, 2023

Respectfully Submitted,

By: */s/ Jonathan M. Wilan*

Jonathan M. Wilan
jwilan@sidley.com
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, DC 20005
(202) 736-8635

Eamon P. Joyce
ejoyce@sidley.com
SIDLEY AUSTIN LLP
787 Seventh Ave.
New York, NY 10019
(212) 839-5300

Garrett M. Lance
glance@sidley.com
SIDLEY AUSTIN LLP
2021 McKinney Ave.
Dallas, TX 75201
(214) 969-3513
*Admitted to practice only
in Washington, D.C. and
New York. Not admitted
to practice in Texas.

*Counsel for F&G Annuities & Life, Inc.*