# BEFORE THE UNITED STATES JUDICIAL PANEL
# ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION | MDL No. 3083 |

### INTERESTED PARTY DEFENDANT FIDELITY INVESTMENTS INSTITUTIONAL OPERATIONS COMPANY LLC'S RESPONSE OF CONDITIONAL SUPPORT OF MOTION FOR TRANSFER OF RELATED ACTIONS

Pursuant to Rule 6.1(c) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation and the Panel's Minute Order dated August 14, 2023 (ECF No. 158), Interested Party Defendant Fidelity Investments Institutional Operations Company LLC ("FIIOC") (erroneously named as a defendant as Fidelity Investments Institutional Operations Co., Inc.) respectfully submits this response to the Motion for Transfer and Centralization of Related Actions Pursuant to 28 U.S.C. § 1407 for Consolidated Pretrial Proceedings. (*See* ECF No. 1-1.) After the Motion for Transfer was filed, FIIOC and its affiliate FMR LLC (together, "Fidelity") were named as defendants in two cases in the District of Massachusetts, one of which Plaintiff deemed related to this proposed MDL Proceeding. (*See* ECF No. 236 (Notice of Related Action identifying *Cooper v. Progress Software Corp., et al.*, No. 1:23-cv-12067 (D. Mass.), in which FIIOC is named as a defendant).) Fidelity does not oppose the Motion for Transfer on the condition that all related cases that have been or may be filed against Fidelity, including *Hanson v. FMR LLC d/b/a Fidelity Investments*, No. 1:23-cv-12028-FDS (D. Mass.), are also transferred and consolidated into the multidistrict litigation proposed by the Motion for Transfer. If the Panel decides not to transfer one of these cases to the proposed MDL Proceeding, however, Fidelity urges the Panel not to transfer either of them. The judicial efficiencies MDL proceedings

are meant to serve can only be achieved if all of the related cases in which Fidelity is or may be named as a defendant are litigated in the same court, rather than dispersed across jurisdictions.

## BACKGROUND

On July 7, 2023, Plaintiff Bruce Bailey filed a request for transfer and centralization of several lawsuits in the District of Minnesota, pursuant to 28 U.S.C. § 1407. (ECF No 1-1.) Bailey argues that transfer and centralization are appropriate because "[a]ll of the cases assert similar claims arising from a common nucleus of operative facts," namely that "a recent hack and exfiltration of sensitive personal information from the MOVEit file transfer application, owned by PSC [and] controlled, for the purposes of these actions by PBI, by the Russian ransomware group CL0P led to a breach of data." (*Id.* at 2.) Since that time, dozens of complaints have been identified as related by counsel supporting the proposed MDL Proceeding.

Between August 31, 2023, and September 7, 2023, two actions were filed against Fidelity in the District of Massachusetts, both asserting claims against Fidelity on behalf of individuals whose data was allegedly compromised in the MOVEit data breach:

- *Hanson v. FMR LLC d/b/a Fidelity Investments*, No. 1:23-cv-12028-FDS (D. Mass. Aug. 31, 2023); and

- *Cooper v. Progress Software Corporation, Pension Benefit Information, LLC d/b/a PBI Research Services, Fidelity Investments Institutional Operations Co. Inc., Bank of America Corp., F&G Annuities & Life, Inc., and Corebridge Financial, Inc.*, No. 1:23-cv-12067-NMG (D. Mass. Sept. 7, 2023).

Plaintiffs in both *Hanson* and *Cooper* allege that they provided personal information to Fidelity, which engaged Pension Benefit Information, LLC d/b/a PBI Research Services ("PBI") to perform audit and address research services for Fidelity. PBI allegedly used the MOVEit file

transfer software, provided by Progress Software Corporation ("PSC"), to transfer information concerning Plaintiffs. (*See, e.g.*, *Hanson*, ECF No. 1, ¶¶ 1-2, 21-22; *Cooper*, ECF No. 1, ¶¶ 1, 4-5, 9, 13.) According to both Complaints, Plaintiffs' information was exposed due to a vulnerability in the MOVEit software, which a Russian ransomware group called CL0P allegedly exploited. (*See, e.g.*, *Hanson*, ECF No. 1, ¶¶ 1, 22, 46-50; *Cooper*, ECF No. 1, ¶¶ 15, 67.)

On September 11, 2023, Plaintiffs Subrena Tenner, Robert Anastasio, Randy Kiyabu, and Kim Siflinger filed a notice of related action on this docket, identifying *Cooper* for consolidation with the Proposed MDL. (ECF No. 236.) On September 21, 2023, Fidelity filed a notice conditionally relating *Hanson* to the Proposed MDL. (ECF No. 283.)

**ARGUMENT**

Because Plaintiffs' allegations against Fidelity in *Hanson* and *Cooper* are substantially similar to each other, the cases should be treated consistently with respect to the proposed MDL Proceeding. In each case, Plaintiffs' claims arise out of a common occurrence—CL0P's alleged exploitation of an alleged vulnerability in the MOVEit software—and thus raise similar factual questions. The only material difference between the complaints in *Hanson* and *Cooper* is that the *Hanson* complaint does not name PBI and PSC as defendants. Nevertheless, as in the *Cooper* complaint, PBI's and PSC's roles are directly at issue in *Hanson*:

| *Cooper* Allegations | *Hanson* Allegations |
|---|---|
| "Upon information and belief, Fidelity, Bank of America, F&G, and Corebridge negligently chose to utilize PBI to store and transfer Plaintiff's and Class Members' PII despite the fact that PBI utilized PSC's MOVEit software which contained security vulnerabilities." (*Cooper*, ECF No. 1 ¶ 13.) | "Upon information and belief, FMR directly or indirectly used Progress Software Corporation ("PSC") for information technology management and software services, including PSC's file transfer software, MOVEit … [which] was hacked by Clop crime group, resulting in the Breach and the exfiltration of customer PII …." (*Hanson*, ECF No. 1 ¶¶ 21-22.) |

3

| | |
|---|---|
| "On May 31, 2023, PSC reported a vulnerability in MOVEit Transfer and MOVEit Cloud (CVE-2023-34362) that could lead to escalated privileges and potential unauthorized access to the environment. Progress purportedly launched an investigation, alerted MOVEit customers of the issue and provided mitigation steps. PSC applied additional patches on June 9 and June 16 to purportedly address other vulnerabilities that were discovered." (*Id.* ¶¶ 64-65.) | "Upon information and belief, the Notice of Data Breach was drafted and publicized under the direction of PSC, PBI, and FMR." (*Id.* ¶ 47.) |

The fact that PBI and PSC are not named as defendants in *Hanson* thus should not preclude those cases from being treated alike for purposes of this proposed MDL Proceeding. *See* ECF No. 86, at 5 (citing *In re FTX Cryptocurrency Exch. Collapse Litig.*, No. MDL 3076, 2023 WL 3829242, at *2 (J.P.M.L.)) (arguing that "transfer under Section 1407 and centralization does not require a complete identity of common factual issues or parties as a prerequisite to transfer").

For that reason, Fidelity does not oppose the transfer of both *Hanson* and *Cooper* to the Proposed MDL.[1]

Absent consolidation of both matters, however, transferring only *Cooper* but not *Hanson* to a proposed MDL Proceeding would force Fidelity to separately litigate near-identical claims simultaneously in two different forums, engage in duplicative discovery and motion practice, and face potentially conflicting rulings on, among other things, motions to dismiss and class

---

[1] If the Panel decides to transfer and consolidate the potentially related actions, Fidelity agrees that the District of Massachusetts is the appropriate transferee forum, for the reasons noted in PBI's Response (*see* ECF No. 86 at 6-8) and in the response of several Plaintiffs, including Plaintiff Frank Cooper (*see* ECF No. 252 at 15-18).

4

certification. Fidelity would suffer significant prejudice if required to defend *Cooper* as part of the Proposed MDL, while simultaneously defending *Hanson* on a separate track in the District of Massachusetts. *See In re Daily Fantasy Sports Mktg. & Sales Practices Litig.*, 158 F. Supp. 3d 1375, 1380 (J.P.M.L. 2016) (recognizing the purposes of multidistrict litigation are to "eliminate duplicative discovery, prevent inconsistent pretrial rulings, particularly with respect to class certification, and conserve the resources of the parties, their counsel, and the judiciary.") Thus, if the Panel determines that the transfer of *Hanson* is inappropriate, then Fidelity opposes the consolidation of *Cooper* in the Proposed MDL, and both actions should remain in the District of Massachusetts.

# CONCLUSION

Fidelity does not oppose the Motion, on the condition that *Hanson* and any other related case that may be filed against Fidelity are also transferred and consolidated into the Proposed MDL.

Dated: New York, New York
September 21, 2023

Respectfully submitted,

By: */s/ Mark David McPherson*
Mark David McPherson
MORRISON FOERSTER LLP
250 West 55th Street
New York, NY 10019
Telephone: 212-468-8000
Facsimile: 212-468-7900
Email: mmcpherson@mofo.com

Nathaniel R. Mendell
MORRISON FOERSTER LLP
200 Clarendon Street
Boston, MA 02116
Telephone: 617-648-4700
Facsimile: 617-830-0142
Email: nmendell@mofo.com

*Attorneys for Interested Party Defendant Fidelity Investments Institutional Operations Company LLC*