Electronically Filed
8/18/2023 3:15 PM
Steven D. Grierson
CLERK OF THE COURT

Michael Kind, Esq.
Nevada Bar No. 13903
**KIND LAW**
8860 South Maryland Parkway, Suite 106
Las Vegas, NV 89123
Phone: (702 337-2322
FAX: (702) 329-5881
Email: mk@kindlaw.com
*Attorney for Plaintiff Terri Campbell and on behalf of all others similarly situated*

CASE NO: A-23-876242-C
Department 31

**EIGHTH JUDICIAL DISTRICT COURT**

**CLARK COUNTY, NEVADA**

Terri Campbell, individually and on behalf of all others similarly situated,

Plaintiff,

-v.-

Pension Benefit Information, LLC, and DOES 1 through 20, inclusive,

Defendant.

Case No.:

**CLASS ACTION Complaint for Damages Based on: (1) Negligence; (2) Invasion of Privacy; (3) Breach of Contract; and (4) Breach of Implied Contract**

**Jury Trial Demanded**

**Introduction**

1. Defendant Pension Benefit Information, LLC ("Defendant") failed to safeguard the confidential personal identifying information of Plaintiff Terri Campbell ("Plaintiff") and others ("Class Members" or collectively as the "Class"). This class action is brought on behalf of Class Members whose personally identifiable information ("PII" or "Private Information") was stolen by cybercriminals in a cyber-attack that accessed sensitive private information through Defendant's files.

2. Between May 29, 2023, and May 30, 2023, Plaintiff's valuable PII was accessed on Defendant's servers due to unauthorized access from cybercriminals.

3. Defendant became aware of this breach on or about May 31, 2023, but waited until August 14, 2023, to inform Plaintiff and the Class that their PII had been compromised.

4. Plaintiff and Class Members were not notified of the data breach until August 2023, more than two months after their information was first accessed.

5. The cybercriminals accessed insufficiently protected information belonging to Plaintiff and the Class Members. Upon information and belief, as a result of Defendant's failure to properly secure Plaintiff's and the Class Members' personal information, the cybercriminals obtained extensive personal information including names, social security numbers, dates of birth, current and previous addresses, and proof of current addresses, such as current utility bills, collectively known as personally identifiable information ("PII" or "Private Information").

6. Plaintiff's and Class Members' sensitive personal information, which was entrusted to Defendant, its officials and agents, was compromised, unlawfully accessed, and stolen due to the Data breach.

7. As a result of Defendant's actions and/or inaction, Plaintiff and the Class Members were harmed and must now take remedial steps to protect themselves from future loss. Indeed, Plaintiff and all of the Class Members are currently at a very high risk of misuse of their Private Information in the coming months and years, including but not limited to unauthorized credit card charges, unauthorized access to email accounts, identity theft, and other fraudulent use of their financial accounts.

8. Defendant's wrongful actions and/or inaction constitute common law negligence, invasion of privacy by the public disclosure of private facts, breach of contract, and breach of implied contract.

9. Plaintiff brings this class action lawsuit on behalf of those similarly situated to address Defendant's inadequate safeguarding of Class Members' Private Information that they

collected and maintained, and for failing to provide timely and adequate notice to Plaintiff and other Class Members that their information had been subject to the unauthorized access of an unknown third party.

10. Plaintiff, on behalf of himself and the Class seeks (i) actual damages, economic damages, emotional distress damages, statutory damages and/or nominal damages, (ii) exemplary damages, (iii) injunctive relief, and (iv) fees and costs of litigation.

**Jurisdiction and Venue**

11. This Court has jurisdiction to hear this case.

12. Plaintiff is a resident of Clark County, Nevada.

13. Defendant is a Delaware company that offers services to Nevada residents.

14. Therefore, the Eighth Judicial District Court, Clark County, Nevada has personal jurisdiction over both Plaintiff and Defendant and subject matter jurisdiction pursuant to Article 6, Section 6 of the Nevada Constitution and NRS 4.370.

**Parties**

15. Plaintiff is a natural person residing in Clark County, Nevada.

16. Plaintiff's information was stored on Defendant's servers.

17. Defendant is in the business of providing pension management services.

**Factual Allegations**

18. Identity theft, which costs Americans billions of dollars a year, occurs when an individual's personal identifying information is used without his or her permission to commit fraud or other crimes. Victims of identity theft typically lose hundreds of hours dealing with the crime, and they typically lose hundreds of dollars.

19. According to the Federal Trade Commission ("FTC"):

> Identity theft is serious. While some identity theft victims can resolve their problems quickly, others spend hundreds of dollars and many days repairing damage to their good name and credit record. Some consumers victimized by identity theft may lose out on job opportunities, or be denied loans for education, housing or cars because of negative information on their credit

reports. In rare cases, they may even be arrested for crimes they did not commit.

20. The United States Government Accountability Office ("GAO") has stated that identity thieves can use identifying data to open financial accounts and incur charges and credit in a person's name. As the GAO has stated, this type of identity theft is the most damaging because it may take some time for the victim to become aware of the theft and can cause significant harm to the victim's credit rating. Like the FTC, the GAO explained that victims of identity theft face "substantial costs and inconvenience repairing damage to their credit records" as well the damage to their "good name."

21. Industry Standards highlight several basic cybersecurity safeguards that can be implemented to improve cyber resilience that require a relatively small financial investment yet can have a major impact on an organization's cybersecurity posture including: (a) the proper encryption of Private Information; (b) educating and training employees on how to protect Private Information; and (c) correcting the configuration of software and network devices.

22. Identity theft crimes often encompass more than just immediate financial loss. Identity thieves often hold onto stolen personal and financial information for several years before using and/or selling the information to other identity thieves.

23. Accordingly, federal and state legislatures have passed laws to ensure companies protect the security of sensitive personally identifying confidential information, such as that wrongfully disclosed by Defendant.

24. The FTC has issued a publication entitled "Protecting Personal Information: A Guide for Business" ("FTC Report"). The FTC Report provides guidelines for businesses on how to develop a "sound data security plan" to protect against crimes of identity theft. To protect the personal sensitive information in their files, the FTC Report instructs businesses to follow, among other things, the following guidelines:

a. Know what personal information you have in your files and on your computers;

b. Keep only what you need for your business;

c. Protect the information that you keep;

d. Properly dispose of what you no longer need;

e. Control access to sensitive information by requiring that employees use "strong" passwords; tech security experts believe the longer the password, the better; and

f. Implement information disposal practices reasonable and appropriate to prevent an unauthorized access to personally identifying information.

25. The FTC Report also instructs companies that outsource any business functions to proactively investigate the data security practices of the outsourced company and examine their standards.

26. The Federal Trade Commission ("FTC") has concluded that a company's failure to maintain reasonable and appropriate data security for consumers' sensitive personal information is an "unfair practice" in violation of the FTC Act. See, e.g., *FTC v. Wyndham Worldwide Corp*., 799 F.3d 236 (3d Cir. 2015).

27. Upon information and belief, Defendant has policies and procedures in place regarding the safeguarding of confidential information they are entrusted with, and Defendant failed to comply with those policies. Defendant also negligently failed to comply with industry standards or even implement rudimentary security practices, resulting in Plaintiff's and the Class Members' confidential information being substantially less safe than had this information been entrusted with other similar companies.

28. On or around August 2023, Plaintiff and Class Members received letters from Defendant notifying them that Defendant learned of suspicious activity that allowed one or more cybercriminals to access their systems containing Plaintiff's and the Class Members' Personally Identifiable Information.

29. The criminals were able to access Plaintiff's and the Class Members' personal information because Defendant failed to take reasonable measures to protect the Personally Identifiable Information they collected and stored. Among other things, Defendant failed to implement

data security measures designed to prevent this attack, despite repeated industry wide warnings about the risk of cyberattacks and the highly publicized occurrence of many similar attacks in the recent past.

30. Defendant's notice of Data breach was not just untimely but woefully deficient, failing to provide basic details, including but not limited to, how unauthorized parties accessed their accounts, whether the breach occurred system-wide, whether servers storing information were accessed, and how many individuals were affected by the Data breach.

31. As a result of Defendant's failure to properly secure Plaintiff's and the Class Members' personal identifying information, Plaintiff's and the Class Members' privacy has been invaded.

32. Moreover, all of this personal information is likely for sale to criminals on the dark web, meaning that unauthorized parties have accessed and viewed Plaintiff's and the Class Members' unencrypted, non-redacted information, including names, social security numbers, dates of birth, current and previous addresses, and proof of current addresses, such as utility bills, and more.

33. Armed with the Private Information accessed in the cyber-attack, data thieves can commit a variety of crimes including, e.g., opening new financial accounts in Class Members' names, taking out loans in Class Members' names, using Class Members' health information to target other phishing and hacking intrusions based on their individual health needs, using Class Members' information to obtain government benefits, filing fraudulent tax returns using Class Members' information, obtaining driver's licenses in Class Members' names but with another person's photograph, and giving false information to police during an arrest.

34. Given all of the information obtained, the criminals would also be able to create numerous fake accounts or phishing scams, as part of their identity theft operation.

35. As a direct and proximate result of Defendant's wrongful disclosure, criminals now have Plaintiff's and the Class Members' personal identifying information. Additionally, the

disclosure makes Plaintiff and Class Members much more likely to respond to requests from Defendant or law enforcement agencies for more personal information, such as bank account numbers, login information or even Social Security numbers. Because criminals know this and are capable of posing as Defendant or law enforcement agencies, consumers like Plaintiff and fellow Class Members are more likely to unknowingly give away their sensitive personal information to other criminals.

36. Defendant's wrongful actions and inactions here directly and proximately caused the public disclosure of Plaintiff's and Class Members' personal identifying information without their knowledge, authorization and/or consent. As a further direct and proximate result of Defendant's wrongful actions and/or inaction, Plaintiff and Class Members have suffered, and will continue to suffer, damages including, without limitation, expenses for credit monitoring and identity theft insurance, out-of-pocket expenses, anxiety, emotional distress, loss of privacy, and other economic and non-economic harm.

37. As a further result of the data breach, Plaintiff and Class Members have been exposed to a substantial and present risk of fraud and identity theft. Plaintiff and Class Members must now and in the future closely monitor their financial accounts to guard against identity theft.

38. Names and dates of birth, combined with contact information like telephone numbers and email addresses, are very valuable to hackers and identity thieves as it allows them to access users' other accounts. Thus, even if some information was not involved in the Data breach, the unauthorized parties could use Plaintiff's and Class Members' Private Information to access other information, including, but not limited to email accounts, government services accounts, e-commerce accounts, payment card information, and financial accounts, to engage in the fraudulent activity identified by Plaintiff.

39. As a direct and proximate result of the data breach, Plaintiff and Class Members have suffered and will continue to suffer damages and economic losses in the form of: the loss of time needed to take appropriate measures to avoid unauthorized and fraudulent charges; change their usernames and passwords on their accounts; investigate, correct and resolve

unauthorized debits, charges, and fees charged against their accounts; and deal with spam messages and e-mails received as a result of the data breach. Plaintiffs and Class Members have likewise suffered and will continue to suffer an invasion of their property interest in their own Private Information such that they are entitled to damages for unauthorized access to and misuse of their Private Information from Defendant. Plaintiffs and Class Members presently and will continue to suffer from damages associated with the unauthorized use and misuse of their Private Information as thieves will continue to use the stolen information to obtain money and credit in their name for several years.

40. Defendant was at all times fully aware of its obligations to protect the Private Information of Plaintiff and Class Members. Plaintiff and Class Members would not have entrusted their Private Information to Defendant had they known that Defendant would fail to maintain adequate data security. Defendant was also aware of the significant repercussions that would result from their failure to do so.

41. While this matter has only recently been discovered, Plaintiff believes that through discovery additional information will be obtained including what additional information may have been compromised by Defendant's actions and inactions, what actions Defendant took or did not take to secure data, and other information regarding the data breach.

42. Accordingly, Plaintiff on behalf of himself and the Class, brings this action against Defendant seeking redress for their unlawful conduct.

**Class Action Allegations**

43. Pursuant to Nevada Rule of Civil Procedure 23 Plaintiff brings this class action on behalf of himself and the following Class of similarly situated individuals:

> All persons whose sensitive personal information, including, but not limited to, names, contact and demographic information, dates of birth, social security numbers, and financial account numbers, was obtained by an unauthorized individual or individuals from Defendant during the May 29, 2023, through May 30, 2023, data breach.

44. The Class specifically excludes Defendant and their officers, directors, and/or agents, the Court, and Court personnel.

45. The putative Class is comprised of thousands of persons, making joinder impracticable. The joinder of the Class Members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendant's records or Defendant's agents' records.

46. The rights of each Class Member were violated in an identical manner as a result of Defendant's willful, reckless and/or negligent actions and/or inaction.

47. The questions of law and fact common to all Class Members, and which predominate over any questions affecting only individual Class Members, are as follows:

a. Whether Defendant negligently failed to maintain and execute reasonable procedures designed to prevent unauthorized access to Plaintiff's and Class Members' personal identifying information;

b. Whether Defendant was negligent in storing and failing to adequately safeguard Plaintiff's and Class Members' personal identifying information;

c. Whether Defendant owed a duty to Plaintiff and Class Members to exercise reasonable care in protecting and securing their personal identifying information;

d. Whether Defendant breached its duties to exercise reasonable care in failing to protect and secure Plaintiff's and Class Members' personal identifying information;

e. Whether by disclosing Plaintiff's and Class Members' personal identifying information without authorization, Defendant invaded Plaintiff's and Class Members' privacy;

f. Whether Defendant created an implied contract with Plaintiff and Class Members to keep their personal identifying information confidential; and

g. Whether Plaintiff and Class Members sustained damages as a result of Defendant's failure to secure and protect their personal identifying information.

48. Plaintiff and his counsel will fairly and adequately represent the interests of Class Members. Plaintiff has no interests antagonistic to, or in conflict with, Class Members' interests.

Plaintiff's attorneys are highly experienced in the prosecution of consumer class action, complex litigation and privacy breach cases.

49. Plaintiff's claims are typical of Class Members' claims in that Plaintiff's claims and Class Members' claims all arise from Defendant's wrongful disclosure of their personal identifying information and from Defendant's failure to properly secure and protect the same.

50. A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation. Absent a class action, most class members would likely find that the cost of litigating their individual claim is prohibitively high and would therefore have no effective remedy. Defendant would retain the benefits of their wrongdoing despite its serious violations of the law.

51. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members, which would establish incompatible standards of conduct for Defendant. In contrast, the adjudication of this action as a class action presents far fewer management difficulties, conserves judicial resources and the parties' resources, and protects the rights of each class member.

52. Defendant has acted or failed to act on grounds that apply generally to the Class as a whole, so that class certification, injunctive relief, and corresponding declaratory relief are appropriate on a class-wide basis.

53. Class certification, therefore, is appropriate pursuant to Rule 23 because the above common questions of law or fact predominate over any questions affecting individual Class Members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

**First Cause of Action**
**Negligence**

54. Plaintiff repeats, re-alleges, and incorporates by reference all above paragraphs.

55. Upon Defendant's accepting and storing the Private Information of Plaintiff and the Class in its computer systems and on its networks, Defendant undertook and owed a duty to Plaintiff and the Class to exercise reasonable care to secure and safeguard that information and to use commercially reasonable methods to do so. Defendant knew that the Private Information was private and confidential and should be protected as private and confidential.

56. Defendant owed a duty of care not to subject Plaintiff's and the Class Members' Private Information to an unreasonable risk of exposure and theft because Plaintiff and the Class were foreseeable and probable victims of any inadequate security practices.

57. It was reasonably foreseeable that Defendant's failure to exercise reasonable care in safeguarding and protecting Plaintiff's and Class Members' personal identifying information would result in an unauthorized third-party gaining access to such information for no lawful purpose, and that such third parties would use Plaintiff's and Class Members' personal identifying information for malevolent and unlawful purposes, including the commission of direct theft and identity theft.

58. Defendant knew, or should have known, of the risks inherent in collecting, storing, and sharing Private Information amongst themselves and the importance of adequate security. Defendant knew of should have known about numerous well-publicized data breaches within the industry.

59. Plaintiff and the Class Members were (and continue to be) damaged as a direct and proximate result of Defendant's failure to secure and protect their personal identifying information as a result of, *inter alia*, direct theft, identity theft, expenses for credit monitoring and identity theft herein, insurance incurred in mitigation, out-of-pocket

expenses, anxiety, emotional distress, loss of privacy, and other economic and non-economic harm, for which they suffered loss and are entitled to compensation.

60. Defendant's wrongful actions and/or inaction (as described above) constituted (and continue to constitute) negligence at common law.

**Second Cause of Action**
**Invasion of Privacy by Public**
**Disclosure of Private Facts and Intrusion Upon Seclusion**

61. Plaintiff repeats, re-alleges, and incorporates by reference all above paragraphs.

62. Plaintiff's and Class Members' personal identifying information is and always has been private information.

63. Dissemination of Plaintiff's and Class Members' private information is not of a legitimate public concern; publication to third parties of their personal identifying information would be, is and will continue to be, offensive to Plaintiff, Class Members, and other reasonable people.

64. Plaintiff and the Class Members were (and continue to be) damaged as a direct and proximate result of Defendant's invasion of their privacy by publicly disclosing their private facts including, *inter alia*, direct theft, identity theft, expenses for credit monitoring and identity theft insurance, out-of-pocket expenses, anxiety, emotional distress, loss of privacy, and other economic and non-economic harm, for which they are entitled to compensation.

65. Defendant's wrongful actions and/or inaction (as described above) constituted (and continue to constitute) an invasion of Plaintiff's and Class Members' privacy by publicly disclosing their private facts (*i.e.*, their personal identifying information).

**Third Cause of Action**
**Breach of Contract**

66. Plaintiff fully incorporates by reference all of the above paragraphs, as though fully set forth herein.

67. Plaintiff and other Class Members entered into valid and enforceable express contracts with Defendant under which Plaintiff and other Class Members agreed to provide their Private

Information to Defendant, and Defendant impliedly, if not explicitly, agreed to protect Plaintiff's and Class Members' Private Information.

68. To the extent Defendant's obligation to protect Plaintiff's and other Class Members' Private Information was not explicit in those express contracts, the express contracts included implied terms requiring Defendant to implement data security adequate to safeguard and protect the confidentiality of Plaintiff's and other Class Members' Private Information, including in accordance with FCC regulations; federal, state and local laws; and industry standards. Neither Plaintiff nor any Class member would have entered into these contracts with Defendant without the understanding that Plaintiff's and other Class Members' Private Information would be safeguarded and protected; stated otherwise, data security was an essential implied term of the parties' express contracts.

69. A meeting of the minds occurred, as Plaintiff and Class Members agreed, among other things, to provide their Private Information in exchange for Defendant's agreement to protect the confidentiality of that Private Information.

70. The protection of Plaintiff's and Class Members' Private Information was a material aspect of Plaintiff's and Class Members' contracts with Defendant.

71. Defendant's promises and representations described above relating to FCC regulations and industry practices, and Defendant's purported concern about its clients' privacy rights became terms of Plaintiff's and Class Members' contracts with Defendant. Defendant breached these promises by failing to comply with FCC regulations and reasonable industry practices.

72. Plaintiff and Class Members read, reviewed, and/or relied on statements made by or provided by Defendant and/or otherwise understood that Defendant would protect their Private Information if that information was provided to Defendant.

73. Plaintiff and Class Members fully performed their obligations under the implied contract with Defendant; however, Defendant did not.

74. As a result of Defendant's breach of these terms, Plaintiff and Class Members have suffered a variety of damages including but not limited to: the lost value of their privacy; not getting the benefit of their bargain with Defendant; the lost difference in the value between the secure services Defendant promised and the insecure services received; the value of the lost time and effort required to mitigate the actual and potential impact of the data breach on their lives, including, *inter alia*, the requirement to place "freezes" and "alerts" with credit reporting agencies, to contact financial institutions, to close or modify accounts, to closely review and monitor credit reports and various accounts for unauthorized activity, and to file police reports. Additionally, Plaintiff and Class Members have been put at an increased risk of future identity theft, fraud, and/or misuse of their Private Information, which may take years to manifest, discover, and detect.

75. Plaintiff and Class Members are therefore entitled to damages, including restitution and unjust enrichment, disgorgement, declaratory and injunctive relief, and fees and costs of litigation.

**Fourth Cause of Action**
**Breach of Implied Contract**

76. Plaintiff repeats, re-alleges, and incorporates by reference all above paragraphs.

77. "Where the terms of a contract are literally complied with but one party to the contract deliberately contravenes the intention and spirit of the contract, that party can incur liability for breach of the implied covenant of good faith and fair dealing." *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 107 Nev. 226, 232 (1991).

78. Among other things, Plaintiff and Class Members were required to disclose their personal identifying information to Defendant in order to do business with it, as well as implied contracts for the Defendant to implement data security adequate to safeguard and protect the privacy of Plaintiff's and Class Members' Private Information.

79. When Plaintiff and Class Members provided their Private Information to Defendant in exchange for Defendant's goods and/or services, they entered into implied contracts with Defendant pursuant to which Defendant agreed to reasonably protect such information.

80. In entering into such implied contracts, Plaintiff and Class Members reasonably believed and expected that Defendant's data security practices complied with relevant laws and regulations and were consistent with industry standards.

81. Under implied contracts, Defendant and/or its affiliated providers promised and was obligated to protect Plaintiff's and Class Members' Private Information. In exchange, Plaintiff and Members of the Class agreed to turn over their Private Information.

82. The implied contracts that include the contractual obligations to maintain the privacy of Plaintiff's and Class Members' Private Information, are also acknowledged, memorialized, and embodied in multiple documents, including (among other documents) Defendant's Data breach notification notice and Defendant's notices of privacy practices.

83. Defendant's express representations, including, but not limited to the express representations found in their notices of privacy practices, memorialize and embody the implied contractual obligations requiring Defendant to implement data security adequate to safeguard and protect the privacy of Plaintiff's and Class Members' Private Information.

84. Plaintiff and Class Members performed their obligations under the contract when they provided their Private Information in consideration for Defendant's employment services.

85. Defendant materially breached its contractual obligations to protect the private information Defendant gathered when the information was accessed and exfiltrated during the data breach.

86. Defendant materially breached the terms of the implied contracts, including, but not limited to, the terms stated in the relevant notices of privacy practices. Defendant did not maintain the privacy of Plaintiff's and Class Members' Private Information as evidenced by its notification of the data breach to Plaintiff and Class Members. Specifically, on information and belief, Defendant did not comply with industry standards, standards of conduct

embodied in statutes like Section 5 of the FTCA, or otherwise protect Plaintiff's and Class Members' private information as set forth above.

87. The data breach was a reasonably foreseeable consequence of Defendant's actions in breach of these contracts.

88. As a result of Defendant's failure to fulfill the data security protections promised in these contracts, Plaintiff and Class Members did not receive full benefit of the bargain they entered into, and instead received services that were of a diminished value to that described in the contracts. Plaintiff and Class Members, therefore, were damaged in an amount at least equal to the difference in the value between the secure services Defendant promised and the insecure services received.

89. Had Defendant disclosed that its security was inadequate or that it did not adhere to industry-standard security measures, neither Plaintiff, Class Members, nor any reasonable person would have entered into the aforementioned contracts with Defendant.

90. As a direct and proximate result of the data breach, Plaintiff and Class Members have been harmed and suffered, and will continue to suffer, actual damages and injuries, including without limitation the release and disclosure of their Private Information, the loss of control of their Private Information, the imminent risk of suffering additional damages in the future, out of pocket expenses, and the loss of the benefit of the bargain they had struck with Defendant.

**Prayer for Relief**

91. Wherefore, Plaintiff, individually and on behalf of the other members of the Class proposed in this complaint, respectfully requests that the Court enter judgement in favor of Plaintiff and the Class against Defendant, as follows:

- Certifying this action as a class action, with a class as defined above;
- For equitable relief enjoining Defendant from engaging in the wrongful acts and omissions complained of herein pertaining to the misuse and/or disclosure of Plaintiff's and Class Members' Private Information, and

from failing to issue prompt, complete and accurate disclosures to Plaintiff and Class Members;

- Awarding compensatory damages to redress the harm caused to Plaintiff and Class Members in the form of, *inter alia*, direct theft, identity theft, expenses for credit monitoring and identity theft insurance, out-of-pocket expenses, anxiety, emotional distress, loss of privacy, and other economic and non-economic harm. Plaintiff and Class Members also are entitled to recover statutory damages and/or nominal damages. Plaintiff's and Class Members' damages were foreseeable by Defendant and exceed the minimum jurisdictional limits of this Court.
- Ordering injunctive relief including, without limitation, (i) adequate credit monitoring, (ii) adequate identity theft insurance, (iii) instituting security protocols in compliance with the appropriate standards and (iv) requiring Defendant to submit to periodic compliance audits by a third party regarding the security of personal identifying information in its possession, custody and control.
- Awarding Plaintiff and the Class Members interest, costs and attorneys' fees; and
- Awarding Plaintiff and the Class such other and further relief as this Court deems just and proper.

///

///

///

**Trial by Jury**

92. Pursuant to the seventh amendment to the Constitution of the United States of America and the Constitution of the State of Nevada, Plaintiff is entitled to, and demands, a trial by jury.

DATED this 18th day of August 2023.

Respectfully submitted,

**Kind Law**

/s/ Michael Kind
Michael Kind, Esq.
8860 South Maryland Parkway, Suite 106
Las Vegas, Nevada 89123
*Attorney for Plaintiff and on behalf of all others similarly situated*

Query Reports Utilities Help Log Out

## United States District Court
## District of Nevada (Las Vegas)
## CIVIL DOCKET FOR CASE #: 2:23-cv-01545-CDS-EJY

Campbell v. Pension Benefit Information, LLC
Assigned to: Judge Cristina D. Silva
Referred to: Magistrate Judge Elayna J. Youchah
Case in other court: Eighth Judicial District Court, Clark County, Neva, A-23-876242-C
Cause: 28:1332 Diversity-(Citizenship)

Date Filed: 09/28/2023
Jury Demand: Plaintiff
Nature of Suit: 360 P.I.: Other
Jurisdiction: Diversity

**Plaintiff**

**Terri Campbell**

represented by **Michael Kind**
Kind Law
8860 S. Maryland Parkway
Suite 106
Las Vegas, NV 89123
(702) 337-2322
Fax: (702) 329-5881
Email: mk@kindlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Pension Benefit Information, LLC**

represented by **Joseph P Garin**
Lipson Neilson P.C.
9900 Covington Cross Drive
Suite 120
Las Vegas, NV 89144
702-382-1500
Fax: 702-382-1512
Email: NVECF@lipsonneilson.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 09/28/2023 | 1 | PETITION FOR REMOVAL from Eighth Judicial District, Clark County, Nevada, Case Number A-23-876242-C, (Filing fee $ 402 receipt number ANVDC-7443042) by Pension Benefit Information, LLC. Certificate of Interested Parties due by 10/8/2023. (Attachments: # 1 Civil Cover Sheet Civil Cover Sheet, # 2 Exhibit A) (Garin, Joseph)<br><br>NOTICE of Certificate of Interested Parties requirement: Under Local Rule 7.1-1, a party must immediately file its disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court. (Entered: 09/28/2023) |
| 09/29/2023 | | Case randomly assigned to Judge Cristina D. Silva and Magistrate Judge Elayna J. Youchah. (CT) (Entered: 09/29/2023) |
| 09/29/2023 | 2 | MINUTE ORDER IN CHAMBERS of the Honorable Judge Cristina D. Silva on 9/29/2023. By Deputy Clerk: C. Torres. Statement regarding removed action is due by 10/14/2023. Joint Status Report regarding removed action is due by 10/29/2023. (Copies have been distributed pursuant to the NEF - CT) (Entered: 09/29/2023) |

| PACER Service Center |
|---|
| Transaction Receipt |
| 10/02/2023 10:08:28 |

| PACER Login: | Mullen1001 | Client Code: | |
|---|---|---|---|
| Description: | Docket Report | Search Criteria: | 2:23-cv-01545-CDS-EJY |
| Billable Pages: | 1 | Cost: | 0.10 |