**UNITED STATES JUDICIAL PANEL**
**ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| *IN RE MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION* | JPML Docket No. 3083 |

## MOTION TO REINSTATE CONDITIONAL TRANSFER ORDER

Defendant Sovos Compliance, LLC ("Sovos") respectfully moves the Judicial Panel on Multidistrict Litigation ("JPML" or "Panel") to reinstate Conditional Transfer Order ("CTO") No. 15, which ordered the transfer of *Gorman v. Progress Software Corp, Sovos Compliance, LLC, and Midland States Bank*, No. 3:23-cv-50397 (N.D. Ill.) on November 16, 2023. Sovos moves for reinstatement of CTO-15 because Sovos did not receive service of process (or otherwise have notice) of either the November 3, 2023 Notice of Potential Tag-Along Action ("Notice") filed by Progress Software Corp. ("Progress")[1] or of the November 8, 2023 CTO-15[2] itself.

The JPML Rules make clear that all parties to a litigation are to receive service of process of both a Notice of Potential Tag-Along Action and a Conditional Transfer Order.[3] Properly effectuated service of process is Constitutionally required due process, as it ensures litigants are afforded the opportunity to oppose the Conditional Transfer Order. *See Murphy Brothers, Inc. v. Michetti Pipe Stringing*, 526 U.S. 344, 350 (1999) (Ginsberg, J.) ("Service of process, under

---

[1] Attached hereto as Exhibit A to the Declaration of Justin Pentz ("Pentz Decl.").

[2] Attached hereto as Exhibit B to the Pentz Decl.

[3] JPML Rule 4.1 requires service of all pleadings and requires service upon a party's last known address if that party is not represented by counsel (or, presumably, counsel is not known to the serving party). JPML Rule 6.1(b)(iii) similarly requires proof of service be attached to all conditional transfer orders. JPML Rule 7.1(b) requires the "Clerk of the Panel to serve [a CTO] on each party to the litigation[.]"

longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant.").

Sovos did not receive service—much less Constitutionally adequate service—of either the Notice or CTO-15. Pentz Decl. ¶¶ 7-9. According to the Proof of Service filed by Progress with its Notice[4], Progress purports to have served the Notice upon Sovos via the United States Postal Service at 5501 S. Broadband Lane, Sioux Falls, South Dakota 57108. Sovos is not and has never been associated with this address. *Id*. ¶ 4. Indeed, Sovos has no physical presence in South Dakota at all. *Id*. at ¶ 5. Sovos's registered agent for service is CT Corporation System, and Sovos's registered agent's address in South Dakota is CT Corporation System, 319 Corporation System, 319 S. Coteau Street, Pierre, SD 57501-3187. *Id*. at ¶ 6. This information is publicly and freely available on the South Dakota Secretary of State's website.[5]

Because Progress used an incorrect address and failed to effectuate service of its Notice upon Sovos, Sovos had no knowledge of the Notice until November 16, 2023, the date CTO-15 was filed in the Northern District of Illinois and the case was transferred to the District of Massachusetts as part of MDL-3083.[6] *Id*. ¶ 9. And, because the Clerk of the Panel sent copies of CTO-15 to the same incorrect address used by Progress, Declaration of Matthew D. LaBrie ¶ 3, Sovos similarly had no knowledge of CTO-15 until November 16, 2023, the day the case was transferred to the District of Massachusetts. Pentz Decl. ¶ 9.

Had Sovos been served as required by the JPML Rules (and the U.S. Constitution), Sovos would have filed the Notice of Opposition to CTO-15 that it has filed simultaneously with this

---

[4] *See* Pentz Decl. at Exh. B.

[5] Attached hereto as Exhibit C to Pentz Decl.

[6] *See Gorman v. Progress Software Corp., et al.*, Case No. 3:23-cv-50397 at ECF 6, 7 (N.D. Ill., Nov. 16, 2023), attached hereto as Exhibit D to the Pentz Decl.

Motion. *Id*. ¶ 10. This Panel has recognized that failure of a party to receive service or notice of a conditional transfer order is grounds to "reinstate the conditional transfer order… to permit [parties with no notice] to pursue their opposition[.]" *Reed v. Volkswagen Grp. of Am., Inc. (In re: Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.)*, No. MDL No. 2672, 2016 U.S. Dist. LEXIS 65486, at *1 (J.P.M.L. May 17, 2016) (granting motion to reinstate, "accept[ing] counsel's assertion that notice [of the conditional transfer order] was not received."); *see Fuller v. Volkswagen Grp. of Am., Inc. (In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prods. Liab. Litig.),* No. MDL No. 2672, 2016 U.S. Dist. LEXIS 25042, at *1 (J.P.M.L. Feb. 18, 2016) (similar). Because Sovos was not served or otherwise provided notice of the Notice or CTO-15, Sovos—like the parties in *Reed* and *Fuller*—has been prejudiced by being denied its right to oppose CTO-15. Therefore, Sovos respectfully moves this Panel to remedy this prejudice by reinstating CTO-15 and accepting Sovos' simultaneously filed Notice of Opposition.

Respectfully Submitted,

Dated:  November 17, 2023

/s/ *Michelle L. Visser*

Michelle L. Visser, CA Bar No. 277509
ORRICK HERRINGTON & SUTCLIFFE LLP
405 Howard Street
San Francisco, CA 94105
T:  415.773.5700
F:  415.773.5759
E: mvisser@orrick.com

*Attorney for Sovos Compliance, LLC*

**UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION**

| | |
|---|---|
| *IN RE MOVEIT CUSTOMER DATA SECURITY BREACH LITIGATION* | JPML Docket No. 3083 |

**CERTIFICATE OF SERVICE**

In compliance with Rule 4.1(a) and (b) of the Rules of Procedure for the United Stated Judicial Panel on Multidistrict Litigation, I hereby certify that copies of the foregoing Motion to Reinstate Conditional Transfer Order, Declaration of Justin Pentz and accompanying exhibits, Declaration of Matthew D. LaBrie, Notice of Opposition to CTO and this Certificate of Service were filed electronically with the Clerk of the Panel using the CM/ECF system on November 17, 2023 and served on all recipients as indicated below:

**Plaintiff Matthew Gorman** *(via USPS, courtesy via email)*
Daniel J. Kurowski
Hagens Berman Sobol Shapiro LLP
455 North Cityfront Plaza Drive Suite 2410
Chicago, IL 60611
T: 708-628-4960
E: dank@hbsslaw.com

**Defendant Progress Software Corporation, Inc.** *(via USPS, courtesy via email)*
Jeffrey Tsai
DLA Piper LLP
444 West Lake Street, Suite 900
Chicago, Illinois 60606

Jeffrey Tsai
DLA Piper LLP
555 Mission Street, Suite 2400
San Francisco, California 94105
T: 415.615.6055
E: jeff.tsai@us.dlapiper.com

**Defendant Midland States Bank**

Cynthia M. Kremer *(via USPS)*
113 W. Jefferson
Effingham, Illinois 62401

Sunaina Ramesh *(via USPS, courtesy via email)*
Clark Hill PLC
130 East Randolph Street, Suite 3900
Chicago, Illinois 60601
T: 312.360.2505
E: sramesh@clarkhill.com

**United States District Court for the District of Massachusetts** *(via USPS)*

Judge Allison D. Burroughs
1 Courthouse Way
Boston, Massachusetts 02210

**United States District Court for the Northern District of Illinois** *(via USPS)*

Dirksen U.S. Courthouse
Judge Iain D. Johnston
219 S. Dearborn Street
Chicago, IL 60604

|  |  |
|---|---|
|  | Respectfully Submitted, |
| Dated:  November 17, 2023 | */s/ Michelle L. Visser* |
|  | Michelle L. Visser, CA Bar No. 277509 |
|  | ORRICK HERRINGTON & SUTCLIFFE LLP |
|  | 405 Howard Street |
|  | San Francisco, CA 94105 |
|  | T:  415.773.5700 |
|  | F:  415.773.5759 |
|  | E: mvisser@orrick.com |
|  |  |
|  | *Attorney for Sovos Compliance, LLC* |